**LOCKE LORD LLP**
Conrad V. Sison (SBN: 217197)
csison@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Telephone:  213-485-1500
Facsimile:    213-485-1200

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING CORPORATION

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARSHALL S. SANDERS and LYDIA O. SANDERS AS TRUSTEE OF THE MARSHALL AND LYDIA SANDERS TRUST DATED APRIL 20, 1990, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20 <br><br> Defendants. | CASE NO. 8:15-cv-00935-AG-AS <br><br> *Hon. Andrew J. Guilford* <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR A TEMPORARY RESTRAINING ORDER** <br><br><br><br><br><br><br><br><br><br> Complaint Filed:  June 11, 2015 |

1

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   STATEMENT OF FACTS .................................................................... 1

    A.   Factual History ........................................................................... 1

    B.   Procedural History ...................................................................... 3

         1.   *Plaintiffs' Chapter 11 Bankruptcy* .................................. 3

         2.   *Plaintiff's Pending State Court Action* ........................... 3

         3.   *The Instant Federal Court Action* ................................. 4

III.  ARGUMENT......................................................................................... 5

    A.   Legal Standard ........................................................................... 5

    B.   The Emergency That Allegedly Justifies a Temporary Restraining Order Is Self-Created. ........................................... 5

    C.   Plaintiffs Fail To Demonstrate That They Are Likely To Succeed On The Merits. ............................................................ 6

         1.   *Plaintiffs' Claim For Rescission Under 15 U.S.C. §1635 is Time Barred.* ........................................................ 6

         2.   *Plaintiffs' Claims For Cancellation of Instruments, Violation of Business and Professions Code §17200, And Violation of Civil Code §2924 Fail As a Matter of Law.* ................. 7

         3.   *Defendants Have Complied With Civil Code §§ 2923.5, 2923.55* .............................................................. 11

    D.   Plaintiffs Have Not Established Irreparable Harm ................... 13

    E.   The Balance of Hardships Favors Defendants, Not Plaintiffs. ............... 13

IV.  CONCLUSION .................................................................................. 14

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Alcaraz v. Wachovia Mortg. FSB*,
    592 F. Supp. 2d 1296 (E.D. Cal. 2009) ................................................................. 13

*Am. Trucking Ass'ns, Inc. v. City of L.A.*,
    559 F.3d 1046 (9th Cir. 2009) .............................................................................. 5

*Avila-Martinez v. Wells Fargo Bank, N.A.*,
    No. 11–02154, 2011 WL 3876000 (E.D. Cal. Aug. 31, 2011) .............................. 13

*Cho v. Citibank, N.A.*,
    No. 12-1410, 2012 WL 3076537 (S.D. Cal. July 30, 2012) ................................... 8

*Dennis v. Wachovia Bank, FSB*,
    No. 10-01596 CW, 2011 WL 181373 (N.D. Cal. Jan. 19, 2011) ............................ 9

*Dubin v. BAC Home Loans Servicing*,
    No. 10-0506, 2011 WL 794995 (N.D. Cal. Mar. 1, 2011) .................................... 12

*Ghuman v. Wells Fargo Bank, N.A.*,
    No. 12-00902, 2012 WL 2263276 (E.D. Cal. June 15, 2012) ................................ 10

*Gilbert v. Residential Funding LLC*,
    678 F.3d 271 (4th Cir. 2012) ................................................................................. 7

*Fortaleza v. PNC Financial Servs. Group, Inc.*
    (N.D. Cal. July 27, 2009) No. C 09-2004, 2009 WL 2246212 ............................. 11

*In RE Marshall Samuel Sanders*
    (Bankr. C.D.Cal.) Case No. 8:13-bk-14049 ......................................................... 3

*In re Sandril*,
    501 B.R. 369 (Bankr. N.D. Cal. 2013) .............................................................. 9, 10

*Jesinoski v. Countrywide Home Loans, Inc.*,
    135 S. Ct. 790 (2015).......................................................................................... 6, 7

*Kamp v. Aurora Loan Servs.*
    (C.D. Cal. Oct. 1, 2009) No. SACV 09-844-CJC, 2009 WL 3177636 ................. 11

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ii

**OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR A TRO**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al., Case No. 8:15-cv-00935-AG-AS*

# TABLE OF AUTHORITIES
## (cont.)

**Page(s)**

*Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*,
   887 F. Supp. 1320 (N.D. Cal. 1995)....................................................5

*Maguca v. Aurora Loan Services*
   (C.D. Cal. Oct. 28, 2009) No. SACV 09-1086.....................................11

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
   883 F. Supp. 488 (C.D. Cal. 1995).......................................................5

*Monaco v. Bear Stearns Residential Mortg. Corp.*,
   554 F. Supp. 2d 1034 (C.D. Cal. 2008)................................................7

*Mora v. U.S. Bank N.A.*,
   No. 11-6598, 2012 WL 2061629 (N.D. Cal. June 7, 2012) ..................12

*Newman v. Bank of New York Mellon*,
   2013 WL 5603316 (E.D. Cal. Oct. 11, 2013)........................................9

*Ortiz v. Accredited Home Lenders, Inc.*,
   639 F. Supp. 2d 1159 (S.D. Cal. 2009) ...............................................11

*Pajarillo v. Bank of America*,
   No. 10CV937 DMS (JMA), 2010 WL 4392551 (S.D. Cal. Oct. 28, 2010)..............9

*Richardson v. Robison*,
   No. 08-902, 2008 WL 2338611 (S.D. Cal. June 5, 2008)......................14

*Roque v. Suntrust Mortgage, Inc.*,
   No. C09-00040RMW, 2010 WL 546896 (N.D. Cal. Feb. 10, 2010)........9

*Sherzer v. Homestar Mortgage Servs.*,
   707 F.3d 255 (3d Cir. 2013) ..................................................................7

*Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*,
   240 F.3d 832 (9th Cir. 2001) .................................................................5

*Toneman v. United States Bank*,
   2013 U.S. Dist. LEXIS 98966 (C.D. Cal. June 13, 2013)......................9

*Winter v. Nat/ Res. Def. Council, Inc.*,
   555 US 7, 129 S. Ct. 365 (2008) ........................................................5, 6

iii

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

**STATE CASES**

*Boyce v. T.D. Serv. Co.*,
   No. 2D CIVIL B255958, 2015 WL 1290770 (Cal. Ct. App. Mar. 23, 2015) ........... 9

*Calvo v. HSBC Bank USA, N.A.*,
   199 Cal.App.4th 118 (2011) ...................................................................... 8

*Domarad v. Fisher & Burke, Inc.*,
   270 Cal. App. 2d 543 (1969) .................................................................... 8

*Fontenot v. Wells Fargo Bank, N.A.*,
   198 Cal.App.4th 256 (2011) ............................................................... 8, 13

*Glaski v. Bank of America, N.A.*,
   218 Cal. App. 4th 1079 (2013) ................................................................. 9

*Herrera v. Federal Nat. Mortg. Assn.*,
   205 Cal.App.4th 1495 (2012) ............................................................ 8, 10

*Herrera v. Federal National Mortgage Assn.*,
   *supra*, 2005 Cal. App. 4th .................................................................... 13

*Jenkins v. JP Morgan Chase Bank, N.A.*,
   216 Cal.App.4th 497 (2013) ............................................................. 8, 10

*Mabry v. Super. Ct.*,
   185 Cal. App. 4th 208 (2010) .......................................................... 11, 12

*Siliga v. Mortgage Electronic Registration Systems, Inc.*,
   219 Cal. App. 4th 75 (2013) .................................................................. 10

**FEDERAL STATUTES**

15 U.S.C. § 1635 ................................................................................. 4, 6

15 U.S.C. § 1635(f) .............................................................................. 6, 7

15 U.S.C. § 1640(e) ................................................................................ 6

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES
## (cont.)

Page(s)

**STATE STATUTES**

Bus. & Prof. Code § 17200 ........................................................................ 4, 7

Cal. Civ. Code § 2923.5 .............................................................................. passim

Cal. Civ. Code § 2923.55 ...................................................................... 4, 11, 13

Cal. Civ. Code § 2923.55(b)(2) ................................................................. 12

Cal. Civ. Code § 2936 ................................................................................. 8

Cal. Civ. Code § 2924 ............................................................................... 4, 7

Cal. Civ. Code § 2924a(6) ......................................................................... 4

Cal. Civ. Code § 2924a(f)(3) ..................................................................... 4

Cal. Civ. Code § 3412 ................................................................................ 4

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR A TRO**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al., Case No. 8:15-cv-00935-AG-AS*

Defendants Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing, Inc. ("SPS" and collectively, "Defendants") hereby submit the following Memorandum of Points and Authorities in Opposition to Plaintiffs Marshall S. Sanders and Lydia O. Sanders as Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990's ("Plaintiffs") *Ex Parte* Application for a Temporary Restraining Order ("TRO").

## I.   INTRODUCTION

This is Plaintiffs *third* and last-gasp attempt at delaying a long overdue foreclosure on their property located at 1621 Kensing Lane, Santa Ana, California 92705 (the "Subject Property").  After an initial attempt in the Bankruptcy Court in 2013 failed, Plaintiffs filed suit in 2014 in Orange County Superior Court, where their case remains pending.  Now, in a shameless example of forum-shopping, Plaintiff is now seeking relief in federal court despite maintaining a virtually identical legal action against the same defendants in state court.  There, the court awarded Plaintiffs a preliminary injunction conditioned upon Plaintiffs posting a bond in the amount of $35,000 by June 2, 2015.  Having failed to do so, Plaintiffs turn now to the federal court in hopes of setting up another roadblock to the lawful foreclosure of the property they have long-ago defaulted on.  As explained fully herein, Plaintiffs' *ex parte* application for TRO should be denied.

## II.   STATEMENT OF FACTS

### A.   Factual History

Plaintiffs' claims arise from a home mortgage loan secured against the Property.  On or about December 22, 2006, Plaintiffs obtained a mortgage loan from the originating lender Countrywide Bank, N.A. in the amount of $1,435,000.00 and secured against the Property with a Deed of Trust. (Complaint "Compl.," ¶¶14-15, Exh. A and Request for Judicial Notice filed concurrently herewith ("RJN"), Exh. 1.)

1

**OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR A TRO**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al., Case No. 8:15-cv-00935-AG-AS*

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

The Deed of Trust securing the loan noted that ReconTrust Company, N.A. was the originating Trustee. *Id.* The Deed of Trust also noted that Mortgage Electronic Registration Systems, Inc. ("MERS") is "acting solely as nominee" for the originating lender Countrywide Bank, N.A. *Id.*

A Corporate Assignment of Deed of Trust ("Assignment-1") was executed on November 17, 2009 and recorded on December 30, 2009 in the Orange County Recorder's Office, the effect of which assigned the beneficial interest in the Deed of Trust, together with all rights therein and thereto, to Wells Fargo Bank, N.A., as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 ("Wells Fargo Trustee"). (RJN, Exh. 2.)

Plaintiffs contend that on February 17, 2010, they sent a "Letter of Rescission" of the underlying loan to Countrywide Bank, N.A., Bank of America, and Wells Fargo. (Compl., ¶19-20, Exh. C.)

On November 28, 2011, an Assignment of Deed of Trust ("Assignment-2") was executed and subsequently recorded in the Orange County Recorder's Office on December 6, 2011. The effect of Assignment-2 was to transfer all beneficial interest in the Deed of Trust, together with all rights therein and thereto, to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. (RJN, Exh. 3.)

On December 13, 2012, NDSC was substituted as Trustee of the Deed of Trust in place of ReconTrust Company, N.A. (RJN, Exh. 4.) On March 6, 2013, NDSC caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"), which was recorded in the Official Records of Orange County. (RJN, Exh. 5.) The NOD noted that as of March 5, 2013, Plaintiffs were $341,963.57 in arrears on their loan. *Id.* The NOD contained the necessary declaration attesting to compliance with Cal. Civ. Code §2923.5. *Id.*

On June 25, 2014, a Corporate Assignment of Deed of Trust ("Assignment-3") was executed, the effect of which assigned all beneficial interest in the Deed of Trust

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

to Wells Fargo Trustee. (RJN, Exh. 6.).  Assignment-3 was recorded in the Official Records of Orange County on July 9, 2014.  *Id.*

On October 28, 2014, NDSC executed a Notice of Trustee's Sale ("NOTS"), which was recorded in the Official Records of Orange County on October 29, 2014. (RJN, Exh. 7.)

### B.    Procedural History

#### 1.    *Plaintiffs' Chapter 11 Bankruptcy*

Plaintiff Marshall Sanders filed for relief under chapter 11 on May 7, 2013.  *See In RE Marshall Samuel Sanders* (Bankr. C.D.Cal.) Case No. 8:13-bk-14049. Sanders filed a plan of reorganization and disclosure statement.  On September 13, 2013, the U.S. Trustee filed an objection to the disclosure statement.  There was a hearing on September 19, 2013 on the disclosure statement and the Court issued its ruling on the record that the case was to be dismissed.  Sanders filed his notice of appeal on September 19, 2013, the same day as the hearing, and elected to have the case appealed to the district court.  On September 20, 2013, Sanders filed a motion for stay pending appeal in the bankruptcy court.  On the same day, the Court denied the motion for stay pending appeal.

Sanders' appeal of the Bankruptcy Court's dismissal was assigned to the Hon. Stephen V. Wilson, United States District Court Judge, C.D. Cal. and assigned Case No. 8:13-cv-01482.  On February 19, 2014, the district court issued an order to show cause why the appeal should not be dismissed for lack of prosecution.  Sanders failed to respond to the court's order.  Therefore, on April 1, 2014, the court ordered that the matter be dismissed.

#### 2.    *Plaintiff's Pending State Court Action*

On November 21, 2014, Plaintiffs Marshall S. Sanders and Lydia O. Sanders, as Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990 filed a complaint against Defendants SPS, NDSC, Bank of America, N.A. ("BANA"), and Doe defendants 1 through 20 relating to a mortgage loan that is secured by real

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

3

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

property located at 1621 Kensing Lane, Santa Ana, California 92705.  Styled *Sanders, et al. v. Bank of America, N.A.*, and assigned Orange County Superior Court Case No. 30-2014-00757782, Plaintiff's lawsuit raised claims for (1)    Cancellation of Instruments pursuant to Civil Code §3412; (2) Violation of Business and Professions Code Section 17200; (3) Violation of California Civil Code Section 2924a(6) and (f)(3); (4) Declaratory Relief; (5) Violation of California Civil Code Sections 2923.5 and 2923.55 ("State Court Action").

The State Court Action remains pending.  On June 1, 2015, the state court overruled in part and sustained in part Defendants' demurrer.  Plaintiffs were given until June 16, 2015 to file an amended complaint as to their third cause of action for Violation of California Civil Code Section 2924 only.

On May 18, 2015, the court granted Plaintiffs' request for a preliminary injunction.  The court's order was conditioned upon Plaintiffs' posting a bond in the amount of $35,000 within fifteen (15) days of the court's ruling, or June 2, 2015. Plaintiffs failed to do so.  (RJN, Exh. 9.)

### 3.    *The Instant Federal Court Action*

On June 11, 2015, Plaintiff filed this complaint in United State District Court, C.D. Cal. against Defendants and BANA.  Plaintiffs' complaint not only names virtually the same parties[1] as the pending State Court Action, but it also is based on virtually the same factual allegations and claims[2].

Plaintiffs concurrently filed with their Complaint an *ex parte* application for a TRO to prevent foreclosure of the subject property at the trustee sale which is scheduled for June 15, 2015.  Counsel of record for Defendants was not served with notice nor a copy of Plaintiffs' *ex parte* application for TRO despite the fact that Plaintiffs' counsel is aware that Locke Lord LLP is also counsel of record for the same defendants in the State Court Action.  Defendants now oppose this ex parte

---

[1] Wells Fargo is not named as a party in the State Court Action.
[2] Plaintiffs do not raise a claim for rescission under 15 U.S.C. §1635 in the State Court Action, but all other claims remain the same.

application.

## III.  ARGUMENT

### A.  Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839, fn. 7 (9th Cir. 2001).  A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public's interest.  *Id.* at 374; *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A preliminary injunction is an "extraordinary remedy that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief."  *Winter v. Nat/ Res. Def. Council, Inc.*, 555 US 7, 22, 129 S. Ct. 365, 376 (2008).

Moreover, a movant faces an exceedingly high burden when seeking injunctive relief on an *ex parte* basis.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  To justify *ex parte* relief, (1) the evidence must show that the moving party will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and (2)  it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.  *Id.*

### B.  The Emergency That Allegedly Justifies a Temporary Restraining Order Is Self-Created.

*Ex parte* relief is not justified where Plaintiffs' own actions—or more accurately, *inaction*—is the cause of this emergency.  Plaintiffs' application comes two years after foreclosure proceedings first began and on the eve of a June 15, 2015 Trustee's Sale.  (Plaintiff's Ex Parte Application, pp. 1-2; RJN, Exhs. 5, 9).  Perhaps

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

5

more importantly, on May 18, 2015, Plaintiff was awarded a preliminary injunction conditioned upon Plaintiffs' posting a bond in the amount of $35,000 within fifteen (15) days of the court's ruling, or June 2, 2015. (RJN, Exh. 9.) Plaintiffs failed to do so. Now that Plaintiffs are again at the doorstep of foreclosure, Plaintiff has filed an *ex parte* application for injunctive relief in federal court. This is just another delay tactic in a long line of others. Plaintiffs were already given the injunctive relief they seek—conditioned upon terms found to be reasonable by the state court—yet failed to comply with the court's requirements. This does not justify the extraordinary relief they are seeking in federal court. Indeed, this emergency is a product of Plaintiffs' own creation, and accordingly the application should be denied.

### C. Plaintiffs Fail To Demonstrate That They Are Likely To Succeed On The Merits.

Plaintiff's application fails to offer any credible evidence as to why they are likely to succeed on any claim. Indeed, none of Plaintiffs' claims meet the heavy burden of an injunction. *See Winter*, 555 US at 22 (plaintiff must make a clear showing that she is entitled to relief).

#### 1. *Plaintiffs' Claim For Rescission Under 15 U.S.C. §1635 is Time Barred.*

Plaintiffs' first cause of action is premised on his claim for rescission or damage under the Truth in Lending Act ("TILA") based on Plaintiffs' allegations that via a letter dated February 17, 2010, they requested rescission of their mortgage loan, but "[n]one of the Defendants responded." (Compl., ¶¶38-39.)

Plaintiffs' claim should be dismissed, however, because it is time-barred under TILA. A damages action under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). To exercise his right to rescission, a borrower must give written notice to a creditor within three years of consummation of the loan. 15 U.S.C. § 1635(f); *Jesinoski v. Countrywide Home*

6

**OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR A TRO**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al., Case No. 8:15-cv-00935-AG-AS*

*Loans, Inc.*, 135 S. Ct. 790, 792 (2015).  Any action to enforce the rescission or seek damages for failure to accept rescission must be filed within one year of the creditor's refusal to accept rescission.  *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278–79 (4th Cir. 2012); *see also Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 266, n.8 (3d Cir. 2013).  If the creditor fails to respond, the one-year period begins 20 days after the request for rescission, when the response from the creditor was due.  15 U.S.C. § 1635(f); *see also Gilbert*, 678 F.3d at 278–79.

Here, while Defendants fully dispute receipt of the ***unsigned*** February 17, 2010 correspondence attached as Exhibit C to Plaintiff's Complaint, even assuming *arguendo* that it was received and Defendants failed to respond, Plaintiffs still cannot succeed on their claim.  The one-year statute of limitations is triggered 20 days after Plaintiffs' February 17 request, or March 9, 2010.  Plaintiffs would have therefore been required to file suit on or before March 9, 2011 in order to meet the relevant statute of limitations.  Plaintiffs' claim—raised for the first time in their June 11, 2015 federal court complaint—is therefore barred by the relevant statute of limitations.

To the extent Plaintiff seeks any damages for purported violations of TILA, this action was commenced far beyond the one-year period after their loan was consummated in 2006.  In sum, Plaintiffs' TILA claim, whether for rescission or damages, is untimely and subject to immediate dismissal.  *See Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008) (dismissing TILA damages claim as time-barred where suit was initiated more than one year after closing).

### 2. *Plaintiffs' Claims For Cancellation of Instruments, Violation of Business and Professions Code §17200, And Violation of Civil Code §2924 Fail As a Matter of Law.*

Plaintiffs' causes of action for cancellation of instruments, violation of Business and Professions Code §17200, and violation of Civil Code §2924 are all predicated on Plaintiffs' theory of a purported broken "chain of title" arising from alleged improper

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

assignments of title, which, Plaintiffs' posit, strip Defendants of their authority to foreclose on Plaintiffs' property. (*See* Compl., ¶¶ 27-36, 41-43, 48-51, 62-64.)  But, as further explained below, Plaintiffs fail to state any cause of action because California law does not require the beneficiary of a deed of trust to establish a chain of title in order to prove that it has standing to foreclose.

Indeed, Plaintiffs utterly misunderstand the purpose and legal effect of a recorded assignment of deed of trust.  Under California law, the Deed of Trust follows the note.  "The assignment of a debt secured by mortgage carries with it the security." Cal. Civ. Code § 2936; *Domarad v. Fisher & Burke, Inc*., 270 Cal. App. 2d 543, 553 (1969) ("we note the following established principles: that a deed of trust is a mere incident of the debt it secures and that an assignment of the debt 'carries with it the security.'" (quoting § 2936 and collecting cases on point)).  Thus, assignments of notes or deeds of trust need never be recorded to (1) be effective between the parties or (2) non-judicially foreclose.  *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011).  As the Court of Appeal in Fontenot noted, "the lender could readily have assigned the promissory note … in an unrecorded document that was not disclosed."  *Id.*; *see also Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1506 (2012) (same); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 121-22 (2011) (assignments of deeds of trust need not be recorded "for the assignee to exercise the power of sale"); *Jenkins v. JP Morgan Chase Bank, N.A*., 216 Cal.App.4th 497, 515 (2013) (borrower is "not the victim" of an invalid transfer because "her obligations under the note remained unchanged" and therefore this an no viable cause of action); *Cho v. Citibank, N.A.*, No. 12-1410, 2012 WL 3076537, at *5 (S.D. Cal. July 30, 2012) ("[N]otes … do not have to be recorded in public records.").  Therefore, the date of the recording of an assignment (if one is recorded), does not indicate the date upon which the interest in a note and deed of trust passes to another party.  It is merely a document that reflects for the public that such a transfer has taken place.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

California law is clear that there is no requirement that a "chain of title" be produced to a borrower's satisfaction in order to foreclose. California courts have "uniformly" held that it is not necessary to produce a "chain of ownership" to proceed in foreclosure. *See Dennis v. Wachovia Bank, FSB,* No. 10-01596 CW, 2011 WL 181373, at *7-8 (N.D. Cal. Jan. 19, 2011) (finding that "'[u]niformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required,'" holding that, "[t]herefore, any claim that Defendant lacks standing to foreclose is summarily adjudicated in favor of Defendant") (quoting *Roque v. Suntrust Mortgage, Inc.,* No. C09-00040RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010)); *Pajarillo v. Bank of America*, No. 10CV937 DMS (JMA), 2010 WL 4392551, at *8 (S.D. Cal. Oct. 28, 2010) ("Plaintiffs allege … [that] Defendants are not entitled to foreclose upon their property because they cannot show a full chain of title. Plaintiffs' claim, however, is belied by the language of their Deed of Trust and California's foreclosure statutes.") (citations omitted). The argument is absolutely meritless.

Defendants acknowledge that one California court has adopted the minority view on the issue, namely *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013). But nearly every court considering *Glaski* has expressly rejected its holding. "Notwithstanding *Glaski*, we reject the argument that the assignment of the $1.155 million note and deed of trust to a mortgage investment pool is a 'get out of debt' card for appellant." *Boyce v. T.D. Serv. Co.*, No. 2D CIVIL B255958, 2015 WL 1290770 (Cal. Ct. App. Mar. 23, 2015). Another court noted, "*Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule." *Newman v. Bank of New York Mellon*, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) (citing *Toneman v. United States Bank,* 2013 U.S. Dist. LEXIS 98966, *30–*31 (C.D. Cal. June 13, 2013) and *Jenkins*, 216 Cal. App. 4th at 515). The Bankruptcy courts of California have also rejected *Glaski*. See, e.g., *In re Sandril,*

9

501 B.R. 369 (Bankr. N.D. Cal. 2013) ("A majority of district courts in California have held that borrowers do not have standing to challenge the assignment of a loan . . . .").

Even if Plaintiffs could challenge the transfers of the Note and assignments of the Deed of Trust, Plaintiffs must allege resulting prejudice to state any claim. *See Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("Absent any prejudice, [plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment."); *Herrera*, 205 Cal. App. 4th at 1507-1508 ("Even assuming plaintiffs can allege specific facts showing that [the] assignment[s] of the DOT … were void, … plaintiffs must also show plaintiffs were prejudiced").

Here, Plaintiffs have not and cannot contest that payments were due on the loan, nor do they claim that more than one entity has concurrently attempted to collect mortgage payments.  Plaintiffs have alleged no facts that would otherwise suggest they have suffered prejudice.  Thus, even if the assignments of the Deed of Trust or transfers of the Note were somehow defective as claimed and Plaintiffs could complain about the defects, the only damaged party would be "the [assignor], which … suffered the unauthorized loss of a [valuable] promissory note." *See Herrera*, 205 Cal. App. 4th at 1508; *see also Jenkins*, 216 Cal. App. 4th at 515 ("'As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note.'") (quoting *Herrera*, 205 Cal. App. 4th at 1507); *Ghuman v. Wells Fargo Bank, N.A.*, No. 12-00902, 2012 WL 2263276, *3 n.2 (E.D. Cal. June 15, 2012) (applying *Herrera* and finding that plaintiffs were not prejudiced from allegedly invalid deed of trust assignment).

For these reasons, Plaintiffs' claims based on allegedly defective assignments of the Deed of Trust or transfers of the Note fail as a matter of law, and Plaintiffs' *ex parte* application must be denied.

///

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**3.** **_Defendants Have Complied With Civil Code §§ 2923.5, 2923.55._**

Judicially noticeable documents establish Defendants' compliance with the requirements of Civil Code §§ 2923.5 and 2923.55.  Indeed, the March 6, 2013 Notice of Default includes the required declaration demonstrating that the lender or servicer has contacted the borrower or has tried with due diligence to contact the borrower. (Compl., Exh. D; RJN, Exh. 5, p. 2.)  Even a cursory review of the document—which Plaintiffs themselves incorporate as Exhibit D to their Complaint—provides on p. 2:

> The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Code §2923.55 declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.55.

(Complaint, Exh. D, p. 2; RJN, Exh. 5, p. 2.)  The declaration was dated March 5, 2013 and signed by Julie Good on behalf of National Default Servicing Corporation, the substituted Trustee on Plaintiffs' Deed of Trust.  (_Id._)  The Declaration confirms compliance with the statute. _Id._; see also _Ortiz v. Accredited Home Lenders, Inc._, 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009) (claim under section 2923.5 dismissed where declaration of compliance accompanied the Notice of Trustee's Sale attached to the complaint).  There is no statute or case law that requires more than the attached declaration.  See _Mabry v. Super. Ct._, 185 Cal. App. 4th 208, 214–15 (2010) ("There is no indication that the Legislature wanted to saddle lenders with the need to 'custom draft' the statement required by the statute in notices of default."); see also _Maguca v. Aurora Loan Services_ (C.D. Cal. Oct. 28, 2009) No. SACV 09-1086 JVS (ANx), 2009 WL 3467750, *2 [taking judicial notice of a recorded copy of the notice of default and dismissing a Section 2923.5 claim with prejudice "because the allegations in the FAC, which the Court notes are conclusory, are contradicted by the notice of default"] citing _Fortaleza v. PNC Financial Servs. Group, Inc._ (N.D. Cal. July 27, 2009) No. C 09-2004, 2009 WL 2246212, *2-4; _Kamp v. Aurora Loan Servs._ (C.D. Cal. Oct. 1, 2009) No. SACV 09-844-CJC, 2009 WL 3177636, *2.)

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

11

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Furthermore, while Defendants vigorously dispute any claim that they failed to comply with the Civil Code's requirements prior to recording the March, 2013 Notice of Default, the record in the State Court Action—which this Court may judicially notice—establishes Defendants' compliance with the statute and renders Plaintiff's claim moot. (*See* RJN, Exh. 8.)  The statutes merely require that a servicer shall "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.55(b)(2).  Courts evaluating that same requirement in Civil Code § 2923.5 have repeatedly held that "[t]he lender's obligations under Section 2923.5 to 'assess' the borrower's' financial situation and 'explore' options to avoid foreclosure can be satisfied by simply asking the borrower 'why can't you make your payments?' and 'telling the borrower the traditional ways that foreclosure can be avoided ….'"  *Mora v. U.S. Bank N.A.*, No. 11-6598, 2012 WL 2061629, *3 (N.D. Cal. June 7, 2012) (quoting *Mabry v. Superior Court*, 185 Cal.App.4th at 232).[3]  It does not require that a borrower be reviewed for a loan modification, let alone be granted a loan modification.

In the event of a breach, Section 2923.5 provides only one remedy: delay of a pending foreclosure sale to allow the lender to comply with the statute. *Mabry*, supra, 185 Cal. App. 4th at 214 (right of action under Section 2923.5 is limited to obtaining postponement of impending foreclosure to permit lender to comply).  Here, no foreclosure has taken place, and Defendants in the State Court Action have repeatedly engaged Plaintiffs in discussions of a potential loan modification review to avoid foreclosure—**efforts which *exceed* the requirements imposed by the Civil Code**. (*See* RJN, Exh. 8).  Plaintiffs have indicated that they have no interest in a loan modification.  (*Id.*)

But even if Plaintiffs could state facts demonstrating non-compliance with

---

[3]  *See also Dubin v. BAC Home Loans Servicing*, No. 10-0506, 2011 WL 794995, *3 (N.D. Cal. Mar. 1, 2011) ("The requirements of section 2923.5 are narrow, and do not require the lender to have much more than minimal contact with a debtor to assess the debtor's position and inform them of various options.") (citation omitted))

12

§§ 2923.5 and 2923.55, Plaintiffs cannot allege they were prejudiced.  Indeed, Plaintiffs' meritless challenge to the foreclosure cannot overcome their substantial default on their $1 million+ mortgage, and thus, do not demonstrate any prejudice from any irregularity in the foreclosure process.  See *Fontenot v. Wells Fargo Bank N.A.*, supra, 198 Cal. App. 4th at 272 (2011) (plaintiffs cannot allege prejudice when they concede default); see also *Herrera v. Federal National Mortgage Assn.*, *supra*, 2005 Cal. App. 4th at 1501 ("Prejudice is not presumed from 'mere irregularities' in the process.").  Accordingly, Plaintiffs' claim for a violation of Cal. Civ. Code §2923.5 and §2923.55 fail.

### D.    Plaintiffs Have Not Established Irreparable Harm

Plaintiffs argue that the loss of the subject property via foreclosure *per se* constitutes irreparable harm.  But the reality is that Plaintiffs' demonstrated inability to make their mortgage payments and prevent foreclosure has been an ongoing saga for several years now.  If losing ownership of real property they cannot feasibly afford is harm, then it is more unavoidable than it is irreparable.  In any event, the loss of real property is not the type of harm justifying injunctive relief.  *See e.g.*, *Alcaraz v. Wachovia Mortg. FSB*, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. 2009) ("Clearly, loss of a home is a serious injury. However, the record suggests that Ms. Alcaraz sought a loan beyond her financial means and expectation of job loss.  Such resulting harm does not alone entitle her to injunctive relief.").  If Plaintiffs had a valid claim, monetary relief would be an adequate remedy because there is no evidence that the property is unique.  *See Avila-Martinez v. Wells Fargo Bank, N.A.*, No. 11–02154, 2011 WL 3876000, *2 (E.D. Cal. Aug. 31, 2011) ("Plaintiff's declaration in fact contains no support whatsoever for his claim that the home is "absolutely unique" and therefore not amenable to money damages. Such circular reasoning cannot satisfy the stringent threshold for granting emergency injunctive relief.").

### E.    The Balance of Hardships Favors Defendants, Not Plaintiffs.

Even if this Court found that there were serious questions going to the merits of

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

any of Plaintiffs' claims, the balance of the hardships does not tip sharply in the Plaintiff's favor. Indeed, it tips in Defendants' favor. Here, Plaintiffs remain in possession of real property over two years after they began defaulting on their $1+ million loan. They do not allege that they are actively making payments on the loan. Whereas, on the other hand, Defendants have been denied both payments on their loan as well as the opportunity to sell the real property that was offered to secure the loan. Moreover, each and every time Defendants have tried to foreclose on the property in order to recoup a portion of their losses, Plaintiffs have crafted some form of judicial obstacle, whether it be bankruptcy or now this *ex parte* proceeding, to delay foreclosure for another day. With each delay, Defendants expend both financial and administrative resources to comply with both the spirit and letter of the law. There should be no doubt that the balance of hardships favor of Defendants, not the Plaintiffs. *See e.g.*, *Richardson v. Robison*, No. 08-902, 2008 WL 2338611, *4-5 (S.D. Cal. June 5, 2008) ("Defendants … expected to receive monthly payments based on the loan to Plaintiffs, but have received nothing since Plaintiffs defaulted. The properly noticed foreclosure sale will provide Defendants with funds to which they are entitled under the loan documents;" finding the balance of hardships did not favor the borrower).

## IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' *ex parte* application for a temporary restraining order preventing foreclosure of the subject property. However, should the Court be inclined to award any injunctive relief, Plaintiffs should be required to post a substantial bond in the amount of the current unpaid balance of Plaintiffs' loan.

///

///

///

///

Dated:  June 12, 2015

Respectfully submitted,

LOCKE LORD LLP


By:_____/s/ Conrad V. Sison_____

Conrad V. Sison

Attorneys for Defendants SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING CORPORATION

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR A TRO**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al., Case No. 8:15-cv-00935-AG-AS*

# CERTIFICATE OF SERVICE

I, Conrad V. Sison, an attorney, do hereby certify that on June 12, 2015, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER** with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

Dated: June 12, 2015          By:      */s/ Conrad V. Sison*

                                                          Conrad V. Sison

LA 842902

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR A TRO**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al., Case No. 8:15-cv-00935-AG-AS*