UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-935-AG (ASx) | Date | June 12, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:** [IN CHAMBERS] ORDER DENYING EX PARTE APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ISSUING ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION AND SANCTIONS

On Thursday, June 11, 2015, at 5:43 p.m. and 5:52 p.m., respectively, Plaintiffs Marshall S. Sanders and Lydia O. Sanders (collectively, "Plaintiffs") filed a Complaint (Dkt. No. 1) and an "Ex Parte Application and Motion for Temporary Restraining Order to Cancel and Enjoin Trustee's Sale Scheduled for June 15, 2015" ("Application") (Dkt. No. 2). Defendants are Bank of America, N.A.; Wells Fargo Bank, N.A.; and National Default Servicing, Corp.

For numerous reasons, the Court DENIES the Application.

The Court has concerns regarding whether it has subject matter jurisdiction and ISSUES an Order to Show Cause ("OSC") concerning subject matter jurisdiction. The Court is also concerned that this action previously came before it and was remanded. Thus the Court also ISSUES an OSC concerning sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-935-AG (ASx) | Date | June 12, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

**EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

The Notice accompanying the Application states that a Trustee's Sale is "presently scheduled for [Monday] June 15, 2015." (Notice of Ex Parte Application, Dkt. No. 2, at 2.) Both Marshall and Lydia Sanders declare that "While I have not been provided with a Notice of Trustee Sale it is my understanding a foreclosure sale of the Property has been scheduled for June 15, 2015 at 12:00 P.M." (Marshall Sanders Decl., Dkt. No. 2-1, ¶ 11; Lydia Sanders Decl., Dkt. No. 2-2, ¶ 11.)

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To justify ex parte relief,

> [f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

*Id.* Ex Parte relief also raises Due Process concerns. *See Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *see also Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest").

Among other things, Plaintiffs have not convinced the Court that they are "without fault in creating the crisis that requires ex parte relief." The Court essentially received the Application on the last business day before the alleged sale is to take place. Plaintiffs fail to provide sufficient details concerning how and when they got their "understanding" that the sale is to take place on June 15, 2015 and why their filing was so close to the alleged sale date. Here Due Process concerns are strong, in part, because the relief requested is cancelling the alleged sale.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-935-AG (ASx) | Date | June 12, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

For these reasons, and others, the Court DENIES the Application.

## ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION

Plaintiff's Complaint has a section titled "Jurisdiction." It says in its entirety, "Jurisdiction in this Court is proper under 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. More particularly, *Plaintiffs* are *citizens of California* and *defendants* are *citizens* of North Carolina, Arizona, and *California.* In addition, the amount in controversy is in excess of $1,000,000.00." (Complaint, Dkt. No. 1, ¶ 8 (emphasis added).)

Courts have diversity jurisdiction over cases where the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

As pleaded, there is no complete diversity.

Accordingly, the Court ORDERS Plaintiffs to show cause in writing within 14 days of this Order why this action should not be remanded for lack of subject matter jurisdiction, supporting their assertions with information concerning complete diversity *and* the amount in controversy. Defendants may submit a response within seven days of Plaintiffs' filing. Alternatively, Plaintiffs may dismiss this action.

## ORDER TO SHOW CAUSE CONCERNING SANCTIONS

The Court has serious concerns that it has already dealt with these parties and their issues. In November 2014, an action was removed to this Court by Bank of America, N.A. That action had Marshall S. Sanders and Lydia O. Sanders as plaintiffs and Bank of America, N.A.; National Default Servicing Corp.; and Select Portfolio Servicing, Inc. as defendants. The underlying state court action in that case concerned the same real property at issue in this action. Bank of America removed the case while a temporary restraining order was in place that was issued by the state court. That action was *Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, SACV 14-1903-AG (ANx). In that action the Court issued an OSC concerning

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-935-AG (ASx) | Date | June 12, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

subject matter jurisdiction and Bank of America stipulated to remand. Plaintiff's counsel in that action was the same counsel they have now, Jason W. Estavillo.

While it appears that this action is round two for the parties, the civil cover sheet filed in this action by Estavillo's office says otherwise. (Dkt. No. 1-1) Concerning the question "**IDENTICAL CASES**: Has this action been previously filed **in this court**?" the answer was "no." (Dkt. No. 1-1, at 3 (emphasis in original).) Concerning the question "**RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?" the answer was "no." (*Id.* (emphasis in original).) Related is defined as arising from the same or closely related transaction, happening, or event; calling for determination of the same or substantively related or similar questions of law and fact; or entailing duplication of labor if heard by different judges. (*Id.*) Both these answers appear to be false, which is especially troubling because counsel for Plaintiffs is the same in both actions.

The Court is concerned that representations are being made to the Court that are untrue. Further the Court, in the earlier action, already expressed doubt that it has subject matter jurisdiction over these claims, but Plaintiffs are still pursuing them here.

Thus the Court ORDERS Plaintiffs to show cause in writing within 14 days of this Order why sanctions should not issue for Plaintiffs' counsel's apparent misrepresentations in the civil cover sheet and his actions concerning filing what appears to be an action already remanded by the Court. Sanctions to be considered include monetary sanctions and dismissal.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |