**MCGUIREWOODS LLP**
Adam F. Summerfield (SBN #259842)
1800 Century Park East
8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
Attorneys for Defendant Bank of America, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARSHALL S. SANDERS and LYDIA O. SANDERS AS TRUSTEE OF THE MARSHALL AND LYDIA SANDERST TRUST DATED APRIL 20, 1990,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BANK OF AMERICA, N.A; WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20,<br><br>        Defendants. | CASE NO. 8:15-cv-00935-AG-AS<br><br>**BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Filed Concurrently with Request for Judicial Notice and Proposed Order]**<br><br>DATE:        September 21, 2015<br>TIME:                10:00 a.m.<br>DEPT.:                10D<br><br>Complaint Filed: June 11, 2015 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, THE

CLERK OF THE ABOVE-ENTITLED COURT, AND THE HONORABLE

UNITED STATES DISTRICT COURT:

**PLEASE TAKE NOTICE** that on September 21, 2015, at 10:00 a.m., or as

soon thereafter as counsel can be heard, in Courtroom 10D of the above-entitled

1  court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant

2  Bank of America, N.A. will, and hereby does, move this Court for an order

3  dismissing each claim alleged in Plaintiffs' Complaint pursuant to Rule 12(b)(6) of

4  the Federal Rules of Civil Procedure.

5       This motion is based upon this Notice and Motion, the Memorandum of

6  Points and Authorities, the concurrently filed Request for Judicial Notice, the

7  pleadings and records on file, and such further written or oral evidence as may be

8  presented at the time of hearing.

9       This motion is made after conferring with counsel for Plaintiffs, pursuant to

10  Local Rule 7-3, which took place on July 22, 2015.  The conference did not obviate

11  the need for the instant motion.

12

13  DATED: July 23, 2015             Respectfully submitted,

14                                   MCGUIREWOODS LLP

15

16

17                          By:     _/s/ Adam F. Summerfield_
18                                   Adam F. Summerfield
                                     Attorneys for Defendant
19                                   Bank of America, N.A.

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION.............................................................................1

II.    SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE
       FACTS....................................................................................1

III.   STANDARD OF REVIEW ...........................................................3

IV.    PLAINTIFFS' TILA CLAIM MUST FAIL ....................................4

V.     PLAINTIFFS' GENERALIZED ALLEGATIONS RELATED TO
       SECURITIZATION AND ASSIGNMENTS OF THE DEED OF
       TRUST CANNOT SUPPORT A CAUSE OF ACTION ..............................4

VI.    PLAINTIFFS' CANCELLATION CLAIM FAILS ...........................6

       A.     Plaintiffs Failed to Tender their Outstanding Indebtedness ...............6

       B.     Plaintiffs Fail to Plead the Required Elements of Cancellation ..........6

VII.   PLAINTIFFS' UCL CLAIM FAILS ..............................................7

       A.     Plaintiffs Lack Standing....................................................7

       B.     Plaintiffs cannot state a Claim for "Unlawful" Acts or Practices........9

       C.     Plaintiffs cannot state a Claim for "Unfair" Acts or Practices ..........10

       D.     Plaintiffs cannot state a Claim for "Fraudulent" Acts or
              Practices ...................................................................10

VIII.  THE CLAIMS FOR VIOLATION OF CAL.............................................11

IX.    THE CLAIMS FOR VIOLATION OF CAL..............................................12

X.     CONCLUSION .........................................................................13

i

# **TABLE OF AUTHORITIES**

Page(s)

CASES

*Animal Legal Defense Fund v. Mendes,*
    160 Cal. App. 4th 136 (2008)................................................................11

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1988) ...............................................................3

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................4

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996) ................................................................4

*Chen v. Deutsche Bank Nat'l Trust Co.,*
    2014 U.S. Dist. LEXIS 164452 (N.D. Cal. Nov. 24, 2014) ....................5

*Chrysler Corp. v. Brown,*
    441 U.S. 281 (1979)...........................................................................9

*Cordon v. Wachovia Mortg.,*
    776 F. Supp. 2d 1029 (N.D. Cal. 2011)................................................8

*Davis v. Ford Motor Credit Co.,*
    179 Cal. App. 4th 581 (2009)............................................................10

*Emery v. Visa Int'l Serv. Assoc.,*
    95 Cal. App. 4th 952 (2002)..............................................................11

*Erlinda Abibas Aniel v. GMAC Mortg., LLC,*
    2012 U.S. Dist. LEXIS 157792 (N.D. Cal. 2012)..................................5

*Farmers Ins. Exch. v. Super. Ct.,*
    2 Cal.4th 377 (1992)..........................................................................9

*Gaffney v. Downey Savings & Loan Ass'n,*
    200 Cal. App. 3d 1154 (1988).............................................................6

*Ganesan v. GMAC Mortg., LLC,*
    2012 U.S. Dist. LEXIS 148225 (N.D. Cal. 2012)..................................5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Hall v. Time, Inc.*,
  158 Cal. App. 4th 847 (2008)................................................................11

*Hironymous v. Hiatt*,
  52 Cal. App. 727,731 (1921)..................................................................7

*In re Sagent Tech., Inc., Derivative Litig.*,
  278 F. Supp. 2d 1079 (N.D. Cal. 2003)..............................................4, 7

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009)...........................................................................11

*Ingels v. Westwood One Broad. Servs., Inc.*,
  129 Cal. App. 4th 1050 (2005) ...............................................................9

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal. App. 4th 612 (1993)....................................................................7

*Krantz v. BT Visual Images, L.L.C.*,
  89 Cal. App. 4th 164 .............................................................................10

*Michael R. v. Jeffrey B.*,
  158 Cal. App. 3d 1059 (1984)..................................................................9

*Penney v. Wells Fargo Bank, NA*,
  2012 U.S. Dist. LEXIS 78794 (C.D. Cal. 2012) ....................................5

*Peterson v. Cellco P'ship*,
  164 Cal. App. 4th 1583 (2008) ............................................................7, 8

*Pratap v. Wells Fargo Bank, N.A.*,
  63 F. Supp. 3d 1101 ...............................................................................4

*Reyes-Aguilar v. Bank of Am.*,
  2014 U.S. Dist. LEXIS 37036 (N.D. Cal. 2014)......................................5

*Snell v. Deutsche Bank Nat'l Trust Co.*,
  2015 U.S. Dist. LEXIS 39570 (E.D. Cal. Mar. 26, 2015)........................4

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*,
  70 Cal. App. 4th 55 (1999)......................................................................9

*Wallace v. Mortg. Elec. Registration Sys.*,
  2012 U.S. Dist. LEXIS 3977 (C.D. Cal. Jan. 11, 2012) ..........................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Weger v. Rocha*,
   138 Cal. App. 109 (1934)..................................................................... 6

**STATUTES**

Cal. Civil Code §§ 2923.5(a)(2), 2923.55(b)(2) ), 2923.55(c).............................. 12, 13

CAL. CIV. CODE §2924, §§ 2923.5 ................................................................... 11, 12

Cal. Civ. Code §§ 3412, 3413 ............................................................................. 7

Cal. Penal Code § 115, § 115(a) and § 532(f)(a)(4) ........................................... 7

Cal. Penal Code § 115, § 532, § 532(a) .............................................................. 9

Sections 2923.5 and 2923.55 of the California Civil Code .............................. 3

Section 2924(a)(6) and Section 2924(f)(3) of the California Civil Code......... 3, 11, 12

Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* ("TILA") .......................... 3, 4

**OTHER AUTHORITIES**

Rule 8 of the Federal Rules of Civil Procedure ............................................. 4, 7

Rule 12(b)(6) ....................................................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs Marshall S. Sanders and Lydia O. Sanders as Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990 ("Plaintiffs") bring the present Complaint against Bank of America, N.A. ("BANA"), along with co-Defendants Wells Fargo Bank, N.A. ("Wells"), National Default Servicing Corporation ("NDS"), and Select Portfolio Servicing, Inc. ("SPS"), claiming a variety of improprieties in the commencement of foreclosure proceedings against Plaintiffs' property.  Plaintiffs' allegations appear to be borne of their dual theories that (i) after obtaining a $1.4 million loan in December of 2006, they rescinded the loan in February of 2010 and should be entitled to the property free of any encumbrances; and (ii) that two duly recorded assignments of their deed of trust were fraudulent and invalid.  However, Plaintiffs' theories are regularly rejected by state and federal courts throughout California, have no basis in law or in fact, and are merely another attempt to delay a trustee's sale on their property.  As shown below, Plaintiffs cannot state any claim against BANA.  Accordingly, BANA respectfully requests that this Court grant its Motion to Dismiss in its entirety, without leave to amend.

### II.    SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

Plaintiffs' allegations concern the real property located at 1621 Kensing Lane, Santa Ana, California 92705 (the "Property").  *See* Compl., ¶ 2.  On December 26, 2006, Plaintiffs obtained a loan for $1.435 Million (the "Loan") from Countrywide Bank, N.A. ("Countrywide") in order to refinance the Property.  *Id.,* ¶ 10.  In connection with the Loan, Plaintiffs executed a Note in the principal amount of $1.435 Million, payable to Countrywide.  Compl., ¶ 16; Deft's Req. for Judicial

Notice ("RJN"), ¶1, Ex. A.  As security for the Loan, Plaintiffs also executed a Deed of Trust secured by the Property.  RJN, ¶ 2, Ex. B.[1]  The Deed of Trust identifies Countrywide as the lender (*id.*, at p.2, ¶ (C) thereto), and identifies MERS as a nominee for the lender and as the beneficiary under the Deed of Trust.  *Id.*, at p.2, ¶ (E) thereto.

On December 30, 2009, an Assignment of the Deed of Trust from MERS, as nominee for Countrywide and as beneficiary under the Deed of Trust, to Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 ("ADOT 1") was recorded in the Orange County Recorder's Office.  Compl., ¶¶ 27-28; RJN, ¶ 3, Ex. C.

Plaintiffs allege that on February 17, 2010, they sent a "Letter of Rescission" to Countrywide, BANA, and Wells Fargo, requesting that these entities "cancel the Loan and release its [sic] security interest in said property."  Compl., ¶¶ 19-20.

On December 6, 2011, an Assignment of the Deed of Trust from Wells Fargo Bank, N.A., as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 to BANA ("ADOT 2") was recorded in the Orange County Recorder's Office, evidencing the assignment of the Deed of Trust to BANA.  Compl., ¶¶ 31-32; *see also* RJN, ¶ 4, Ex. D.

At some point prior to March 5, 2013, the servicing of Plaintiffs' Loan transferred to SPS.  *See, e.g.,* RJN, ¶ 5, Ex. E, at p.2 thereto.  On March 5, 2013, SPS caused to be recorded a notice of default in the Orange County Recorder's Office, indicating that Plaintiffs had failed to make the payment which became due on April 1, 2009, along with all subsequent installments, and that Plaintiffs' arrearage as of March 5, 2013, was $341,963.57.  RJN, Ex. E.  Plaintiffs failed to

---

[1] Copies of these loan documents – the documents that Plaintiffs assert they never received – are also attached to Plaintiffs' Complaint as Exhibits A and B.

1   cure their outstanding indebtedness, and a notice of trustee's sale was recorded in
2   the Orange County Recorder's Office on October 29, 2014, indicating that the
3   estimated unpaid balance on Plaintiffs' Loan was $1,970,340.44.  RJN, ¶ 6, Ex. F.
4   The trustee's sale was set for November 24, 2014 at 12:00 p.m.  *Id.*

5          On November 21, 2014, Plaintiffs filed suit against BANA, NDS, and SPS in
6   Orange County Superior Court, asserting four of the five claims asserted in this
7   instant case.  RJN, ¶ 7, Ex. G.  Plaintiffs obtained a temporary restraining order
8   prohibiting the sale of the Property (*id.*, ¶ 8, Ex. H), and at a hearing on Plaintiffs'
9   motion for a preliminary injunction on May 18, 2015, the court in that action
10  granted the injunction, conditioned upon Plaintiffs first posting a bond of
11  $35,000.00.  *Id.*, ¶ 9, Ex. I.  Plaintiffs failed to post the required bond by the
12  deadline (*id.*, ¶ 10, Ex. J), and instead filed a request for dismissal of that action
13  without prejudice on June 9, 2015.  *Id.*, ¶ 11, Ex. K.

14         Plaintiffs then filed the Complaint in the instant case on June 11, 2015, and
15  sought another temporary restraining order from the Court (Dkt. No. 2), which was
16  denied.  Dkt. No. 10.  In this Complaint, Plaintiffs have brought claims against
17  BANA for: (i) Rescission under the federal Truth in Lending Act, 15 U.S.C. § 1635
18  *et seq.* ("TILA"); (ii) Cancellation of Instruments; (iii) Violation of California's
19  Unfair Competition Law ("UCL"); (iv) Violations of Sections 2924(a)(6) and
20  2924(f)(3) of the California Civil Code; and (v) Violations of Sections 2923.5 and
21  2923.55 of the California Civil Code.  For the reasons detailed below, Plaintiffs'
22  claims are based upon flawed legal theories and lack any basis in fact.  Accordingly,
23  the Court should dismiss Plaintiffs' claims with prejudice.

24  **III.   STANDARD OF REVIEW**
25         A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the
26  complaint.  A Rule 12(b)(6) dismissal is proper only where there is either a "lack of
27  a cognizable legal theory," or "the absence of sufficient facts alleged under a
28  cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

1  Cir. 1988).  The court must accept all factual allegations pleaded in the complaint as
2  true, and construe them and draw all reasonable inferences from them in favor of the
3  nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.
4  1996).  However, the court need not, however, accept as true unreasonable
5  inferences or conclusory legal allegations couched in the form of factual allegations.
6  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
7        Furthermore, to satisfy Rule 8 of the Federal Rules of Civil Procedure, a
8  complaint fails to state a claim and must be dismissed if it does not "indicate which
9  individual defendant or defendants [are] responsible for which alleged wrongful
10 act."  *In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D.
11 Cal. 2003).

12 **IV.    PLAINTIFFS' TILA CLAIM MUST FAIL.**

13        Plaintiffs' rescission claim is barred on its face.  Specifically, "a borrower's
14 right to rescind a loan transaction under TILA expires three years after the date of
15 consummation of the transaction or upon the sale of the property, whichever occurs
16 first."  *Snell v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist. LEXIS 39570, at *14
17 (E.D. Cal. Mar. 26, 2015).  Furthermore, "the three year period for TILA rescission
18 claims is an 'absolute' statute of repose that cannot be tolled."  *Pratap v. Wells
19 Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1112 (N.D. Cal. 2014).  Plaintiffs' loan was
20 consummated on or about December 26, 2006.  Compl., ¶ 14; RJN, Exs. A-B.
21 Plaintiffs admit that they did not send their purported "Letter of Rescission" until
22 February 17, 2010.  Compl., ¶ 19.  Accordingly, the claim is time-barred.

23 **V.     PLAINTIFFS' GENERALIZED ALLEGATIONS RELATED TO**
24 **        SECURITIZATION AND ASSIGNMENTS OF THE DEED OF TRUST**
25 **        CANNOT SUPPORT A CAUSE OF ACTION.**

26        As can best be discerned, Plaintiffs' remaining claims appear to be premised
27 upon various standing and securitization theories.  If Plaintiffs base the claims on
28 the allegations that any assignments, notices of default, or notices of sale were

4

1    invalid because various entities lacked any interest in, or were not in possession of,

2    the Note (*see, e.g.,* Compl., ¶¶ 29a-b, 33f-g, 36i, 36k, 49, 51), the claims must fail.

3            Such theories have been readily and repeatedly rejected by state and federal

4    courts in California, such as the Court in *Jenkins v. JPMorgan Chase Bank, N.A.*,

5    which held:

6        Because a promissory note is a negotiable instrument, a borrower
         must anticipate it can and might be transferred to another creditor....
7        [The] assignment merely substituted one creditor for another, without
         changing [the borrower's] obligations under the note. As an unrelated
8        third party to the alleged securitization, and any other subsequent
         transfers of the beneficial interest under the promissory note, [the
9        borrower] lacks standing to enforce any agreements, including the
10       investment trust's pooling and servicing agreement, relating to such
         transactions.... [¶] Furthermore, even if any subsequent transfers ...
11       were invalid, [the borrower] is not the victim of such invalid transfers
12       because her obligations under the note remained unchanged.
13

14   216 Cal. App. 4th 497, 515 (2013) (internal citations omitted).

15           Similarly, Plaintiffs cannot assert any claims premised upon the validity or

16   invalidity of either Assignment of the Deed of Trust. "Plaintiffs do not have

17   standing to challenge the Assignment of [the Deed of Trust] because they are not

18   parties or third-party beneficiaries to it." *Reyes-Aguilar v. Bank of Am.*, 2014 U.S.

19   Dist. LEXIS 37036, at *15 (N.D. Cal. 2014); *accord Erlinda Abibas Aniel v. GMAC*

20   *Mortg., LLC*, 2012 U.S. Dist. LEXIS 157792, at *13-14 (N.D. Cal. 2012); *Ganesan*

21   *v. GMAC Mortg., LLC*, 2012 U.S. Dist. LEXIS 148225, at *12 (N.D. Cal. 2012)

22   (same); *Penney v. Wells Fargo Bank, NA*, 2012 U.S. Dist. LEXIS 78794 (C.D. Cal.

23   2012) (same, collecting cases).

24           Even if there were defects or errors in either assignment, "[d]efects in

25   transfers do not injure the borrower because even if there were some defect in the

26   subsequent assignment of the deed of trust, that assignment would not change

27   plaintiff's payment obligations." *Chen v. Deutsche Bank Nat'l Trust Co.*, 2014 U.S.

28

1  Dist. LEXIS 164452, at *13 (N.D. Cal. Nov. 24, 2014) (quotations and brackets
2  omitted).
3  **VI.    PLAINTIFFS' CANCELLATION CLAIM FAILS.**
4       **A. Plaintiffs Failed to Tender their Outstanding Indebtedness.**
5            Plaintiffs seek to cancel the two Assignments, the Notice of Default, a
6  Substitution of Trustee, and the Notice of Trustee's Sale.  Compl., ¶ 42.  The law is
7  well-settled that a party cannot quiet title, enjoin the power of sale, or seek
8  cancellation without paying the underlying debt.  *See, e.g., Weger v. Rocha*, 138
9  Cal. App. 109, 116 (1934) ("in the cancellation or rescission of contracts, it is
10 incumbent upon the parties seeking rescission to restore everything of value that has
11 been received.").  Further, to constitute a valid tender, "the tenderer must do and
12 offer everything that is necessary on his part to complete the transaction, and must
13 fairly make known his purpose without ambiguity, and the act of tender must be
14 such that it needs only acceptance by the one to whom it is made to complete the
15 transaction."  *Gaffney v. Downey Savings & Loan Ass'n*, 200 Cal. App. 3d 1154,
16 1165 (1988).
17           Here, Plaintiffs make no claim whatsoever that they tendered their
18 outstanding indebtedness.  *See, e.g.*, Compl., ¶¶ 40-43.  Accordingly, Plaintiffs'
19 claim fails to the extent they may seek to cancel the Note or Deed of Trust on the
20 basis of the allegedly invalid Assignments.
21      **B. Plaintiffs Fail to Plead the Required Elements of Cancellation.**
22           In addition to the fact that Plaintiffs failed to tender (or even allege tender),
23 Plaintiffs also fail to meet the elements of an equitable claim for cancellation.
24 Specifically, a plaintiff must allege: (1) reasonable apprehension that the instrument
25 left standing might cause serious injury to the plaintiff; (2) the instrument is valid on
26 its face; (3) the instrument is void or voidable; (4) the instrument was in existence or
27 under the defendant's possession and control when the action was filed; and (5) if
28

1    the interest is voidable rather than void, that the plaintiff acted promptly to rescind.

2    Cal. Civ. Code §§ 3412, 3413; *Hironymous v. Hiatt*, 52 Cal. App. 727,731 (1921).

3          The failure to plead any one of these necessary elements renders a claim

4    fatally defective.  Yet here, Plaintiffs do not allege *any* of the five required elements

5    (outside of the bald conclusion that the documents "are void for the reasons stated

6    herein" (Compl., ¶ 42) which is entitled to no weight).  Therefore, the claim must

7    fail.

8    **VII.   PLAINTIFFS' UCL CLAIM FAILS.**

9          Plaintiffs' second claim for UCL violations also must fail.  A claim under the

10   UCL requires the allegation of *particular* facts showing ongoing unlawful, unfair, or

11   fraudulent business acts on the part of the defendant.  *Khoury v. Maly's of Cal., Inc.*,

12   14 Cal. App. 4th 612, 619 (1993).

13         Here, Plaintiffs simply assert that "Defendants have engaged in unfair,

14   unlawful, and fraudulent business practices in the State of California" and that

15   "Defendants have violated Cal. Penal Code § 115 and § 532(f)(a)(4) by filing or

16   causing the Assignments to be filed with the Orange County Recorder in connection

17   with Plaintiffs' Mortgage Loan transaction with knowledge that the Assignment

18   contained deliberate misstatements and misrepresentations."  Compl., ¶¶ 45, 48.

19   Plaintiffs' failure to differentiate between any of the Defendants and their purported

20   conduct violates Rule 8, and the claim should be dismissed for this reason alone.

21   *See In re Sagent Tech, supra.*

22         **A.    Plaintiffs Lack Standing**

23         In addition to their inability to state a claim for unlawful, unfair, or fraudulent

24   business acts (*infra*), Plaintiffs also lack standing to assert a claim under the UCL.

25   To establish standing to assert a UCL claim, as amended by Proposition 64, "[a]

26   private plaintiff must make a twofold showing: he or she must demonstrate injury in

27   fact and a loss of money or property caused by unfair competition."  *Peterson v.*

28   *Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008).  A plaintiff must allege a

1 "distinct and palpable injury," one that is "concrete and particularized" and "not

2 conjectural or hypothetical." *Id.* Further, a plaintiff cannot show he suffered "injury

3 in fact" or "lost money" when he received the benefit of his bargain. *Id.* at 1591-92.

4       Here, Plaintiffs cannot satisfy the standing requirement of the UCL.

5 Specifically, they have not alleged any actual misconduct by BANA that led to their

6 purported injuries, which include their inability "to know whether [any buyer of

7 Plaintiffs' home] can safely buy Plaintiffs' home or get title insurance...; whether

8 [Plaintiffs] sent their monthly mortgage payments to the right party; and their

9 expenditure of "significant funds to cover the cost of attorneys' fees and related

10 costs." Compl., ¶ 60. None of these purported harms are concrete and

11 particularized, but are rather hypothetical. Additionally, attorney's fees incurred in

12 bringing a UCL claim are not sufficient to establish economic injury required to

13 confer standing under the UCL. *See, e.g., Cordon v. Wachovia Mortg.*, 776 F. Supp.

14 2d 1029, 1039 (N.D. Cal. 2011).

15       Plaintiffs further allege that "a cloud has been placed upon title to Plaintiffs'

16 Property" and that Plaintiffs "are unable to determine whether they sent their

17 monthly mortgage payments to the right party[.]" Compl., ¶¶ 58-59. However,

18 Plaintiffs expressly admit to executing the Deed of Trust that encumbers the

19 Property. Compl., ¶ 16. Thus, they directly received the benefit of their bargain – a

20 $1,435,000.00 loan that enabled them to refinance the Property – and any harm

21 stemming therefrom has been caused *only* by Plaintiffs' failure to pay their

22 obligations under their loan. Moreover, Plaintiffs do not allege that they made

23 payments to a loan servicer for which they were not credited. They simply fail to

24 allege any actual loss of money or property they have incurred as a result of the

25 allegedly improper Assignments. Accordingly, they have in no way alleged any

26 injury that is "concrete and particularized" and "not conjectural or hypothetical."

27 *Peterson, supra.*

28

## B. Plaintiffs cannot state a Claim for "Unlawful" Acts or Practices.

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations … as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.4th 377, 383 (1992) (quotations and citations omitted). If a claim cannot be stated under the "borrowed" law, a UCL claim cannot be stated either. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

Here, as set forth herein, Plaintiffs cannot allege any violations of underlying statutes or common law upon which the UCL claim could stand. First they allege that BANA has violated Sections 115 and 532 of the California Penal Code by filing or causing to be filed the allegedly fraudulent Assignments. Compl., ¶ 48. Section 115 of the California Penal Code forbids the filing, registering, or recording of "any false or forged instrument" in any state public office. Cal. Penal Code § 115(a). Section 532 of the California Penal Code addresses the crime of obtaining money or property by "any false or fraudulent representation or pretense." Cal. Penal Code § 532(a). Yet these statutes do not explicitly provide for a private right of action. *See Wallace v. Mortg. Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 3977, at *3 (C.D. Cal. Jan. 11, 2012). "[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999). "If the Legislature intends to create a private cause of action, we generally assume it will do so directly[,] . . . in clear, understandable, unmistakable terms." *Id.* at 62-63 (internal quotation marks and citations omitted).

Here, Plaintiffs have not shown that the penal code section in question was intended by the legislature to create mandatory duties to prevent the particular injuries Plaintiffs allegedly suffered. *See Michael R. v. Jeffrey B.*, 158 Cal. App. 3d 1059, 1066 (1984); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)

1   (finding that a private right of action under a criminal statute has rarely been implied

2   and where a private right of action has been implied, "there was at least a statutory

3   basis for inferring that a civil cause of action of some sort lay in favor of someone")

4   (internal citations omitted).  Accordingly, they cannot premise an "unlawful" UCL

5   claim on these allegations.  *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th

6   164, 178 (A claim under the UCL is "incidental to and depend[s] upon the validity

7   (or invalidity) of the preceding claims for relief," and therefore stands or falls

8   "depending on the fate of the antecedent substantive causes of action.").

9           **C. Plaintiffs cannot state a Claim for "Unfair" Acts or Practices.**

10          To state a claim under the "unfair" prong of the UCL, a plaintiff must suffer a

11  consumer injury, and "(1) [t]he consumer injury must be substantial; (2) the injury

12  must not be outweighed by any countervailing benefits to consumers or competition;

13  and (3) it must be an injury that consumers themselves could not reasonably have

14  avoided."  *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 598 (2009).

15          Here, Plaintiffs fail to meet these required elements.  First, they fail to allege

16  that they suffered an actual injury.  Next, Plaintiffs fail to allege any facts showing

17  that any purported injury was caused by "Defendants," let alone that such injury was

18  caused by *BANA*, or that it was substantial.  Further, Plaintiffs' alleged injury,

19  directly caused by their own failure to make their loan payments, is strongly

20  outweighed countervailing benefits – both consumers and competition receive

21  substantial benefit from a system that enforces parties' contractual obligations and

22  that requires adherence to these obligations without punishing the non-breaching

23  party from pursuing the security under the contracts.  Thus, they cannot state a claim

24  under the "unfair" prong of the UCL.

25          **D. Plaintiffs cannot state a Claim for "Fraudulent" Acts or Practices.**

26          Finally, Plaintiffs fail to allege a valid claim for "fraudulent" acts or practices

27  under the UCL.  As stated above, any claim under the UCL must be pleaded with

28  particularity.  Additionally, a claim under the UCL "cannot be predicated on

1  vicarious liability…. A defendant's liability must be based on his personal

2  participation in the unlawful practices and unbridled control over the practices that

3  are found to violate [the UCL]." *Emery v. Visa Int'l Serv. Assoc.*, 95 Cal. App. 4th

4  952, 960 (2002) (internal quotation marks and citations omitted). Here, none of the

5  alleged misconduct is pleaded with the required particularity, nor do Plaintiffs

6  identify any actions taken by BANA individually. Compl., ¶¶ 44-60. This failure to

7  differentiate between the various defendants and their individualized wrongful

8  conduct, which runs afoul of the particularity requirement and the personal

9  participation requirement under the UCL, is fatal to Plaintiffs' UCL claim.

10        Moreover, the "fraudulent" prong, post-enactment of Proposition 64, applies

11  where a business act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*,

12  158 Cal. App. 4th 847, 849 (2008). To satisfy this "actual reliance" requirement, a

13  private plaintiff must allege that a defendant's actions were an "immediate cause of

14  the injury-producing conduct." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)

15  (internal quotation marks and citation omitted). When the pleaded facts "do not

16  naturally give rise to an inference of causation the plaintiff must plead specific facts

17  affording an inference the one caused the other[]." *Animal Legal Defense Fund v.*

18  *Mendes*, 160 Cal. App. 4th 136, 146 (2008) (internal quotation marks and citations

19  omitted).

20        Here, Plaintiffs have not alleged that any actions taken by BANA were the

21  immediate cause of any injury-producing conduct; rather, it was Plaintiffs' own

22  failure to pay their loan obligations that caused their injury. In addition, Plaintiffs

23  do not allege that they were actually misled by any act or practice of BANA. Thus,

24  they also cannot state a "fraudulent" UCL claim.

25  **VIII.  THE CLAIMS FOR VIOLATION OF CAL. CIV. CODE §2924 FAILS.**

26        Plaintiffs allege that BANA violated Section 2924(a)(6) of the California

27  Civil Code by causing to be recorded a Notice of Default without holding the

28  beneficial interest under the Deed of Trust. Compl., ¶ 62. Plaintiffs further allege in

1 | broad terms -- with no explanation whatsoever -- that this notice of default also
2 | violates Section 2924(f).  Compl., ¶ 64.  However, Plaintiffs' claim fails.

3 |      Section 2924(a)(6) prohibits an entity from recording or causing "a notice of
4 | default to be recorded . . . unless it is the holder of the beneficial interest under the
5 | mortgage or deed of trust…."  Cal. Civ. Code § 2924(a)(6).  Even if any violation
6 | had occurred with respect to this statute, it does not involve BANA.  Rather, the
7 | Notice of Default expressly reveals that such notice was recorded by the trustee on
8 | behalf of SPS, the Loan's servicer.  *See* RJN, Ex. E.  Accordingly, the Notice of
9 | Default does not implicate any act or omission by BANA, and for the same reason,
10 | any other statutory violations tied to the Notice of Default must fail against BANA.

11 | **IX.   THE CLAIMS FOR VIOLATION OF CAL. CIV. CODE §§ 2923.5 AND**
12 |      **2923.55 FAIL AGAINST BANA.**

13 |      Under California's non-judicial foreclosure statutes, a mortgage servicer,
14 | mortgagee, trustee beneficiary, or authorized agent may not record a notice of
15 | default until the servicer has made actual contact with the borrower to discuss
16 | foreclosure alternatives, or until the servicer has attempted with due diligence to
17 | contact the borrower to discuss foreclosure alternatives.  *See* Cal. Civil Code §§
18 | 2923.5(a)(2), 2923.55(b)(2).  The Notice of Default is also required to contain a
19 | declaration of compliance with the statute.  *See* Cal. Civil Code §§ 2923.5(b),
20 | 2923.55(c).

21 |      In support of their claim for violation of these provisions, Plaintiffs claim that
22 | "none of the Defendants nor their representatives contacted the Plaintiffs to discuss
23 | their financial condition and the impending foreclosure."  Compl., ¶ 68.  Plaintiffs
24 | also allege that the Notice of Default did not contain the required declaration and
25 | was therefore noncompliant with these provisions "because Plaintiffs were never
26 | contacted by NDS or any other servicer, nor received any correspondence before the
27 | Notice of Default was recorded."  Compl., ¶ 70.

28

1    In this case, however, BANA cannot be held liable under these provisions, as

2 the statute imposes such requirements on the loan servicer. *See* Cal. Civil Code §§

3 2923.5(a)(2), (b); 2923.55(b)(2), (c). Judicially noticeable documents demonstrate

4 that BANA was not the loan servicer at the time the allegedly offending Notice of

5 Default was recorded. *See* RJN, Ex. E. Accordingly, this claim is not actionable

6 against BANA and should be dismissed.

7 **X.   CONCLUSION**

8    Not taking into account the multiple bankruptcy actions filed by Plaintiffs,

9 this is the second civil action filed by Plaintiffs in an attempt to stall foreclosure

10 proceedings. When they received a ruling in the prior action that was not to their

11 liking, they simply dismissed it and refiled it in this Court. BANA, who has no

12 ability to halt or postpone any foreclosure proceedings (as it is not the servicer), has

13 been forced to defend yet another frivolous action here. Accordingly, Bank of

14 America, N.A. respectfully requests that the Court grant its motion to dismiss the

15 action in its entirety, with prejudice.

16

17 DATED: July 23,  2015       Respectfully submitted,

18                 MCGUIREWOODS LLP

19

20

21                 By:     */s/ Adam F. Summerfield*

22                    Adam F. Summerfield

23                    Attorneys for Defendant
                        Bank of America, N.A.

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on July 23, 2015, I electronically filed the foregoing

3 document entitled  **BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND**

4 **MOTION TO DISMISS; MEMORANDUM OF POINTS AND**

5 **AUTHORITIES** with the Clerk of the Court for the United States District Court,

6 Central District of California using the CM/ECF system and served a copy of same

7 upon all counsel of record via the Court's electronic filing system.

8

9

10                              By: /s/_____ *Adam F. Summerfield*_____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28