**MCGUIREWOODS LLP**
Adam F. Summerfield (SBN #259842)
1800 Century Park East
8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210

Attorneys for Defendant Bank of America, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARSHALL S. SANDERS and LYDIA O. SANDERS AS TRUSTEE OF THE MARSHALL AND LYDIA SANDERS TRUST DATED APRIL 20, 1990,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A; WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20,<br><br>Defendants. | CASE NO. 8:15-CV-00935-AG-AS<br><br>**JOINT STATUS REPORT**<br><br>STATUS CONFERENCE:<br><br>Date: Sept. 21, 2015<br>Time: 9:00 a.m.<br>Courtroom: 10D<br><br>Complaint Filed: June 11, 2015 |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD, THE CLERK OF THE COURT, AND THE HONORABLE DISTRICT COURT:**

Defendants Bank of America, N.A. ("BANA"); Wells Fargo Bank, N.A., as Trustee, on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 ("Wells"); National Default Servicing Corporation ("NDSC"); and Select Portfolio Servicing, Inc. ("SPS," and with BANA, Wells, and NDSC, collectively, the "Defendants") have met and conferred.[1] Defendants mutually agreed to the following Joint Status Report:

## A. BRIEF SUMMARY OF THE CLAIMS.

### (1) Factual Background

Plaintiffs obtained a mortgage loan from Countrywide Bank, N.A., in the amount of $1,435,000.00, secured by a deed of trust over their property, on or about December 26, 2006. In November of 2009, the deed of trust was assigned to Wells. Plaintiffs claim that they sent a letter of rescission to Countrywide, BANA, and Wells in 2010, to which no recipient responded. A notice of default was recorded in March of 2013 by NDSC. Subsequently, a notice of trustee's sale was recorded. Plaintiffs allege that all assignments were invalid, and therefore, the subsequent foreclosure documents were invalid and void.

### (2) The Claims

Plaintiffs filed the instant suit in federal court on June 11, 2015. Plaintiffs have brought the following claims: (i) Rescission under 15 U.S.C. § 1635 (against BANA and Wells); (ii) Cancellation under Cal. Civ. Code § 3412; (iii) Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (iv) Violation of Cal. Civ. Code §§ 2924(a)(6) and (f)(3); and (v) Violation of Cal. Civ. Code §§ 2923.5 and 2923.55. On September 11, 2015, Plaintiffs filed a First Amended Complaint ("FAC")

---

[1] Defendants also met and conferred with Plaintiffs regarding the preparation of this report. However, on the date that this report was due for filing, Plaintiffs provided a marked-up copy in which all text had been crossed out with no explanation. Accordingly, Defendants submit this report only on their behalf, and not on behalf of Plaintiffs, despite Defendants' best efforts.

against the Defendants. It is unclear from the face of the FAC what causes of action and prayer for relief Plaintiffs are asserting, if any.

## B. STATUS OF SERVICE ON ALL DEFENDANTS AND CROSS-DEFENDANTS

Defendants believe that all named parties have been served at this time with the Complaint and FAC.

## C. POSSIBLE JOINDER OF ADDITIONAL PARTIES

Defendants do not foresee the need to join any additional parties at this time.

## D. CONTEMPLATED AMENDMENTS TO THE PLEADINGS

BANA presently has a motion to dismiss set for hearing before the Court on September 21, 2015. Dkt. No. 14. The other Defendants have a motion to dismiss set for hearing before the Court on October 26, 2015. Dkt. No. 18. Plaintiffs filed a First Amended Complaint ("FAC") on September 11, 2015. BANA will be filing a motion to strike Plaintiffs' FAC pursuant to FRCP 15(a) on the grounds that the FAC was untimely and Plaintiffs did not seek leave to amend from the Court, and because the FAC does not assert any causes of action. SPS, Wells, and NDSC will be filing a joinder to BANA's motion to strike.

## E. THE STATUTORY BASIS FOR JURISDICTION AND VENUE

Plaintiffs filed their original Complaint in federal court based upon diversity jurisdiction, 28 U.S.C. § 1332. Further, Plaintiffs filed their original Complaint in this venue on the bases that they reside in this judicial district, and the real property which is the subject matter of the action is situated in this district, 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## F. ANTICIPATED DISCOVERY, AND THE SCHEDULING OF DISCOVERY

Defendants anticipate that discovery will be needed on all issues raised in the pleadings, including, but not limited to, all discoverable and relevant information

relating to the communications between the parties and information relating to Plaintiffs' loan modification efforts. Defendants do not anticipate that discovery will need to be conducted in phases. Additionally, Defendants believe that, given the status of the pleadings, they cannot provide any anticipated dates for discovery with any certainty. As such, Defendants request that this issue be reserved until the pleadings are at issue.

Defendants wish to reserve setting a case schedule until the pleadings are at issue. However, if the Court requires a proposed schedule, Defendants propose the following estimated timeline for discovery and the administration of the case:

1. Defendants have no request to change timing, form, or requirement for disclosures under Rule 26(a), nor do they require any changes in the normal discovery process. Defendants request that the Court permit initial disclosures to be made within 30 days of the case being at issue. Alternatively, if the Court does not permit such a request, Defendants will make their initial disclosures within 14 days of the Scheduling Conference.

2. Defendants intend to conduct discovery on the issues raised by Plaintiffs, as evidenced by whatever the operative complaint will be, as well as the issue of what damages, if any, Plaintiffs have suffered. Further, as no discovery has yet been undertaken, Defendants cannot decide at this time whether any documents they have are subject to privilege or a protective order.

3. Defendants request no changes to the current limitations on discovery.

4. Defendants agree that expert discovery should close thirty days (30) before filing dispositive motions and forty-five (45) days after fact discovery closes, and that experts should be disclosed within fifteen (15) days of the close of fact discovery and rebuttal experts should be disclosed within thirty (30) days of the close of fact discovery.

5. Defendants agree that fact discovery cutoff date should be forty-five (45) days

before expert discovery closes.

## G. PROPOSED DATE BY WHICH ALL NON-DISCOVERY MOTIONS SHALL BE FILED

At this point, Defendants agree that it is premature to speculate as to any anticipated law and motion or hearing dates. As indicated above, the Defendants have pending motions to dismiss, BANA will be filing a motion to strike Plaintiffs' FAC, and SPS, Wells, and NDSC will be filing a joinder to BANA's motion to strike. Therefore, the pleadings are not at issue, and it is unknown what, if any, claims will survive, or whether Plaintiffs will be given leave to amend. Defendants also intend to file Motions for Summary Judgment if their Motions to Dismiss are denied. Nevertheless, based upon the claims and defenses existing to date, Defendants propose that the last day to file non-discovery dispositive motions should be forty-five days (45) before the pretrial conference.

## H. PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL

As a preliminary matter, Defendants agree that until such time as the pleadings are set and the legal issues are framed in this matter, the scheduling of law and motion deadlines, discovery deadlines and trial related deadlines is premature. Nevertheless, based on the claims and defenses existing to date, Defendants propose the following dates:

1. Trial date of August 29, 2016; and
2. Pretrial conference to be held (14) days before trial.

## I. ESTIMATE OF DAYS OF TRIAL

Defendants estimate 2-5 days for the jury trial.

## J. APPROPRIATENESS OF SPECIAL PROCEDURES SUCH AS REFERENCE TO A SPECIAL MASTER OR AGREEMENT TO TRY

## THE MASTER BEFORE A MAGISTRATE JUDGE PURSUANT TO 28 U.S.C 636(c)

Not applicable.

## K. PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES DUE TO THE SPECIAL NATURE OF THE CASE

Not applicable.

## L. WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTER INVOLVING BANKRUPTCY

1. Plaintiffs previously filed an action in Orange County Superior Court against all Defendants (except Wells), Case No. 30-2014-00757782; Plaintiffs dismissed that action without prejudice on June 9, 2015.

2. Plaintiff Marshall Sanders filed a Chapter 13 Bankruptcy on June 15, 2015, Case No. 8:15-bk-13011; The Bankruptcy was dismissed on August 26, 2015;

3. Plaintiff Marshall Sanders, in connection with the above Bankruptcy, filed an adversary proceeding against, *inter alia*, BANA and Wells on July 29, 2015, Case No. 8:15-ap-1319.

4. Plaintiff Marshall Sanders appealed the dismissal of his Bankruptcy, filing an amended notice of appeal on August 28, 2015.

## M. PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED

Defendants have discussed opening up informal settlement discussions with Plaintiffs. Further, Defendants have discussed options for Alternative Dispute Resolution with Plaintiffs, and Defendants agree that the Court Mediation Panel is preferred.

DATED: September 14, 2015         Respectfully submitted,

                                  MCGUIREWOODS LLP

                                  By:    /s/ Adam F. Summerfield
                                         Adam F. Summerfield[2]
                                         Attorneys for Defendant
                                         Bank of America, N.A.

DATED: September 14, 2015         Respectfully submitted,

                                  LOCKE LORD LLP

                                  By:    /s/ Aileen Ocon
                                         Aileen Ocon
                                         Attorneys for Defendants
                                         Select Portfolio Servicing, Inc.; Wells
                                         Fargo Bank, N.A., as trustee, on behalf of
                                         the Holders of the Harborview Mortgage
                                         Loan Trust Mortgage Loan Pass-Through
                                         Certificates, Series 2007-1; and National
                                         Default Servicing Corporation

---

[2] Pursuant to Rule 5-4.3.4(a)(2)(i) of the Central District's Local Rules, the above signatory attests that all of the signatories listed on the signature pages, and on whose behalf this filing is submitted, concur with the content and the filing of this document.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, I electronically filed the foregoing document entitled **JOINT STATUS REPORT** with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

I served a copy of the above to:

Lydia O. Sanders
Marshall S. Sanders
1621 Kensing Lane
Santa Ana, CA 92705

By: /s/ *Adam F. Summerfield*