Lodged Proposed Order

Marshall Samuel Sanders, *Pro Se*
Lydia Ong Sanders, *Pro Se*
1621 Kensing Lane
Santa Ana, CA 92705-3074
Telephone: (714) 665-8012
Facsimile: (714) 665-8012
E-mail: marshallssander@yahoo.com

Marshall S. Sanders and Lydia O. Sanders, Trustee(s), or any Successor Trustee(s) of the Marshall and Lydia Sanders Trust Dated April 20, 1990, appearing as Trustees, *Pro Se*

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION-SANTA ANA

| | |
|---|---|
| Marshall S. Sanders and Lydia O. Sanders, Trustee(s) of the Marshall and Lydia Sanders Trust Dated April 20, 1990, <br><br> Plaintiff, <br><br> vs. <br><br> Bank of America, N.A.; Wells Fargo Bank, N.A., as trustee, on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1; National Default Servicing Corporation; Select Portfolio Servicing, Inc.; and Does 1-20, <br><br> Defendants. | Case No.: 8:15-cv-00935-AG-AS <br><br> NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY EX PARTE APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER TO CANCEL AND ENJOIN A TRUSTEE'S SALE SCHEDULED FOR SEPTEMBER 22, 2015 AT 12:00 NOON AND FOR PRELIMINARY INJUNCTION <br><br> Date: <br> Time: <br> Courtroom: <br><br> Trustee's Sale Date: September 22, 2015 <br> Trustee's Sale Time: 12:00 P.M. |

NOTICE IS HEREBY GIVEN THAT on September 14, 2015, or as soon thereafter as the matter may be heard in a Department of the above-entitled Court located at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, the Plaintiffs, Marshall S. Sanders and Lydia O. Sanders of the

- 1 -

Memorandum of Points and Authorities in Support of Emergency Ex Parte Application
and Motion for Temporary Restraining Order to Cancel and Enjoin a Trustee's Sale

Marshall and Lydia Sanders Trust dated April 20, 1990 (hereafter, "Plaintiffs"), move this Court to enter a Temporary Restraining Order canceling and enjoining a Trustee's Sale presently scheduled for September 22, 2015, and for a preliminary injunction precluding any foreclosure or foreclosure-related activity (jumping homeowner's fence to see if the home has been abandoned) (breaking and entering for the purpose of installing lockout devices)(poisoning pets in an attempt to frighten homeowners to move out)(coming onto property and peering into windows)(attempting to cut electricity, natural gas [in winter], and water utilities' services in an effort to cause homeowners to abandon the home) (taking photographs and video recording the premises using tall, pole-mounted devices to peek over shrubs, solid gates, and other hindrances to recording and photographing, acts designed to reveal activity(ies) of occupant(s) or premises property conditions), all of which incidents have been video-captured using homeowners' own closed-circuit video surveillance equipment (homeowner having been in the security business for more than 40 years), pending the full disposition of this action on the merits on the grounds that:

1. Plaintiffs have sued Bank of America, National Association (hereafter, "BA"), Wells Fargo Bank, N.A., as trustee on behalf of Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 (hereafter, "WF"), National Default Servicing Corporation (hereafter, "ND"), Select Portfolio Servicing, Inc. (hereafter, "SP"), and Does 1-20 for numerous causes of action including violation of the California Homeowner's Bill of Rights and to cancel and enjoin a Trustee's Sale, foreclosure auction sale, of the Plaintiffs' primary, owner-occupied residence currently scheduled for September 22, 2015 at 12:00 P.M. by operation of law the result of a Truth-in-Lending Act rescission (see corresponding exhibits attached hereto a made a part hereof, particularly "bank's" acknowledgement [but failure to do anything about it] letter and bank's counsel's acknowledgement letter, although, disingenuously, and fraudulently, bank's current counsel

states that the bank never received such notice of rescission (irrelevant under TILA and also under the mailbox rule), 15 U.S.C. § 1635.

Exceedingly briefly, to spare the Court's precious time, there are at least six (6) major bases upon which, after surviving a Motion to Dismiss and Summary Judgment, and after a full trial on the merits, this Court could hold in Plaintiffs' favor, at least in so far as Defendants lack jurisprudential standing to even be in Court in the first place, since, after mailing the notice of rescission (and Defendant Bank of America, and Bank of America's counsel, acknowledging it)(see prior Exhibits attached to First Amended Complaint [hereafter, "FAC"]), by operation of law, Bank of America had no alternative under TILA but to reconvey the security instrument (here, the deed of trust), cancel the Note, and return all monies paid, none of which BA did, or alternatively, BA, under TILA, had 20 days to file suit to vacate the rescission, but BA did not do that either. Instead, BA did nothing. Their letter claiming that the rescission was time-barred, under TILA, is statutorily noncompliant and thus irrelevant. They had to sue me. I didn't need to do anything further.

Those six (6) major bases, in order of the time effected (approximate date identified), are as follows:

(1) No "loan" ever consummated. America's Wholesale Lender ('AWL")(see "closing" documents exhibits included in the First Amended Complaint and not included here so as not to burden the Clerk of the Court with redundant and voluminous exhibits) never existed in time or space. It's hard to have a "loan" with a nonexistent entity. Actually, such a "loan" is a nullity. It isn't simply voidable but just plain void ab initio. Effective date: Prior to "loan" origination…approximately September 2006…months before the purported "closing," more aptly put, victimization. If Countrywide/Bank of America wanted a "real" loan, then they should have used a real lender.

(2) I don't know if this is a good "order" but I'll try my best: "Standing." Defendants lack jurisprudential standing for myriad reasons. One good one is that they paid/exchanged no

Memorandum of Points and Authorities in Support of Emergency Ex Parte Application and Motion for Temporary Restraining Order to Cancel and Enjoin a Trustee's Sale

consideration for the "loan," and if they did, let them prove it with a "real" money trail plain for anyone to understand, and not with fabricated, forged, robosigned and fraudulent documents. The fact that the county recorder took in the documents and recorded them does not mean that the documents are not fabricated, forged, robosigned and fraudulent, recorded solely for the purpose of foreclosure by parties without any legal interest therein but instead in order to obtain a free house at some unsuspecting homeowner's expense. Effective date: prior to loan "origination."

(3) Commonly known as *Wozab*, but also known as the security first rule, and also, the one-form-of-action rule, Defendant Bank of America, without consent or privilege, and after a declared event of default (which elsewhere is alleged to be a contrived event of default when in fact there was no default for the "creditors" were continuously being paid, were whole, and were not aware of Bank of America's contrived default, a unilateral act without investor knowledge or consent to obtain a free house, at both the homeowner's expense and the investor's expense), Bank of America illegally and unlawfully "swept" Plaintiffs' bank account clean, leaving nothing, and applied the "stolen" funds to its own "account" by offsetting the amount of the contrived declared default to reduce the amount of the "loan," which was no loan at all, for all of the above-stated bases already. This was a pure act of theft. "If" Bank of America had foreclosed first and had not put its hands to Plaintiffs' bank account, different story, then in that instance, Bank of America might have obtained a free house. But by going after low-hanging fruit, Plaintiffs' bank account, and taking every last penny out, and applying the money to the purported debt of the "loan" that for all of the reasons above-stated was void ab initio, void by operation of law, void by virtue of the fact that the "lender" was a non-existent entity, or for any other reason, Bank of America thus used up its one form of action and cannot now proceed against Plaintiffs' home to not just obtain a free house, but also, free money. The sum Bank of America stole is irrelevant. The fact that Bank of America picked the low road and stole its way to a

- 4 -
Memorandum of Points and Authorities in Support of Emergency Ex Parte Application and Motion for Temporary Restraining Order to Cancel and Enjoin a Trustee's Sale

remedy means they do not get a second remedy, foreclosure. Bank of America must live with the remedy chosen.

(4) We've pretty well beaten this one to death, and every court that has looked at it seems bent to rule against the Supreme Court of the United States by reading between some lines that only the court then interpreting the statute fathoms, or alternatively, the mantra that *Jesinoski* is narrow and therefore no other case gets to "fit," has stymied Plaintiffs to date, in bankruptcy and here. Thus, permit me to say, simply, if there was not, nor could have been, "consummation," since the "lender" was not real, and thus no lender was identified, inimical to the whole purpose Congress wrote and passed the Truth-in-Lending Act, then logically and reasonably, there has been a deliberate concealment on the part of the "lender" to hide its identity, to what would seem to be no beneficial purpose to anyone unless the purpose was to hide a far wider and highly complex "theft" clothed as legitimate lending, which in reality was a global Ponzi taking in trillions from investors to ultimately bilk them while obtaining, to date, more coming daily, 15 million free houses. I do not contend for an instant that this Court or any other court is going to change the world or change how lending is practiced by the financial services industry, domestically and globally, however, I'm just one pea in a giant pod (the world) and I hope that at least this Court will consider the fact that this one Plaintiff is about to be ground to dust by a "machine" he could not possibly have imagined, that machine is today's financial services industry, of which, Bank of America is a critical and key player, so much so, that even this Plaintiff, as a homeowner, was forced to pay for its shortcomings via the taxpayer bailout. So, in essence, this Plaintiff-homeowner has already "paid," and unless this Court drills down deeper than perhaps it ever has before on just another foreclosure case, well, from dust I came, and courtesy of Bank of America, to dust I am about to return. This basis is TILA rescission effective

upon mailing. The date mailed was February 17, 2010. (Exhibit previously provided…multiple times).

(5) Again, I do not wish to belabor this basis, for surely the Court has heard it ad nauseum, and has perfectly good reasons for rejecting it. But, today, in front of The Supreme Court of California, sits a case which will decide whether a borrower may challenge a late assignment of either a Note or Deed of Trust into an Internal Revenue Code-sanctioned Real Estate Mortgage Investment Conduit ("REMIC") for tax-avoidance purposes. The Court has previously been provided with numerous exhibits of assignments, all of which "fail" to make it into the REMIC (Harborview, 2007-1) prior to the cut-off date identified in the Pooling and Servicing Agreement ("PSA")(which I'm confident this Court does not want another copy of, so I won't provide another, and unless and until the Court orders me to provide one, or two, or three). All Plaintiffs ask the Court is to stay proceedings pending the decision in *Yvanova* now pending at the California Supreme Court (which case will either accept or reject *Glaski*), and one way for the Court to accomplish such a stay is to grant the Temporary Restraining Order and Preliminary Injunction.

(6) Finally, this last basis: The California Homeowner Bill of Rights. Once again, I'll be brief, not because there are not facts and details critically important, but to respect the Court's resources at this juncture and get to the point speedily upon which the Court might have a reasonable basis to rule. In 2008, while Countrywide was yet functioning and prior to Bank of America entering the picture, Plaintiff made dozens of contacts with Countrywide seeking help in the form of a loan modification, specifically, and the response was always the same: "Mr. Sanders, you are one of our best customers. You have never been late. We cannot help people like you. There is only one way to become eligible for a loan modification. You must be in default. The way to be in default is to stop making your mortgage payment for ninety (90) days. Then you will be eligible for a loan modification." The clear

message was "default." But what was not said was that "if" you follow our "suggestion," we intend to foreclose and evict, and 15 million homeowners can readily testify to the true intentions of Bank of America, and every other bank. Thus, besides many, many facts relevant to violations of specifically the California Homeowners' Bill of Rights, certainly the outright scripted misdirection of Plaintiffs is one good reason and basis for issuance of the requested temporary restraining order.

2. The factual allegations of the Complaint, and the First Amended Complaint, which specifically incorporated the Complaint, not specifically incorporated herein are incorporated herein by reference, together with the entirety of exhibits attached to and made a part thereof, of the First Amended Complaint, but are not submitted again here for the sake of not burdening the Clerk or the Court unnecessarily.

3. Defendants have threatened an unlawful foreclosure sale of Plaintiffs' primary, owner-occupied residence.

4. Plaintiffs have been threatened with foreclosure of their unique property by the Defendants.

5. Federal Rue of Civil Procedure 65 allows this Court to issue a temporary restraining order if a verified complaint shows that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition and the movant certifies in writing any efforts made to give notice and the reasons why it should not be required (lack of jurisprudential standing). The Trustee's Sale of Plaintiffs' property will result in immediate and irreparable injury. Wife, Lydia O. Sanders, just underwent her second surgery to remove breast cancer, and is in process of undergoing radiation treatment; an adult disabled daughter also resides in the home; and husband himself is disabled, thus it would be a "killer" to be forced to get out of our home; especially in light of the fact that *Yvanova*, like *Glaski*, like *Jesinoski* are game changers in the foreclosure arena, and potentially could unwind judicial decisions that have been wrong for many, many years, and put back

Memorandum of Points and Authorities in Support of Emergency Ex Parte Application and Motion for Temporary Restraining Order to Cancel and Enjoin a Trustee's Sale

many people into the homes that court decisions have deprived them of. For all of the above-stated reasons and bases, the Trustee's Sale of Plaintiffs' property will result in immediate and irreparable harm and injury and Plaintiffs have attempted to provide notice to the adverse parties.

DATED: September 13, 2015

_____
Marshall S. Sanders, Trustee
*In Pro Per*

_____
Lydia O. Sanders, Trustee
*In Pro Per*

## CERTIFICATE OF SERVICE

BY PERSONAL DELIVERY OR ELECTRONIC MAIL OR U.S. MAIL (PRECISE METHOD INDICATED NEXT TO JUDGE OR PARTY OR COUNSEL)

I, the undersigned, state that I am a citizen of the United States, a resident of the County of Orange, State of California, and that I am over the age of eighteen (18) years and not a party to the within cause; and that my residence address is 1621 Kensing Lane, Santa Ana, California 92705-3074.

I am readily familiar with the mailing practice in my neighborhood for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of daily affairs, correspondence is deposited with the United States Postal Service the same day it is submitted for mailing. On August 19, 2015, I served a true copy of: **NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY EX PARTE APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER TO CANCEL AND ENJOIN A TRUSTEE'S SALE SCHEDULED FOR SEPTEMBER 22, 2015 AT 12:00 NOON AND FOR PRELIMINARY INJUNCTION; AND, MEMORANDUM OF POINTS AND AUTHORITIES**

upon:

Hon. Andrew J. Guilford, 411 W. Fourth St., Courtroom 10D, Santa Ana, CA 92701 (via the clerk's widow as instructed by court personnel)
Locke Lord, 300 S. Grand Avenue, Suite 2600, Los Angeles, CA 90071-3194: csison@lockelord.com; sdelrahim@lockelord.com; aileen.ocon@lockelord.com
Adam Frederick Summerfield, McGuire Woods LLP, 1800 Century Park East, Suite 900, Los Angeles, CA asummerfield@mcguirewoods.com

[XX] By Electronic Mail – serving the enclosed via e-mail transmission to each of the parties with an email address.

[ ] By U.S. Mail – by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence, enclosed in a sealed envelope, with postage fully prepaid, addressed to all parties who do not have an email address.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Santa Ana, California on September 14, 2015

Starr Sanders