Marshall Samuel Sanders
1621 Kensing Lane
Santa Ana, CA 92705-3074
Telephone: (714) 665-8012
Facsimile: (714) 665-8012
E-mail: marshallssanders@yahoo.com

Marshall S. Sanders and Lydia O. Sanders, Trustee(s), or any Successor Trustee(s) of the Marshall and Lydia Sanders Trust Dated April 20, 1990, appearing for themselves as trustees, *Pro Se*

FILED 2015 SEP 14 AM 11:50 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION
# SANTA ANA

| | |
|---|---|
| MARSHALL S. SANDERS and LYDIA O. SANDERS, TRUSTEE(S) OF THE MARSHALL AND LYDIA SANDERS TRUST DATED APRIL 20, 1990.<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20<br><br>Defendants | Case No.: SACV 15-00935 AG (ASx)<br><br>**DECLARATION OF LYDIA ONG SANDERS IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO CANCEL AND ENJOIN A TRUSTEE'S SALE; AND, SEPARATELY, REPLACEMENT OF COUNSEL FOR CAUSE**<br><br>Date:<br>Time:<br>Dept.:<br><br>Trustee's Sale Date: September 22, 2015<br>Trustee's Sale Time: 12:00 P.M. |

COMES NOW Plaintiffs, MARSHALL SAMUEL SANDERS and LYDIA ONG SANDERS AS TRUSTEE(S) OF THE MARSHALL AND LYDIA SANDERS TRUST DATED APRIL 20, 1990 ("Plaintiffs" and/or "Homeowners") who provide the following Declaration of Lydia Ong Sanders in support of her motion for a Temporary Restraining Order and Preliminary Injunction to cancel and enjoin a trustee's sale scheduled for September 22, 2015:

## DECLARATION OF LYDIA ONG SANDERS

1. My name is Lydia Ong Sanders and I have personal knowledge of the facts set forth in this affidavit, which I make in support of my Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction to cancel and enjoin a Trustee's Sale of my property that is presently scheduled for September 22, 2015.

2. I have sued Defendants, Bank of America, N.A. (hereafter "Bank of America"); Wells Fargo Bank, N.A., as Trustee On Behalf Of The Holders Of The Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 (hereafter "Wells Fargo"); National Default Servicing Corporation (hereafter "NDS"); Select Portfolio Servicing, Inc. (hereafter "SPS"); and Does 1-20, to enjoin a threatened foreclosure.

3. I am and have been the owner of the residential real property described in the Complaint that is my primary residence since 2003.

4. On or about December 26, 2006, as Trustee of the Marshall and Lydia Sanders Trust dated April 20, 1990, I signed a seemingly never-ending stack after stack of "loan" documents pushed across a very large table. The documents were positioned in front of me by an officer of First American Title Insurance Company as agent for America's Wholesale Lender, for my initials and for my signatures, time after time after time. I was sternly warned not to read them, or else, I would be preventing employees from going home on time. Nor was I to make changes. Further, the loan documents were on the verge of expiring. If loan documents expire there would be no loan. The whole process must start over from the beginning. There is no assurance another loan would be approved. So I signed as fast as I could. America's Wholesale Lender had already dragged me past the point of no return and it would have been virtually impossible to start over with an entirely new lender. Besides, home values, the overall housing market, and the economy, all which greatly

Sanders v. Bank of America, N.A. et al.                    Declaration of Lydia Ong Sanders

2

affected this "loan," I had been told, were slipping, and there were indications that a recession was coming. The mass media and financial pundits were reporting daily that monetary Armageddon was here. Under these oppressive conditions and exigent circumstances, not to mention promises I had undertaken in reliance on this refinance, I rapidly initialed and signed, without reading a word. [On the way home in the car, my husband, Marshall Samuel Sanders, remarked to me that they may as well have held a gun to his head.] I could have said the same thing. They may as well have held a gun to my head.

5. America's Wholesale Lender appeared in very large bold face type. Though I was unable to read what I was signing, I did glimpse (or at least try to) as I was signing. This in order to try to understand terms and conditions, but all I could "catch" was the largest and boldest of the print.

6. The documents were from America's Wholesale Lender; that much I got. I presumed that the Note and Deed of Trust were likewise America's Wholesale Lender. But I had been told, and what I had in front of me, the part I couldn't help notice for size and boldness, that America's Wholesale Lender and Countrywide were one company. So, in my mind they were the same. America's Wholesale Lender and Countrywide were the same company. Therefore, it didn't matter which name was on the documents being signed, any of them. America's Wholesale Lender was Countrywide. Countrywide was America's Wholesale Lender.

7. I was entering into a refinance of my existing Countrywide loan. That loan was to be paid off. The balance on the Countrywide loan at that time, the time when it would be paid from the *new* Countrywide loan, was over one million dollars ($1,000,000.00).

8. For purposes of the Truth-in-Lending Act ("TILA") this was a *refinance*.

9. More specifically, for purposes of *rescission* under TILA, this was a refinance.

Sanders v. Bank of America, N.A. et al.     Declaration of Lydia Ong Sanders

3

10. I entered into a residential mortgage loan transaction with America's Wholesale Lender/Countrywide. The residential mortgage loan transaction consisted of a Note and Deed of Trust securing my home.

11. Some time after March 5, 2013, I received a "Notice of Default and Election to Sell Under Deed of Trust" dated March 5, 2013 (hereafter "Notice of Default", a copy attached to the Complaint as Exhibit "C" and incorporated herein by reference) from NDS as the purported Trustee.

12. The Notice of Default did not identify the beneficiary or mortgagee, but did direct me to contact Defendant SPS. The Notice of Default further claimed that Defendant NDS was acting as Trustee.

13. The Notice of Default states "The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code §2923.55 declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.55." (Recorded March 6, 2013). None of the Defendants or anyone claiming to represent the Lender under my loan ever contacted me to discuss the loan or any alleged outstanding default, or any alternatives to avoid foreclosure. None of the named Defendants ever made any good faith attempt to resolve the issues raised in the Notice of Default. Furthermore, I dispute the claims made in the Notice of Default including the claimed amount owed.

14. Since January 1, 2013 I have not been contacted by any of the named defendants or anyone purporting to be acting on their behalf. I have not been provided any information about a single point of contact as prescribed by the recently enacted Homeowner's Bill of Rights.

---

*Sanders v. Bank of America, N.A. et al.*                              *Declaration of Lydia Ong Sanders*

15. I never received any letter from any of the named Defendants or anyone purporting to be acting on their behalf; that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

16. I never received any certified letter from any of the named Defendants or anyone purporting to be acting on their behalf; that includes the certified letter made available by HUD to find a HUD-certified housing counseling agency.

17. While I have not been provided with a Notice of Trustee's Sale it is my understanding a foreclosure sale of the Property has been scheduled for September 22, 2015 at 12:00 P.M.

18. I have never been provided with any assignment or other documentation that demonstrates that Defendant BofA, SPS, NDS or Wells Fargo acquired the full and unencumbered interest in the mortgage loan from the original lender (non-party [America's Wholesale Lender {non-existent}]/Countrywide).

19. I have never been provided with any Substitution of Trustee, or other documentation that demonstrates, Defendant NDS was duly appointed by the Lender as Successor Trustee per the terms and conditions of the Deed of Trust.

20. On February 17, 2010, I mailed a letter of rescission to Countrywide Bank, N.A., BofA, Wells Fargo and other third parties formally cancelling and rescinding the loan that is the subject of this litigation. A true and correct copy of the letter of rescission is attached hereto as Exhibit "A" and incorporated herein by this reference as though set forth here.

21. I was never provided with the disclosures that I understood the Lender was required to provide under the Federal Truth in Lending Act.

22. I had requested that Bank of America, Countrywide and Wells Fargo take steps to cancel the mortgage, release its security interest, if any, in the subject Property, and refund all of the sums that I paid from origination of the loan to the present.

23. As of the date of this declaration and certainly within the 20 days under the Federal Truth in Lending Act, none of the Defendants sued me as required under TILA and *Jesinoski* if they disputed the exercise of my TILA **right of rescission**, the 3-day, and/or 3-year statute of repose, notwithstanding, nor did they take any steps to comply with my requests, as set forth in my TILA rescission letter as I have not received any refund of any of my payments and I have not received any documents canceling or rescinding the deed of trust and the note.

24. In light of my exercise of my TILA right of rescission, there is no longer a security interest, if any, in the subject Property and therefore foreclosure of the deed of trust, would be a nullity, if a Trustee's Sale were to be conducted by the Defendants. Such Trustee's Sale would be void, not voidable, and void ab initio. The deed of trust and the note were void **by operation of law** at the point my letter exercising my TILA right of rescission was placed into the mail. Therefore, the deed of trust upon which Defendants have scheduled a Trustee's Sale for September 22, 2015, is in and of itself an unlawful act, causing me continued financial injuries and personal injuries, the result of being subjected, for years now, to illegal debt collection practices, and other illegal practices, under the Federal Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and myriad other consumer protection laws, statutes, ordinances, rules and regulations, including administrative regulatory orders, both state and federal.

25. The deed of trust is void.

26. The note is void.

27. Defendants owe Plaintiffs the return of all monies paid.

28. The Property is *unique* and money cannot replace my home. There are three (3) disabled adults living in the home. One of them is I. All of who have been harmed already by the foreclosure process and continue to be harmed by the hot pursuit of our home by Defendants. If a Court Order canceling the Trustee's Sale is not entered and the Property is lost through a Trustee's Sale, my family and I will suffer *irreparable harm* and the Property, which is the subject of this lawsuit, *will be lost* and thus any judgment or other redress I might subsequently obtain will not have a positive effect.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the attached exhibits are true and correct copies of the referenced documents.

Executed on this 14th day of September, 2015 in Santa Ana, California.

_____
Lydia Ong Sanders