UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-935-AG (ASx) | Date | September 15, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:** [IN CHAMBERS] ORDER NOTIFYING PLAINTIFFS OF PRO SE CLINIC, DENYING EX PARTE APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER, ISSUING ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND VACATING HEARINGS ON MOTIONS TO DISMISS

Plaintiffs Marshall S. Sanders and Lydia O. Sanders (collectively, "Plaintiffs") were represented by counsel until August 27, 2015. (Dkt. Nos. 22, 23.) Raising some concerns that they may be the plaintiffs that cried wolf, Plaintiffs have now filed their second application for a Temporary Restraining Order ("TRO") to prevent an alleged foreclosure sale.

Defendants are Bank of America, N.A.; Well Fargo Bank, N.A., as trustee, on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1; National Default Servicing Corp.; and Select Portfolio Servicing, Inc. (collectively, "Defendants").

This Order discusses several facets of this lawsuit, including Plaintiffs' representation pro se, necessary background, the pending "Emergency Ex Parte Application and Motion for Temporary Restraining Order to Cancel and Enjoin a Trustee's Sale Scheduled for September 22, 2015 at 12:00 Noon and for Preliminary Injunction" ("Application") (Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-935-AG (ASx) | Date | September 15, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

No. 26), an Order to Show Cause re Preliminary Injunction ("OSC"), and the filing of Plaintiffs' First Amended Complaint ("FAC").

## 1. PRO SE CLINIC

The Court notes that Plaintiffs are no longer represented by a lawyer. People who represent themselves in court without a lawyer are called "pro se litigants." Whether acting as plaintiffs or defendants, pro se litigants in federal court face special challenges. The Public Law Center runs a Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get free information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. More information about the clinic may be found at http://court.cacd.uscourts.gov/cacd/ProSe.nsf and select "Pro Se Clinic - Santa Ana."

The Court encourages Plaintiffs to seek help in the Pro Se Clinic moving forward.

## 2. BACKGROUND

In December 2014, Defendant Bank of America, N.A. removed a lawsuit to this Court. Plaintiffs in that lawsuit were also Marshall S. Sanders and Lydia O. Sanders and they sued Bank of America, N.A.; National Default Servicing Corp.; and Select Portfolio Servicing, Inc. as defendants. The removed lawsuit concerned the same real property at issue in this lawsuit. Bank of America, N.A. removed the case while a temporary restraining order was in place that was issued by the state court. That earlier removed action is *Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, SACV 14-1903-AG (ANx). When that lawsuit was removed, the Court issued a temporary restraining order "under the same terms as the state court temporary restraining order." (SACV 14-1903-AG (ANx), Dkt. No. 8, at 1.) The Court also issued an OSC concerning subject matter jurisdiction. (*Id.*, at 2.) Responding to the OSC, Defendant Bank of America, N.A. stipulated to remand, (*Id.*, Dkt. No. 9, at 3), and the Court ordered that the case be remanded, (*Id.*, Dkt. No. 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-935-AG (ASx) | Date | September 15, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

Then on Thursday, June 11, 2015, at 5:43 p.m. and 5:52 p.m., respectively, Plaintiffs filed the pending lawsuit, (SACV 15-935-AG (ASx), Dkt. No. 1), and an "Ex Parte Application and Motion for Temporary Restraining Order to Cancel and Enjoin Trustee's Sale Scheduled for June 15, 2015," (Dkt. No. 2). Plaintiffs were represented by counsel in June 2015, and that counsel was the same counsel they had during the December 2014 removal. Defendants opposed Plaintiffs' request for a TRO. (Dkt. No. 8.) In ruling on the June 2015 TRO, the Court stated that

> The Notice accompanying the Application states that a Trustee's Sale is "presently scheduled for [Monday] June 15, 2015." (Notice of Ex Parte Application, Dkt. No. 2, at 2.) Both Marshall and Lydia Sanders declare that "While I have not been provided with a Notice of Trustee Sale it is my understanding a foreclosure sale of the Property has been scheduled for June 15, 2015 at 12:00 P.M." (Marshall Sanders Decl., Dkt. No. 2-1, ¶ 11; Lydia Sanders Decl., Dkt. No. 2-2, ¶ 11.)
>
> . . .
>
> Among other things, Plaintiffs have not convinced the Court that they are "without fault in creating the crisis that requires ex parte relief." The Court essentially received the Application on the last business day before the alleged sale is to take place. Plaintiffs fail to provide sufficient details concerning how and when they got their "understanding" that the sale is to take place on June 15, 2015 and why their filing was so close to the alleged sale date. Here Due Process concerns are strong, in part, because the relief requested is cancelling the alleged sale.

(Dkt. No. 10, at 2.) The Court denied the June 2015 TRO. (*Id.*, at 3.) Based on the pending Application, no foreclosure sale took place on June 15, 2015 despite Plaintiffs' "understanding."

Plaintiffs filed the pending Application on September 14, 2015. (Dkt. Nos. 26-31.) According to the Application's caption page, there is a Trustee's sale scheduled for September 22, 2015

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-935-AG (ASx) | Date | September 15, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

at 12:00. (Dkt. No. 26.) Seeking to support the Application are declarations by Plaintiffs. Both declare that "While I have not been provided with a Notice of Trustee's Sale it is my understanding a foreclosure sale of the Property has been scheduled for September 22, 2015 at 12:00 PM." (Marshall S. Sanders Decl. Dkt. No. 29, ¶ 17; Lydia O. Sanders Decl., Dkt. No. 30, ¶ 17.) These declarations are identical, except for the date and time listed, to the declarations supporting the June 2015 TRO. Plaintiffs' Application also baldly states that "Plaintiffs have attempted to provide notice to the adverse parties," but does not give further necessary information. (Dkt. No. 26, at 8.)

## 3. EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To justify ex parte relief,

> [f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

*Id.* Ex Parte relief also raises Due Process concerns. *See Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *see also Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest").

As the Court essentially concluded when ruling on the June 2015 TRO, and among other things, Plaintiffs have not convinced the Court that they are "without fault in creating the crisis that requires ex parte relief." Plaintiffs fail to provide sufficient details concerning how and when they got their "understanding" that a sale is to take place on September 22, 2015. Based on the submissions, it also appears that there are notice issues concerning the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-935-AG (ASx) | Date | September 15, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

Application. Here Due Process concerns are strong, in part, because the relief requested is cancelling the alleged sale.

For these reasons, and others, the Court DENIES the Application.

### 4. PRELIMINARY INJUNCTION

When a court receives a TRO, normally it will issue an OSC why a Preliminary Injunction should not issue. Although it appears that Plaintiffs might be abusing the TRO mechanism, the Court ORDERS Defendants to show cause by Thursday, September 17, 2015 at 12:00 p.m. why a Preliminary Injunction should not issue. Defendants' filing should not exceed 10 pages. Plaintiffs may respond to Defendants' filing by Friday, September 18, 2015 at 5:00 p.m. in a filing not to exceed 10 pages.

### 5. MOTIONS TO DISMISS

Defendant Bank of America, N.A. filed a Motion to Dismiss the Complaint and noticed a hearing for September 21, 2015. (Dkt. No. 14.) Defendants Well Fargo Bank, N.A., as trustee, on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1; National Default Servicing Corporation; and Select Portfolio Servicing, Inc. filed a Motion to Dismiss the Complaint and noticed a hearing for October 26, 2015. (Dkt. No. 18.) In the wake of these Motions to Dismiss, Plaintiffs filed a FAC. (Dkt. No. 24.)

Filing the FAC MOOTS the pending Motions to Dismiss. The Court VACATES the hearings on the Motions to Dismiss currently set for September 21, 2015 and October 26, 2015, respectively.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |