**LOCKE LORD LLP**
Conrad V. Sison (SBN: 217197)
csison@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Telephone:  213-485-1500
Facsimile:  213-485-1200

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARSHALL S. SANDERS and LYDIA O. SANDERS AS TRUSTEE OF THE MARSHALL AND LYDIA SANDERS TRUST DATED APRIL 20, 1990,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20<br><br>Defendants. | CASE NO. 8:15-cv-00935-AG-AS<br><br>*Hon. Andrew J. Guilford*<br><br>**DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION**<br><br>[Filed concurrently with Request for Judicial Notice]<br><br><br>Complaint Filed:  June 11, 2015 |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs are now once more urging this Court via an *ex parte* application to delay a long overdue foreclosure on the real property located at 1621 Kensing Lane, Santa Ana, California 92705 (the "Subject Property"). Plaintiffs have filed five bankruptcy cases in five years and a suit in 2014 in Orange County Superior Court. Plaintiffs now seek relief in federal court despite having voluntarily dismissed a virtually identical legal action against the same defendants in state court. There, the court awarded Plaintiffs a preliminary injunction conditioned upon Plaintiffs posting a bond in the amount of $35,000 by June 2, 2015. Plaintiffs did not. As set forth in painful detail herein, Plaintiffs have concocted one delay tactic after next in bankruptcy court and state court. Plaintiffs turn now to the federal court in hopes of setting up another roadblock to the lawful foreclosure of the Subject Property they have long-ago defaulted on. Accordingly, the Court should deny any preliminary injunction.

## II. FACTUAL HISTORY

This lawsuit arises from a home mortgage loan secured against the Property. On or about December 22, 2006, Plaintiffs obtained a mortgage loan from the originating lender Countrywide Bank, N.A. in the amount of $1,435,000.00 and secured against the Property with a Deed of Trust. (Request for Judicial Notice filed concurrently herewith ("RJN"), Exh. 1.) The Deed of Trust securing the loan noted that ReconTrust Company, N.A. was the originating Trustee. *Id.* The Deed of Trust also noted that Mortgage Electronic Registration Systems, Inc. ("MERS") is "acting solely as nominee" for the originating lender Countrywide Bank, N.A. *Id.*

A Corporate Assignment of Deed of Trust ("Assignment-1") was recorded on December 30, 2009 in the Orange County Recorder's Office assigning the beneficial interest in the Deed of Trust, together with all rights therein and thereto, to Wells Fargo Bank, N.A., as Trustee for HarborView Mortgage Loan Trust Mortgage Loan

1

**DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935

Pass-Through Certificates, Series 2007-1 ("Wells Fargo Trustee"). (RJN, Exh. 2.)

Plaintiffs contend that on February 17, 2010, they sent a "Letter of Rescission" of the underlying loan to Countrywide Bank, N.A., Bank of America, and Wells Fargo. (Plaintiffs' Memorandum of Points and Authorities, Dkt. #27, at ¶ 39.)

On November 28, 2011, an Assignment of Deed of Trust ("Assignment-2") was executed and subsequently recorded in the Orange County Recorder's Office on December 6, 2011 transferring all beneficial interest in the Deed of Trust, together with all rights therein and thereto, to Bank of America, N.A., Successor by Merger to BAC Home Loans Svcg., LP f/k/a Countrywide Home Loans Svcg. LP. (RJN Exh. 3.)

On December 13, 2012, NDSC was substituted as Trustee of the Deed of Trust in place of ReconTrust Company, N.A. (RJN, Exh. 4.) On March 6, 2013, NDSC caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"), which was recorded in the Official Records of Orange County. (RJN, Exh. 5.) The NOD noted that as of March 5, 2013, Plaintiffs were $341,963.57 in arrears on their loan. *Id.* The NOD contained the necessary declaration attesting to compliance with Cal. Civ. Code §2923.5. *Id.*

A Corporate Assignment of Deed of Trust ("Assignment-3") assigning all beneficial interest in the Deed of Trust to Wells Fargo Trustee (RJN, Exh. 6.) was recorded in the Official Records of Orange County on July 9, 2014. Id.

On October 28, 2014, NDSC executed a Notice of Trustee's Sale ("NOTS"), which was recorded on October 29, 2014. (RJN, Exh. 7.)

### III. PROCEDURAL HISTORY

#### A. Plaintiffs' Five Chapter 11 Bankruptcy Cases.

On April 12, 2010, Marshall Sanders ("Plaintiff") filed for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. in the United States Bankruptcy Court for the Central District of California, Santa Ana, Case No. 8:10-bk-14682-ES (the "First Bankruptcy Case"). (RJN, Exh. 8.) The First Bankruptcy Case was converted to a case under chapter 7 on April 26, 2010 and Plaintiff obtained a

2

discharge on February 2, 2011. *Id.* The First Bankruptcy Case was closed on September 9, 2011. *Id.*

Approximately a month after the closure of the First Bankruptcy Case, Plaintiff filed for relief again, this time under chapter 11 of the Bankruptcy Code, in the Bankruptcy Court, Case No. 8:11-bk-24594-ES (the "Second Bankruptcy Case"). (RJN, Exh. 9.) The Second Bankruptcy Case was dismissed on August 21, 2013. (RJN, Exh. 9.) Plaintiff appealed the dismissal of the Second Bankruptcy Case, which decision of the Bankruptcy Court was affirmed by the Bankruptcy Appellate Panel on May 30, 2013. (RJN, Exh. 9.)

Prior to the decision of the BAP, on May 7, 2013, Plaintiff filed for relief again under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:13-bk-14049-ES (the "Third Bankruptcy Case"), which case was dismissed on October 4, 2013. (RJN, Exh. 10.) The dismissal of the Third Bankruptcy Case was also appealed, this time to the United States District Court. *Id.* The District Court dismissed the appeal on April 11, 2014. *Id.*

Approximately a month prior to the dismissal of the appeal by the District Court, Plaintiff again filed for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:14-bk-11663-ES (the "Fourth Bankruptcy Case"). (RJN, Exh. 11.) On August 26, 2014, Wells Fargo filed a motion for relief from the automatic stay. (RJN, Exh. 12.) The Fourth Bankruptcy Case was dismissed on September 18, 2014 by the Bankruptcy Court. (RJN, Exh. 13.) Additionally, the Bankruptcy Court barred the Plaintiff from filing another bankruptcy case for 180 days. *Id.* As a result of the dismissal of the Fourth Bankruptcy Case, the Bankruptcy Court denied the Motion for Relief as moot. (RJN, Ex. 14.)

Notwithstanding the Bankruptcy Court's 180-day bar, on June 15, 2015, Plaintiff filed for relief under chapter 13, in the Bankruptcy Court, Case No. 8:15-bk-13011-ES (the "Fifth Bankruptcy Case") . (RJN, Exh. 15.) In Plaintiff's skeleton petition, Plaintiff asserts, under penalty of perjury, that his assets and liabilities do not

exceed $50,000, despite making this entire case about the Subject Property, on which the secured debt exceeds at least $1.5 million, well above the threshold limits of section 109(e) of the Bankruptcy Code. (RJN, Exh. 12.) Plaintiff failed to disclose all of his prior bankruptcy cases within the past 8 years in his voluntary petition, again, under penalty of perjury. (RJN, Exh. 15.) Importantly, Plaintiff failed to include the Third Bankruptcy Case and the Fourth Bankruptcy Case, the latter of which was dismissed with a 180 day bar from refiling by this Court.

In the Fifth Bankruptcy Case, Plaintiff filed a Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate to extend the automatic stay under section 362 of the Bankruptcy Code as to all creditors. (RJN, Exh. 16.) On July 7, 2015, the Bankruptcy Court issued a tentative ruling, adopted as final, denying the Plaintiff's Motion. (RJN, Exh. 17.)

On August 26, 2015, the Bankruptcy Court denied confirmation of Plaintiff's chapter 13 plan and *sua sponte*, dismissed the bankruptcy case with a 180 day bar from re-filing any bankruptcy case. (RJN, Exh. 18.)

### B.     Plaintiffs' State Court Action.

On November 21, 2014, Plaintiffs filed a complaint against Defendants SPS, NDSC, Bank of America, N.A. ("BANA") relating to the Subject Property. Styled *Sanders, et al. v. Bank of America, N.A.*, and assigned Orange County Superior Court Case No. 30-2014-00757782, Plaintiffs' lawsuit raised claims for (1) Cancellation of Instruments pursuant to Civil Code §3412; (2) Violation of Business and Professions Code Section 17200; (3) Violation of California Civil Code Section 2924a(6) and (f)(3); (4) Declaratory Relief; (5) Violation of California Civil Code Sections 2923.5 and 2923.55 ("State Court Action"). While the case was timely removed to federal court by BANA, the case was remanded to state court by stipulation.

On May 18, 2015, the court granted Plaintiffs' request for a preliminary injunction. The court's order was conditioned upon Plaintiffs' posting a bond in the amount of $35,000 within fifteen (15) days of the court's ruling, or June 2, 2015.

4

Plaintiffs failed to do so. (RJN, Exh. 18.)

On June 1, 2015, the state court overruled in part and sustained in part Defendants' demurrer. (RJN, Exh. 19.) Plaintiffs were given until June 16, 2015 to file an amended complaint as to their third cause of action for Violation of California Civil Code Section 2924 only. *Id.* However, on June 9, 2015, instead of filing an amended complaint, Plaintiffs filed a Request for Dismissal without prejudice of the entire state action. (RJN, Exh. 20.)

### C. The Instant Federal Court Action.

On June 11, 2015, Plaintiffs filed this complaint in United State District Court, C.D. Cal. against Defendants Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing, Inc. ("SPS" and collectively, "Defendants") and BANA. Plaintiffs' Complaint not only names virtually the same parties as the State Court Action, but it also is based on virtually the same factual allegations and claims . Plaintiffs also filed an *Ex Parte* Application for a Temporary Restraining Order. On June 12, 2015, this Court denied Plaintiffs' *ex parte* request for a TRO. (Dkt. # 10.)

On August 21, 2015, Defendants filed a Motion to Dismiss the complaint, which is currently set for hearing on October 26, 2015. (Dkt. #18.) On September 11, 2015, Plaintiffs filed a First Amended Complaint ("FAC"). (FAC Dkt. # 24.)

## IV. ARGUMENT

### A. Plaintiffs Fail To Demonstrate That They Are Likely To Succeed On The Merits.

Even a cursory review of the FAC reveals that Plaintiffs fail to alleging any discernable causes of action against Defendants. In fact, Plaintiffs never mention SPS, Wells Fargo Bank, or NDSC specifically in the FAC, but—in violation of FRCP Rule 8—simply lump them with the rest of the Defendants under the general allegations made against Defendants. To the extent any claims can be discerned, Defendants attempt herein to address those asserted in Plaintiffs' Memorandum of

5

**DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935

Points and Authorities in support of the TRO and Preliminary Injunction and the issues raised in the FAC generally.

First, Plaintiffs' claim for rescission under the Truth in Lending Act ("TILA") is based on Plaintiffs' allegations that via a letter dated February 17, 2010, they requested rescission of their mortgage loan, but "[n]one of the named Defendants responded nor Countrywide ever contacted Plaintiffs in response to said rescission within the twenty days." (Dkt. #27, at ¶¶ 39-41; *see also* FAC at pp 11-12.) Plaintiffs' claim should be dismissed, however, because it is time-barred under TILA. A damages action under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). To exercise his right to rescission, a borrower must give written notice to a creditor within three years of consummation of the loan. 15 U.S.C. § 1635(f); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). Any action to enforce the rescission or seek damages for failure to accept rescission must be filed within one year of the creditor's refusal to accept rescission. *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278–79 (4th Cir. 2012); *see also Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 266, n.8 (3d Cir. 2013). If the creditor fails to respond, the one-year period begins 20 days after the request for rescission, when the response from the creditor was due. 15 U.S.C. § 1635(f); *see also Gilbert*, 678 F.3d at 278–79.

Here, while Defendants fully dispute receipt of the February 17, 2010 correspondence, even assuming *arguendo* that it was received and Defendants failed to respond, Plaintiffs still cannot succeed on their claim. The one-year statute of limitations is triggered 20 days after Plaintiffs' February 17 request, or March 9, 2010. Plaintiffs would have therefore been required to file suit on or before March 9, 2011 in order to meet the relevant statute of limitations. Plaintiffs' claim—raised for the first time in their June 11, 2015 federal court complaint—is therefore barred by the relevant statute of limitations.

6

**DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935

Second, Plaintiffs' violations of Civil Code §2924, *et seq.* are all predicated on Plaintiffs' general arguments regarding a purported broken "chain of title" arising from alleged improper assignments of title, which, Plaintiffs' posit, strip Defendants of their authority to foreclose on Plaintiffs' property. (*See* Dkt. #27, at ¶¶ 21-24.) But, as further explained below, Plaintiffs fail to state any cause of action because California law does not require the beneficiary of a deed of trust to establish a chain of title in order to prove that it has standing to foreclose.

Indeed, Plaintiffs utterly misunderstand the purpose and legal effect of a recorded assignment of deed of trust. Under California law, the Deed of Trust follows the note. "The assignment of a debt secured by mortgage carries with it the security." Cal. Civ. Code § 2936; *Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543, 553 (1969) ("we note the following established principles: that a deed of trust is a mere incident of the debt it secures and that an assignment of the debt 'carries with it the security.'" (quoting § 2936 and collecting cases on point)). Thus, assignments of notes or deeds of trust need never be recorded to (1) be effective between the parties or (2) non-judicially foreclose. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011). As the Court of Appeal in *Fontenot* noted, "the lender could readily have assigned the promissory note … in an unrecorded document that was not disclosed." *Id.*; *see also Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1506 (2012) (same); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 121-22 (2011) (assignments of deeds of trust need not be recorded "for the assignee to exercise the power of sale"); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 515 (2013) (borrower is "not the victim" of an invalid transfer because "her obligations under the note remained unchanged" and therefore this an no viable cause of action). Therefore, the date of the recording of an assignment (if one is recorded), does not indicate the date upon which the interest in a note and deed of trust passes to another party. It is merely a document that reflects for the public that such a transfer has taken place.

7

California law is clear that there is no requirement that a "chain of title" be produced to a borrower's satisfaction in order to foreclose. California courts have "uniformly" held that it is not necessary to produce a "chain of ownership" to proceed in foreclosure. *See Dennis v. Wachovia Bank, FSB,* No. 10-01596 CW, 2011 WL 181373, at *7-8 (N.D. Cal. Jan. 19, 2011) (finding that "'[u]niformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required,'" holding that, "[t]herefore, any claim that Defendant lacks standing to foreclose is summarily adjudicated in favor of Defendant") (quoting *Roque v. Suntrust Mortgage, Inc.,* No. C09-00040RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010)); *Pajarillo v. Bank of America*, No. 10CV937 DMS (JMA), 2010 WL 4392551, at *8 (S.D. Cal. Oct. 28, 2010) ("Plaintiffs allege … [that] Defendants are not entitled to foreclose upon their property because they cannot show a full chain of title. Plaintiffs' claim, however, is belied by the language of their Deed of Trust and California's foreclosure statutes.") (citations omitted). The argument is absolutely meritless.

While one California court has adopted the minority view on the issue, namely *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013), nearly every court considering *Glaski* has expressly rejected its holding. "Notwithstanding *Glaski*, we reject the argument that the assignment of the $1.155 million note and deed of trust to a mortgage investment pool is a 'get out of debt' card for appellant." *Boyce v. T.D. Serv. Co.*, No. 2D CIVIL B255958, 2015 WL 1290770 (Cal. Ct. App. Mar. 23, 2015). Another court noted, "*Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule." *Newman v. Bank of New York Mellon*, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) (citing *Toneman v. United States Bank,* 2013 U.S. Dist. LEXIS 98966, *30–*31 (C.D. Cal. June 13, 2013) and *Jenkins*, 216 Cal. App. 4th at 515).

Third, judicially noticeable documents establish Defendants' compliance with

the requirements of Civil Code §§ 2923.5 and 2923.55. Indeed, the March 6, 2013 Notice of Default includes the required declaration demonstrating that the lender or servicer has contacted the borrower or has tried with due diligence to contact the borrower. ( RJN, Exh. 5.) The Declaration confirms compliance with the statute. *Id.*; *see also Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009) (claim under section 2923.5 dismissed where declaration of compliance accompanied the Notice of Trustee's Sale attached to the complaint). There is no statute or case law that requires more than the attached declaration. *See Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 214–15 (2010) ("There is no indication that the Legislature wanted to saddle lenders with the need to 'custom draft' the statement required by the statute in notices of default."); *see also Maguca v. Aurora Loan Services* (C.D. Cal. Oct. 28, 2009) No. SACV 09-1086 JVS (ANx), 2009 WL 3467750, *2 (taking judicial notice of a recorded copy of the notice of default and dismissing a Section 2923.5 claim with prejudice "because the allegations in the FAC, which the Court notes are conclusory, are contradicted by the notice of default" (citing *Fortaleza v. PNC Financial Servs. Group, Inc.* (N.D. Cal. July 27, 2009) No. C 09-2004, 2009 WL 2246212, *2-4; *Kamp v. Aurora Loan Servs.* (C.D. Cal. Oct. 1, 2009) No. SACV 09-844-CJC, 2009 WL 3177636, *2).).

Finally, Plaintiffs' §2923.7 claims fail as a matter of law. Section 2923.7 requires that, "upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact . . . ." Cal. Civ. Code § 2923.7(a). To state a claim under section 2923.7, a borrower must make a specific request for a single point of contact. *Williams v. Wells Fargo Bank, NA*, 2014 WL 1568857, *8 (C.D. Cal., Jan. 27, 2014) ("[T]he text of section 2923.7 requires that the borrower make a specific request for a single point of contact."). Here, Plaintiffs' §2923.7 claim fails because nowhere in the operative FAC do Plaintiffs allege they made a specific request for a single point of contact that would trigger the statute. The Plaintiffs simply allege that Defendants "violated Cal.

9

Civ. Code § 2923.7 by failing to provide Plaintiffs with a single point of contact." (Dkt. #27, at ¶ 38.) Thus, Defendants never had any obligation pursuant to §2923.7. *See Williams*, 2014 WL 1568857, *8.

### B. Plaintiffs Have Not Established Irreparable Harm, Nor Do The Balance of Hardships Favor Them.

Plaintiffs argue that the loss of the subject property via foreclosure *per se* constitutes irreparable harm. But the reality is that Plaintiffs' demonstrated inability to make their mortgage payments and prevent foreclosure has been an ongoing saga for several years now. If losing ownership of real property they cannot feasibly afford is harm, then it is more unavoidable than it is irreparable. In any event, the loss of real property is not the type of harm justifying injunctive relief. *See e.g.*, *Alcaraz v. Wachovia Mortg. FSB*, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. 2009). Moreover, even if this Court found that there were serious questions going to the merits of any of Plaintiffs' claims, the balance of the hardships tips in Defendants' favor. Here, Plaintiffs remain in possession of real property over two years after they began defaulting on their $1+ million loan, nor do they allege that they are actively making payments on the loan. Defendants, on the other hand, have been denied both payments on their loan as well as the opportunity to sell the real property that was offered to secure the loan. Indeed, at each attempt to foreclose on the property, Plaintiffs have crafted some form of judicial obstacle, whether it be bankruptcy, state or federal lawsuits, or *ex parte* proceedings to delay foreclosure for another day. With each delay, Defendants expend both financial and administrative resources to comply with both the spirit and letter of the law. There should be no doubt that the balance of hardships favors Defendants, not the Plaintiffs. *See e.g.*, *Richardson v. Robison*, No. 08-902, 2008 WL 2338611, *4-5 (S.D. Cal. June 5, 2008)

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court vacate the OSC for Preliminary Injunction. However, should the Court be inclined to award any injunctive relief, Plaintiffs should be required to post a substantial bond in the amount of the current unpaid balance of Plaintiffs' mortgage loan.

**DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935

| | | |
|---|---|---|
| Dated: September 17, 2015 | | Respectfully submitted, |
| | | LOCKE LORD LLP |
| | | By: _____*/s/ Aileen Ocon*_____ |
| | | Conrad V. Sison |
| | | Aileen D. Ocon |
| | | Attorneys for Defendants SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING CORPORATION |

11

**DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935

**CERTIFICATE OF SERVICE**

I, Aileen Ocon, an attorney, do hereby certify that on September 17, 2015, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION** with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

I further certify that a copy was served by via overnight mail on September 17, 2015 on the following:

Marshall S. Sanders                                     *Plaintiffs, Pro Se*
Lydia O. Sanders
1621 Kensing Lane
Santa Ana, California  92705-3074


Dated: September 17, 2015                    By:      */s/ Aileen Ocon*
                                                                          Aileen Ocon

**DEFENDANTS' RESPONSE TO OSC RE: PRELIMINARY INJUNCTION**
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935