1  **MCGUIREWOODS LLP**
   Adam F. Summerfield (SBN #259842)
2  1800 Century Park East
   8th Floor
3  Los Angeles, CA  90067-1501
   Telephone:  310.315.8200
4  Facsimile:  310.315.8210

5  Attorneys for Defendant Bank of America, N.A.

6

7

8               **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11 | MARSHALL S. SANDERS and          | CASE NO. 8:15-cv-00935-AG-AS |
   | LYDIA O. SANDERS AS TRUSTEE      |
12 | OF THE MARSHALL AND LYDIA        | **BANK OF AMERICA, N.A.'S** |
   | SANDERS TRUST DATED APRIL        | **NOTICE OF MOTION AND** |
13 | 20, 1990,                        | **MOTION TO DISMISS THE FIRST** |
   |                                  | **AMENDED COMPLAINT;** |
14 |              Plaintiffs,         | **MEMORANDUM OF POINTS AND** |
   |                                  | **AUTHORITIES** |
15 |       vs.                        |
   |                                  | **[Filed Concurrently with Request for** |
16 | BANK OF AMERICA, N.A; WELLS      | **Judicial Notice and Proposed Order]** |
   | FARGO BANK, N.A., AS TRUSTEE,    |
17 | ON BEHALF OF THE HOLDERS OF      |
   | THE HARBORVIEW MORTGAGE          | DATE:          Oct. 26, 2015 |
18 | LOAN TRUST MORTGAGE LOAN         | TIME:          10:00 a.m. |
   | PASS-THROUGH CERTIFICATES,       | DEPT.:         10D |
19 | SERIES 2007-1; NATIONAL          |
   | DEFAULT SERVICING                | Complaint Filed: June 11, 2015 |
20 | CORPORATION; SELECT              |
   | PORTFOLIO SERVICING, INC.; and   |
21 | DOES 1-20,                       |

22                Defendants.

23

24 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD, THE CLERK OF**

25 **THE ABOVE-ENTITLED COURT, AND THE HONORABLE UNITED**

26 **STATES DISTRICT COURT:**

27      **PLEASE TAKE NOTICE** that on October 26, 2015 at 10:00 a.m., or as

28 soon thereafter as counsel can be heard, in Courtroom 10D of the above-entitled

                                   1

court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable Andrew Guilford, United States District Judge presiding, Defendant Bank of America, N.A. will, and hereby does, move this Court for an order dismissing each claim alleged in Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based upon this Notice and Motion, the Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the pleadings and records on file, and such further written or oral evidence as may be presented at the time of hearing.

Counsel for Bank of America, N.A. has been unable to contact Plaintiffs in order to meet and confer pursuant to Local Rule 7-3, and requests to be excused from the requirement of a conference of counsel as Plaintiffs are proceeding pro se.

DATED: September 24, 2015        Respectfully submitted,

MCGUIREWOODS LLP


By:   _/s/ Adam F. Summerfield_
        Adam F. Summerfield
        Attorneys for Defendant
        Bank of America, N.A.

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3     The First Amended Complaint ("FAC") filed by Plaintiffs Marshall S.

4 Sanders and Lydia O. Sanders as Trustee of the Marshall and Lydia Sanders Trust

5 Dated April 20, 1990 ("Plaintiffs") consists of a twenty-five page missive (along

6 with 1876 pages of exhibits) about various wrongs they claim to have suffered

7 against a host of entities (some of whom are named defendants, and others who are

8 not), including their former counsel, and Defendant Bank of America, N.A.

9 ("BANA").  However, after wading through Plaintiffs' rhetorical questions, citations

10 to websites, and claims of a $50 million windfall, several critical items are missing

11 from the FAC.  First, Plaintiffs fail to assert a single cause of action against any

12 individual or entity.  Second, Plaintiffs fail to include a prayer for relief.  These

13 glaring omissions render the FAC demonstrably and irretrievably flawed, and the

14 instant motion to dismiss should be granted without leave to amend.

15

**II.    SUMMARY OF THE FAC**

16     Plaintiffs' allegations, to the extent that they can be deciphered, seem to claim

17 that they obtained a home loan with predatory terms in December of 2006.  FAC, at

18 4:3-9; Deft's Req. for Judicial Notice ("RJN"), ¶ 1, Ex. A.  Through this loan,

19 Plaintiffs claim that BANA, among others, reaped a windfall of more than $50

20 million, planned prior to ever issuing Plaintiffs their loan.  FAC, at 5:5-10.

21 Plaintiffs now claim that no "meeting of the minds" occurred in connection with the

22 original loan (*id.*, at 6:7-9), and as a result, no actual loan was obtained; therefore no

23 default could have occurred.  *Id.*

24     Plaintiffs then devote a great deal of discussion to issues with their former

25 counsel.  FAC, at 7:23-11.  Next, Plaintiffs enumerate reasons why "Defendants"

26 lack standing to foreclose, rhapsodize on legal theories long-dismissed by the Courts

27 regarding standing to foreclose on real property, claim that their lender did not exist,

28 and discuss the societal ills caused by lending institutions.  *Id.*, at 11:17-21:20.

1

Plaintiffs finally claim that the legal description on their deed of trust was incorrect, thus further voiding their loan. *Id.*, at 24:8-25:13. Plaintiffs' allegations then end, without any discernable cause of action or prayer for relief.

## III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true unreasonable inferences or conclusory legal allegations couched in the form of factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Furthermore, to satisfy Rule 8 of the Federal Rules of Civil Procedure, a complaint fails to state a claim and must be dismissed if it does not "indicate which individual defendant or defendants [are] responsible for which alleged wrongful act." *In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003).

## IV.   THE ENTIRE FAC VIOLATES RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain: a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought. F.R.C.P. R. 8(a)(2)-(3). Here, Plaintiffs fail to assert any claims, much less a "short and plain statement" of any claim showing that they are entitled to relief, in their 25-page FAC with 1876 pages of exhibits. Accordingly, the FAC must be dismissed. *See, e.g., Vang v. Hudson*, 2009 U.S. Dist. LEXIS 93709, at *5 (E.D. Cal. 2009) (dismissal would be warranted when

2

even when the plaintiff had alleged causes of action, but failed to do so in a "short and plain statement" of the claims).

Furthermore, Plaintiffs fail to include any demand for relief in the FAC. Their omission of this required element from the FAC also requires dismissal of the FAC in its entirety. *Yegorov v. Roman*, 2014 U.S. Dist. LEXIS 131794, at *5 (E.D. Cal. Sept. 18, 2014); *Saldana v. Henning*, 2014 U.S. Dist. LEXIS 46419, at *6 (C.D. Cal. 2014) (dismissal warranted for failing to include a demand for the relief sought); *accord Burton v. McDonald*, 2012 U.S. Dist. LEXIS 175481, at *2 (E.D. Cal. 2012).[1]

## V.   EVEN IF ANY CLAIMS COULD BE IMPLIED FROM THE FAC, THEY ALL FAIL.

As stated above, Plaintiffs have not pleaded any causes of action in the FAC. Nevertheless, even under the most generous reading, any claims that could even be implied, would still fail if they had actually been asserted.

### A. Any Claims Predicated upon Securitization or Standing Fail.

If Plaintiffs based any claims on their allegations that any assignments, notices of default, or notices of sale were invalid because various entities lacked any interest in, or were not in possession of, the promissory note, or because the

---

[1] Additionally, Plaintiffs failed to seek leave from the Court to file the FAC. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) … 21 days after service of a motion under Rule 12(b)…, whichever is earlier." Fed. R. Civ. Proc., R. 15(a)(1)(A)-(B).  BANA filed a motion to dismiss Plaintiffs' Original Complaint on July 23, 2015.  Dkt. No. 14.  Thus, Plaintiffs were only permitted to amend their Complaint as a matter of right until August 13, 2015.  However, without obtaining BANA's written consent or leave of the Court (Fed. R. Civ. Proc., R. 15(a)(2)), Plaintiffs filed the FAC on September 8, 2015.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

assignments were recorded after the closing date of a securitized trust (*see, e.g.*, FAC, at 13:6-16:21), the claims must fail.

Such theories have been readily and repeatedly rejected by state and federal courts in California, such as the Court in *Jenkins v. JPMorgan Chase Bank, N.A.*, which held:

> Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor…. [The] assignment merely substituted one creditor for another, without changing [the borrower's] obligations under the note.  As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [the borrower] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions….  [¶]  Furthermore, even if any subsequent transfers … were invalid, [the borrower] is not the victim of such invalid transfers because her obligations under the note remained unchanged.

216 Cal. App. 4th 497, 515 (2013) (internal citations omitted).

Similarly, Plaintiffs cannot assert any claims premised upon the validity or invalidity of either Assignment of the Deed of Trust.  "Plaintiffs do not have standing to challenge the Assignment of [the Deed of Trust] because they are not parties or third-party beneficiaries to it."  *Reyes-Aguilar v. Bank of Am.*, 2014 U.S. Dist. LEXIS 37036, at *15 (N.D. Cal. 2014); *accord Erlinda Abibas Aniel v. GMAC Mortg., LLC*, 2012 U.S. Dist. LEXIS 157792, at *13-14 (N.D. Cal. 2012); *Ganesan v. GMAC Mortg., LLC*, 2012 U.S. Dist. LEXIS 148225, at *12 (N.D. Cal. 2012) (same); *Penney v. Wells Fargo Bank, NA*, 2012 U.S. Dist. LEXIS 78794 (C.D. Cal. 2012) (same, collecting cases).

Even if there were defects or errors in either assignment, "[d]efects in transfers do not injure the borrower because even if there were some defect in the subsequent assignment of the deed of trust, that assignment would not change plaintiff's payment obligations."  *Chen v. Deutsche Bank Nat'l Trust Co.*, 2014 U.S.

Dist. LEXIS 164452, at *13 (N.D. Cal. Nov. 24, 2014) (quotations and brackets omitted).

**B. Any Claims purporting to Invalidate or Void Plaintiffs' Deed of Trust Fails for Lack of Tender.**

If Plaintiffs contend that the deed of trust should be cancelled, they must tender their obligation. The law is well-settled that a party cannot quiet title, enjoin the power of sale, or seek cancellation without paying the underlying debt. *See, e.g., Weger v. Rocha*, 138 Cal. App. 109, 116 (1934) ("in the cancellation or rescission of contracts, it is incumbent upon the parties seeking rescission to restore everything of value that has been received."). Further, to constitute a valid tender, "the tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Ass'n*, 200 Cal. App. 3d 1154, 1165 (1988).

Here, Plaintiffs make no claim whatsoever that they tendered their outstanding indebtedness. Thus, they have no basis to cancel the deed of trust.

**C. Any Claim for Rescission under TILA is Time-Barred.**

Plaintiffs claim that they validly rescinded their loan under the federal Truth in Lending Act ("TILA"). However, "a borrower's right to rescind a loan transaction under TILA expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." *Snell v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist. LEXIS 39570, at *14 (E.D. Cal. Mar. 26, 2015). Furthermore, "the three year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled." *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1112 (N.D. Cal. 2014). Plaintiffs' loan was consummated on or about December 26, 2006. *See* Compl., ¶ 14; FAC, Ex. 29. Plaintiffs admitted in their original complaint that they did not send their purported

1    "Letter of Rescission" until February 17, 2010.  Compl., ¶ 19.  As a party is bound

2    by admissions made in prior pleadings, Plaintiffs cannot dispute this assertion.  *SAP*

3    *Am., Inc. v. Kensington & Taylor*, 1997 U.S. Dist. LEXIS 24125 (C.D. Cal. 1997).

4    Accordingly, any TILA claim remains time-barred.

5             **D. Plaintiffs Provide no Support for their Claim that the Legal**

6                  **Description on the Deed of Trust was Incorrect.**

7             One of Plaintiffs' assertions is that the deed of trust contained an incorrect

8    legal description, and therefore the deed of trust is void.  FAC, at 24:8-25:13.

9    However, their purported evidence, a "Record of Survey No. 2008-1105," (FAC,

10   Ex. 30 thereto) does not support their claim.  Specifically, Plaintiffs obtained their

11   loan and executed the deed of trust on December 22, 2006.  *Id.*, at Ex. 29 thereto.

12   The survey attached to the FAC expressly states that its purpose was "to ***re-establish***

13   and monument the boundaries of the land described in the grant deed to Marshall

14   Sanders and Lydia O. Sanders, Recorded July 10, 2003, as Instrument No.

15   2003000812517, Official Records of Orange County, California."  FAC, Ex. 30

16   (emphasis added).[2]  The grant deed contains a legal description identical to the deed

17   of trust, as that was the proper legal description at the time the deed of trust was

18   issued.  *Compare* Deft's Req. for Judicial Notice ("RJN"), ¶ 1, Ex. A. *with* FAC, Ex.

19   29.

20   **VI.   CONCLUSION**

21             Not taking into account the multiple bankruptcy actions filed by Plaintiffs,

22   this is the second civil action filed by Plaintiffs in an attempt to stall foreclosure

23   proceedings.  When they received a ruling in the prior action that was not to their

24   liking, they simply dismissed it and refiled it in this Court.  BANA, who has no

25   _____

26   [2] This exhibit also indicates that the survey was taken "at the request of Marshall

27   Sanders on June 18, 2008."  FAC, Ex. 30.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

ability to halt or postpone any foreclosure proceedings (as it is not the servicer), has been forced to defend yet another frivolous action here.  Accordingly, Bank of America, N.A. respectfully requests that the Court grant its motion to dismiss the action in its entirety, with prejudice.

DATED: September 24,  2015          Respectfully submitted,

                                    MCGUIREWOODS LLP


                                    By: _____*/s/ Adam F. Summerfield*_____
                                            Adam F. Summerfield
                                            Attorneys for Defendant
                                            Bank of America, N.A.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1

## **CERTIFICATE OF SERVICE**

2

3      I, Adam F. Summerfield, certify that on September 24, 2015, the foregoing

4   document entitled **BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND**

5   **MOTION TO DISMISS THE FIRST AMENDED COMPLAINT;**

6   **MEMORANDUM OF POINTS AND AUTHORITIES** was filed electronically in

7   the Court's ECF; thereby upon completion the ECF system automatically generated

8   a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-

9   mail addresses of parties of record in the case.

10

11                                          */s/ Adam F. Summerfield*
                                         Adam F. Summerfield
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28