Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Aileen Ocon (SBN: 240417)
aileen.ocon@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Telephone:  213-485-1500
Facsimile:   213-485-1200

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW
MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING
CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| MARSHALL S. SANDERS and LYDIA O. SANDERS AS TRUSTEE OF THE MARSHALL AND LYDIA SANDERS TRUST DATED APRIL 20, 1990,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20<br><br>                    Defendants. | CASE NO. 8:15-cv-00935-AG-AS<br><br>*Hon. Andrew J. Guilford*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          October 26, 2015<br>Time:         10:00 a.m.<br>Place:        Courtroom 10D<br><br>[Filed concurrently with: (1) Request for Judicial Notice; and, (2) [Proposed] Order]<br><br>FAC Filed:  September 8, 2015<br>Complaint Filed:  June 11, 2015 |

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 26, 2015 at 10:00 a.m., or as soon thereafter as the matter be heard in the above-entitled Court, Defendants Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing, Inc. ("SPS" and collectively, "Defendants") will bring for hearing before the Honorable Andrew J. Guilford, United States District Judge, in Courtroom 10D of the United States District Court located at 411 West Fourth Street, Santa Ana, California 92701, a Motion to Dismiss each purported cause of action in the First Amended Complaint of Plaintiffs Marshall S. Sanders and Lydia O. Sanders as Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990 ("Plaintiffs").

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) on grounds that Plaintiffs' Complaint fails to state any claim against Defendants upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing. This Motion seeks dismissal of all of Plaintiffs' claims in the First Amended Complaint against Defendants.

Counsel for Defendants attempted to meet and confer with Pro se Plaintiffs on September 21, 2015 pursuant to Local Rule 7-3.  Pro se Plaintiffs did not return the message left by counsel for Defendants, and therefore, the parties were unable to reach an agreement on the issues raised in this Motion.

///
///
///
///

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935-AG-AS

1    Dated:  September 25, 2015

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LOCKE LORD LLP


By:_____*/s/ Aileen Ocon*_____
               Conrad V. Sison
               Aileen D. Ocon
Attorneys for Defendants SELECT
PORTFOLIO SERVICING, INC.,
WELLS FARGO BANK, N.A., AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE HARBORVIEW
MORTGAGE LOAN TRUST
MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2007-1 and
NATIONAL DEFAULT SERVICING
CORPORATION

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935-AG-AS

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.    INTRODUCTION ............................................................................................ 1

II.   STATEMENT OF FACTS ............................................................................. 1

    A.   Factual History ................................................................................... 1

    B.   Procedural History ............................................................................. 3

          1.    *Plaintiffs' Five Chapter 11 Bankruptcy Cases* ................... 3

          2.    *Plaintiff's State Court Action* ............................................. 5

          3.    *The Instant Federal Court Action* ....................................... 5

III.  ARGUMENT .................................................................................................. 6

    A.   Legal Standard ................................................................................... 6

    B.   Plaintiffs' Fail To State A Claim Under 15 U.S.C. §1635 Against Defendants ........................................................................ 7

    C.   Plaintiffs' Claims For Defendants' Lack of Standing to Foreclose Fail As a Matter of Law. ................................................ 9

IV.  CONCLUSION ............................................................................................ 12

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935-AG-AS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### <u>FEDERAL CASES</u>

*Aaron v. Aguirre*,
  2007 WL 959083 (S.D. Cal. Mar. 8, 2007).................................................................7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) .......................................................................6

*Bunag v. Aegis Wholesale Corp.*,
  No. C 09-00558 MEJ, 2009 WL 2245688 (N.D. Cal. July 27, 2009) ......................8

*Cho v. Citibank, N.A.*,
  No. 12-1410, 2012 WL 3076537 (S.D. Cal. July 30, 2012) .....................................9

*Dennis v. Wachovia Bank, FSB*,
  No. 10-01596 CW, 2011 WL 181373 (N.D. Cal. Jan. 19, 2011)..............................9

*Gaitan v. Mortgage Electronic Registration Systems, et al.*,
  No. EDCV 09-1009 VAP, 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009).................8

*Gauvin v. Trombatore*,
  682 F. Supp. 1067 (N.D. Cal. 1988)..........................................................................7

*Ghuman v. Wells Fargo Bank, N.A.*,
  No. 12-00902, 2012 WL 2263276 (E.D. Cal. June 15, 2012)...............................11

*Hawkins v. First Horizon Home Loans*,
  No. 10-1876, 2010 WL 4823808 (E.D. Cal. Nov. 22, 2010) ...................................7

*In re Sandril*,
  501 B.R. 369 (Bankr. N.D. Cal. 2013) .....................................................................10

*In re Sargent Tech., Inc.*,
  278 F. Supp. 2d 1079 (N.D. Cal. 2003).................................................................6, 7

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ...................................................................................6

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ii

## TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

*Newman v. Bank of New York Mellon*,
  2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) ......................................................... 10

*Pajarillo v. Bank of America*,
  No. 10CV937 DMS (JMA), 2010 WL 4392551 (S.D. Cal. Oct. 28, 2010) ............ 10

*PLS-Pacific Laser Sys. V. TLZ Inc.*,
  2007 WL 2022020 (N.D. Cal. Jul. 9, 2007) ............................................................. 7

*Roque v. Suntrust Mortgage, Inc.*,
  No. C09-00040RMW, 2010 WL 546896 (N.D. Cal. Feb. 10, 2010) ....................... 9

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .................................................................................... 7

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506, 122 S. Ct. 992 (2002) ........................................................................ 6

S<small>TATE</small> C<small>ASES</small>

*Boyce v. T.D. Serv.*
  235 Cal. App. 4th 429 (2015) ................................................................................. 10

*Calvo v. HSBC Bank USA, N.A.*,
  199 Cal.App.4th 118 (2011) ..................................................................................... 9

*Domarad v. Fisher & Burke, Inc.*,
  270 Cal. App. 2d 543 (1969) .................................................................................... 8

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal.App.4th 256 (2011) ..................................................................................... 9

*Glaski v. Bank of America, N.A.*,
  218 Cal. App. 4th 1079 (2013) ............................................................................... 10

*Herrera v. Federal Nat. Mortg. Assn.*,
  205 Cal.App.4th 1495 (2012) ........................................................................ 9, 10, 11

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal.App.4th 497 (2013) ............................................................................... 9, 11

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935-AG-AS

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

*Siliga v. Mortgage Electronic Registration Systems, Inc.*,
219 Cal. App. 4th 75 (2013) ...................................................................... 10

## FEDERAL REGULATIONS

12 C.F.R. § 226.17(b) ................................................................................ 8

## FEDERAL RULES

Fed. R. Civ. P. 8 ........................................................................................ 1

Fed. R. Civ. P. 8(a) ................................................................................ 6, 7

Fed. R. Civ. P. 8(a)(2) ............................................................................... 6

## FEDERAL STATUTES

11 U.S.C. § 101 *et seq.* ......................................................................... 3, 4

11 U.S.C. § 1112(b) ................................................................................... 3

15 U.S.C. § 1602(f) .................................................................................... 8

15 U.S.C. § 1631(a) .................................................................................... 8

15 U.S.C. § 1635 .................................................................................... 6, 7

Bankruptcy Code § 109(e) .......................................................................... 4

Bankruptcy Code § 362 .............................................................................. 4

## STATE STATUTES

Bus. & Prof. Code § 17200 ......................................................................... 5

Cal. Civ. Code § 2923.5 ......................................................................... 2, 5

Cal. Civ. Code § 2936 ............................................................................ 8, 9

Cal. Civ. Code § 2923.55 ........................................................................... 5

Cal. Civ. Code § 2924 ................................................................................ 5

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

iv

## **TABLE OF AUTHORITIES**
### **(cont.)**

**Page(s)**

Cal. Civ. Code § 2924a(6) ................................................................ 5

Cal. Civ. Code § 2924a(f)(3) ........................................................... 5

Cal. Civ. Code § 3412 ..................................................................... 5

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935-AG-AS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing, Inc. ("SPS" and collectively, "Defendants") hereby submit the following Memorandum of Points and Authorities in Opposition to Plaintiffs Marshall S. Sanders and Lydia O. Sanders as Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990's ("Plaintiffs") First Amended Complaint ("FAC").

## I. INTRODUCTION

Plaintiffs' FAC on its face is devoid of any cognizable legal theory or facts that can form the basis of any claims against the Defendants. A cursory review of the FAC reveals that Plaintiffs fail to allege any discernable causes of action against any of the Defendants. In fact, Plaintiffs never mention SPS, Wells Fargo Bank, or NDSC specifically in the FAC. Indeed, in clear violation of Federal Rule of Civil Procedure Rule 8, Plaintiffs simply lump SPS, Wells Fargo Bank, and NDSC with the rest of the defendants under the general allegations made against all defendants. Nowhere in the FAC do Plaintiffs make any specific allegations against SPS, Wells Fargo Bank, or NDSC. To the extent any claims can be discerned, Defendants attempt herein to address them. Thus, as explained fully herein, Plaintiffs' FAC should be dismissed in its entirety with prejudice.

## II. STATEMENT OF FACTS

### A. Factual History

Plaintiffs' claims arise from a home mortgage loan secured against the Subject Property. On or about December 22, 2006, Plaintiffs obtained a mortgage loan from the originating lender Countrywide Bank, N.A. in the amount of $1,435,000.00 and secured against the Subject Property with a Deed of Trust. (Request for Judicial Notice filed concurrently herewith ("RJN"), Exh. 1.) The Deed of Trust securing the loan noted that ReconTrust Company, N.A. was the originating Trustee. *Id.* The

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Deed of Trust also noted that Mortgage Electronic Registration Systems, Inc. ("MERS") is "acting solely as nominee" for the originating lender Countrywide Bank, N.A. *Id.*

A Corporate Assignment of Deed of Trust ("Assignment-1") was executed on November 17, 2009 and recorded on December 30, 2009 in the Orange County Recorder's Office, the effect of which assigned the beneficial interest in the Deed of Trust, together with all rights therein and thereto, to Wells Fargo Bank, N.A., as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 ("Wells Fargo Trustee"). (RJN, Exh. 2.)

On November 28, 2011, an Assignment of Deed of Trust ("Assignment-2") was executed and subsequently recorded in the Orange County Recorder's Office on December 6, 2011. The effect of Assignment-2 was to transfer all beneficial interest in the Deed of Trust, together with all rights therein and thereto, to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. (RJN, Exh. 3.)

On December 13, 2012, NDSC was substituted as Trustee of the Deed of Trust in place of ReconTrust Company, N.A. (RJN, Exh. 4.) On March 6, 2013, NDSC caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"), which was recorded in the Official Records of Orange County. (RJN, Exh. 5.) The NOD noted that as of March 5, 2013, Plaintiffs were $341,963.57 in arrears on their loan. *Id.* The NOD contained the necessary declaration attesting to compliance with Cal. Civ. Code §2923.5. *Id.*

On June 25, 2014, a Corporate Assignment of Deed of Trust ("Assignment-3") was executed, the effect of which assigned all beneficial interest in the Deed of Trust to Wells Fargo Trustee. (RJN, Exh. 6.) Assignment-3 was recorded in the Official Records of Orange County on July 9, 2014. *Id.*

On October 28, 2014, NDSC executed a Notice of Trustee's Sale ("NOTS"), which was recorded in the Official Records of Orange County on October 29, 2014.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

2

(RJN, Exh. 7.)

### B.    Procedural History

#### 1.    *Plaintiffs' Five Chapter 11 Bankruptcy Cases*

On April 12, 2010, Plaintiff Marshall Sanders ("Plaintiff") filed for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana (the "Bankruptcy Court"), Case No. 8:10-bk-14682-ES (the "First Bankruptcy Case"). (RJN, Exh. 8.)  The First Bankruptcy Case was converted to a case under chapter 7 on April 26, 2010 and Plaintiff obtained a discharge on February 2, 2011. (*Id*.)  The First Bankruptcy Case was closed on September 9, 2011. (*Id*.)

Approximately a month after the closure of the First Bankruptcy Case, Plaintiff filed for relief again, this time under chapter 11 of the Bankruptcy Code, in the Bankruptcy Court, Case No. 8:11-bk-24594-ES (the "Second Bankruptcy Case"). (RJN, Exh. 9.)  The Second Bankruptcy Case was dismissed on August 21, 2013 pursuant to 11 U.S.C. § 1112(b) by order entered by the Bankruptcy Court.  (RJN, Exh. 9.).  The Plaintiff appealed the dismissal of the Second Bankruptcy Case, which decision of the Bankruptcy Court ("BAP") was affirmed by the Bankruptcy Appellate Panel on May 30, 2013.  (RJN, Exh. 9.)

Prior to the decision of the BAP, on May 7, 2013, Plaintiff filed for relief again under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:13-bk-14049-ES (the "Third Bankruptcy Case"), which case was dismissed on October 4, 2013.  (RJN, Exh. 10.)  The dismissal of the Third Bankruptcy Case was also appealed, this time to the United States District Court.  (*Id*.)  The District Court dismissed the appeal on April 11, 2014.  (*Id*.)

Approximately a month prior to the dismissal of the appeal by the District Court, Plaintiff again filed for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:14-bk-11663-ES (the "Fourth Bankruptcy Case").

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

3

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

(RJN, Exh. 11.)  On August 26, 2014, Wells Fargo filed a motion for relief from the automatic stay (the "Motion for Relief").  (RJN, Exh. 12.)  The Fourth Bankruptcy Case was dismissed on September 18, 2014 by the Bankruptcy Court.  (RJN, Exh. 13.) Additionally, the Bankruptcy Court barred the Plaintiff from filing another bankruptcy case for 180 days.  (*Id.*)  As a result of the dismissal of the Fourth Bankruptcy Case, the Bankruptcy Court denied the Motion for Relief as moot.  (RJN, Ex. 14.)

Notwithstanding the Bankruptcy Court's 180-day bar, on June 15, 2015, Plaintiff filed for relief under chapter 13, in the Bankruptcy Court, Case No. 8:15-bk-13011-ES (the "Fifth Bankruptcy Case")[1].  (RJN, Exh. 15.)  In the voluntary petition (nothing more than a skeleton petition), Plaintiff asserts, under penalty of perjury, that his assets and liabilities do not exceed $50,000 (*Id.*), despite making this entire case about the Subject Property, on which the secured debt exceeds at least $1.5 million, well above the threshold limits of section 109(e) of the Bankruptcy Code.  (RJN, Exh. 12.)  Plaintiff failed to disclose all of his prior bankruptcy cases within the past 8 years in his voluntary petition, again, under penalty of perjury.   (RJN, Exh. 15.) Importantly, Plaintiff failed to include the Third Bankruptcy Case and the Fourth Bankruptcy Case, the latter of which was dismissed with a 180 day bar from refiling by this Court.

In the Fifth Bankruptcy Case, Plaintiff filed a Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate to extend the automatic stay under section 362 of the Bankruptcy Code as to all creditors.  (RJN, Exh. 16.)  Defendants filed an Opposition.  On July 7, 2015, the Bankruptcy Court issued a tentative ruling, adopted as final, denying the Plaintiff's Motion.  (RJN, Exh. 17.)

---

[1]  The Fifth Bankruptcy Case was filed less than two weeks after the Plaintiff failed to post a bond for a preliminary injunction in the State Court Action and requested a dismissal of the case, and just three days after this Court denied Plaintiff's *ex parte* request for a TRO.

On August 26, 2015, the Bankruptcy Court denied confirmation of Plaintiff's chapter 13 plan and *sua sponte*, dismissed the bankruptcy case with a 180 day bar from re-filing any bankruptcy case.  (RJN, Exh. 18.)

### 2.   *Plaintiff's State Court Action*

On November 21, 2014, Plaintiffs Marshall S. Sanders and Lydia O. Sanders, as Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990 filed a complaint against Defendants SPS, NDSC, Bank of America, N.A. ("BANA"), and Doe defendants 1 through 20 relating to a mortgage loan that is secured by real property located at 1621 Kensing Lane, Santa Ana, California 92705.  Styled *Sanders, et al. v. Bank of America, N.A.*, and assigned Orange County Superior Court Case No. 30-2014-00757782, Plaintiff's lawsuit raised claims for (1)    Cancellation of Instruments pursuant to Civil Code §3412; (2) Violation of Business and Professions Code Section 17200; (3) Violation of California Civil Code Section 2924a(6) and (f)(3); (4) Declaratory Relief; (5) Violation of California Civil Code Sections 2923.5 and 2923.55 ("State Court Action").

On May 18, 2015, the court granted Plaintiffs' request for a preliminary injunction.  The court's order was conditioned upon Plaintiffs' posting a bond in the amount of $35,000 within fifteen (15) days of the court's ruling, or June 2, 2015.  Plaintiffs failed to do so.  (RJN, Exh. 19.)

On June 1, 2015, the state court overruled in part and sustained in part Defendants' demurrer.  (RJN, Exh. 20.)  Plaintiffs were given until June 16, 2015 to file an amended complaint as to their third cause of action for Violation of California Civil Code Section 2924 only.  (*Id*.)  However, on June 9, 2015, instead of filing an amended complaint, Plaintiffs filed a Request for Dismissal without prejudice of the entire state action.  (RJN, Exh. 21.)

### 3.   *The Instant Federal Court Action*

On June 11, 2015, Plaintiffs filed this complaint in United State District Court, C.D. Cal. against Defendants and BANA.  Plaintiffs' Complaint not only names

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

virtually the same parties[2] as the State Court Action, but it also is based on virtually the same factual allegations and claims[3].  Plaintiffs also filed an Ex Parte Application for a Temporary Restraining Order ("TRO").  On June 12, 2015, this Court denied Plaintiffs' request for a TRO.  (June 12, 2015 Civil Minutes, Dkt. # 10.)

On August 21, 2015, Defendants filed a Motion to Dismiss the original Complaint.  (Dkt. #18.)  On September 11, 2015, Plaintiffs filed a First Amended Complaint ("FAC").  (FAC Dkt. # 24.)

## III.   ARGUMENT

### A.   Legal Standard

A Rule 12(b)(6) dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal citation omitted).  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002).  Broad allegations that fail to specify which individual defendants are responsible for which wrongful conduct are insufficient under Rule 8(a).  *In re Sargent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003).  Where a complaint fails to provide grounds for her or her entitlement to relief, it must be dismissed.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  A complaint containing mere "labels and conclusions," or "formulaic recitations of the elements of a cause of action" will not suffice to overcome a motion to dismiss.  *Twombly*, 127 S. Ct. at 1964-65.  Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

---

[2]  Wells Fargo is not named as a party in the State Court Action.
[3]  Plaintiffs do not raise a claim for rescission under 15 U.S.C. §1635 in the State Court Action, but all other claims remain the same.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Nor can Plaintiff merely lump Defendants together in contravention of Rule 8(a), not specifying which defendant is allegedly responsible for what conduct. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988); *Aaron v. Aguirre*, 2007 WL 959083, at *16 (S.D. Cal. Mar. 8, 2007); *In re Sargent Tech, Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (complaint failed to state a claim "because plaintiffs do not indicate which defendant or defendants were responsible for which alleged wrongful act"); *PLS-Pacific Laser Sys. V. TLZ Inc.*, 2007 WL 2022020, at *11 (N.D. Cal. Jul. 9, 2007). A plaintiff must specifically identify the parties to the alleged activities so that each defendant is advised of the claims it must defend. *See*, *e.g.*, *Gen-Probe*, 926 F. Supp. 948, 960 (S.D. Cal. 1996) .

Finally, "the court need not accept allegations as true if they are contradicted by documents before the court." *Hawkins v. First Horizon Home Loans*, No. 10-1876, 2010 WL 4823808, *9 (E.D. Cal. Nov. 22, 2010); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

In failing to specify any facts in support of their allegations, and failing to identify which of the Defendants actually engaged in any of the alleged wrongful conduct, Plaintiffs' Complaint falls woefully short of the minimum pleading requirements and fails to provide Defendants with adequate notice of what conduct, if any, is alleged against them that entitles Plaintiffs to relief. Therefore, on this basis alone, Plaintiffs' FAC should be dismissed with prejudice.

## B.     Plaintiffs' Fail To State A Claim Under 15 U.S.C. §1635 Against Defendants.

Plaintiffs appear to assert a cause of action under the Truth in Lending Act ("TILA") against Defendants based on Plaintiffs' allegations that "the Note and the Deed of Trust were rendered void by placing them into the post (mailbox rule)." (FAC at pp. 11-12.). However, unlike their original Complaint, Plaintiffs fail to allege when they exercised their TILA right of rescission. Plaintiffs alleged in their original

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

7

Complaint that they sent a Letter of Rescission on February 17, 2010.  (Compl., ¶ 19.)
Nevertheless, Plaintiffs' TILA claim against Defendants fails because Defendants are
not a "creditor" within the meaning of TILA and their TILA claim is time-barred.

A damages action under TILA must be brought within one year of the alleged
violation.  15 U.S.C. § 1640(e) ("Any action under this section may be brought . . .
within one year from the date of the occurrence of the violation.").  To exercise his
right to rescission, a borrower must give written notice to a creditor within three years
of consummation of the loan.  15 U.S.C. § 1635(f); *Jesinoski v. Countrywide Home
Loans, Inc.*, 135 S. Ct. 790, 792 (2015).  Any action to enforce the rescission or seek
damages for failure to accept rescission must be filed within one year of the creditor's
refusal to accept rescission.  *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278–
79 (4th Cir. 2012); *see also Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 266,
n.8 (3d Cir. 2013).  If the creditor fails to respond, the one-year period begins 20 days
after the request for rescission, when the response from the creditor was due.  15
U.S.C. § 1635(f); *see also Gilbert*, 678 F.3d at 278–79.

Here, while Defendants fully dispute receipt of the February 17, 2010
correspondence, even assuming *arguendo* that it was received and Defendants failed
to respond, Plaintiffs still cannot succeed on their claim.  The one-year statute of
limitations is triggered 20 days after Plaintiffs' February 17 request, or March 9, 2010.
Plaintiffs would have therefore been required to file suit on or before March 9, 2011 in
order to meet the relevant statute of limitations.  Plaintiffs' claim—raised for the first
time in their June 11, 2015 federal court complaint—is therefore barred by the
relevant statute of limitations.

In addition, TILA only imposes disclosure obligations on the original "creditor"
in a loan transaction.  *See* 15 U.S.C. § 1631(a) ("a creditor … shall disclose to the
person who is obligated"); 12 C.F.R. § 226.17(b) ("Time of disclosures.  The creditor
shall make disclosures before consummation of the transaction.").  A "creditor" under
TILA means the entity "to whom the debt arising from the consumer credit transaction

8

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  is initially payable on the face of the evidence of the indebtedness."  *See* 15 U.S.C.

2  § 1602(f).  Because none of the Defendants were the original "creditor" of Plaintiffs'

3  loan transaction, they cannot have violated TILA as a matter of law.  *See Gaitan v.*

4  *Mortgage Electronic Registration Systems, et al.*, No. EDCV 09-1009 VAP, 2009 WL

5  3244729 at *12 (C.D. Cal. Oct. 5, 2009) ("Inasmuch as Plaintiff alleges wrongdoing

6  in the origination of the loan, those claims cannot be asserted against…Defendants

7  who, indisputedly, were not involved in the initial negotiation of the loan") (citing

8  *Bunag v. Aegis Wholesale Corp.*, No. C 09-00558 MEJ, 2009 WL 2245688, *3 (N.D.

9  Cal. July 27, 2009)); *see also Nichols*, 2008 WL 3891126, at *3 (dismissing identical

10  TILA-based UCL claim).  As such, Plaintiffs' TILA claim against Defendants should

11  be dismissed.

12        **C.    Plaintiffs' Claims For Defendants' Lack of Standing to Foreclose**

13               **Fail As a Matter of Law.**

14        Plaintiffs' FAC appears to claim that Defendants lack standing to foreclose

15  based on Plaintiffs' theory that the subject mortgage loan is void and alleged improper

16  assignments of title, which, Plaintiffs' posit, strip Defendants of their authority to

17  foreclose on Plaintiffs' property.  (*See* FAC at pp. 12-16.)

18        Indeed, Plaintiffs utterly misunderstand the purpose and legal effect of a

19  recorded assignment of deed of trust.  Under California law, the Deed of Trust follows

20  the note.  "The assignment of a debt secured by mortgage carries with it the security."

21  Cal. Civ. Code § 2936; *Domarad v. Fisher & Burke, Inc*., 270 Cal. App. 2d 543, 553

22  (1969) ("we note the following established principles: that a deed of trust is a mere

23  incident of the debt it secures and that an assignment of the debt 'carries with it the

24  security.'" (quoting § 2936 and collecting cases on point)).  Thus, assignments of

25  notes or deeds of trust need never be recorded to (1) be effective between the parties

26  or (2) non-judicially foreclose.  *See Fontenot v. Wells Fargo Bank, N.A.*, 198

27  Cal.App.4th 256, 272 (2011).  As the Court of Appeal in *Fontenot* noted, "the lender

28  could readily have assigned the promissory note … in an unrecorded document that

9

was not disclosed." *Id.*; *see also Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1506 (2012) (same); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 121-22 (2011) (assignments of deeds of trust need not be recorded "for the assignee to exercise the power of sale"); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 515 (2013) (borrower is "not the victim" of an invalid transfer because "her obligations under the note remained unchanged" and therefore there is no viable cause of action); *Cho v. Citibank, N.A.*, No. 12-1410, 2012 WL 3076537, at *5 (S.D. Cal. July 30, 2012) ("[N]otes ... do not have to be recorded in public records."). Therefore, the date of the recording of an assignment (if one is recorded), does not indicate the date upon which the interest in a note and deed of trust passes to another party. It is merely a document that reflects for the public that such a transfer has taken place.

California law is clear that there is no requirement that a "chain of title" be produced to a borrower's satisfaction in order to foreclose. California courts have "uniformly" held that it is not necessary to produce a "chain of ownership" to proceed in foreclosure. *See Dennis v. Wachovia Bank, FSB,* No. 10-01596 CW, 2011 WL 181373, at *7-8 (N.D. Cal. Jan. 19, 2011) (finding that "'[u]niformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required,'" holding that, "[t]herefore, any claim that Defendant lacks standing to foreclose is summarily adjudicated in favor of Defendant") (quoting *Roque v. Suntrust Mortgage, Inc.,* No. C09-00040RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010)); *Pajarillo v. Bank of America*, No. 10CV937 DMS (JMA), 2010 WL 4392551, at *8 (S.D. Cal. Oct. 28, 2010) ("Plaintiffs allege ... [that] Defendants are not entitled to foreclose upon their property because they cannot show a full chain of title. Plaintiffs' claim, however, is belied by the language of their Deed of Trust and California's foreclosure statutes.") (citations omitted). The argument is absolutely meritless.

Defendants acknowledge that one California court has adopted the minority

10

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

view on the issue, namely *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013). But nearly every court considering *Glaski* has expressly rejected its holding. "Notwithstanding *Glaski*, we reject the argument that the assignment of the $1.155 million note and deed of trust to a mortgage investment pool is a 'get out of debt' card for appellant." *Boyce v. T.D. Serv.* 235 Cal. App. 4th 429 (2015). Another court noted, "*Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule." *Newman v. Bank of New York Mellon*, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) (citing *Toneman v. United States Bank,* 2013 U.S. Dist. LEXIS 98966, *30–*31 (C.D. Cal. June 13, 2013) and *Jenkins*, 216 Cal. App. 4th at 515). The Bankruptcy courts of California have also rejected *Glaski*. *See, e.g*., *In re Sandril,* 501 B.R. 369 (Bankr. N.D. Cal. 2013) ("A majority of district courts in California have held that borrowers do not have standing to challenge the assignment of a loan . . . .").

Even if Plaintiffs could challenge the transfers of the Note and assignments of the Deed of Trust, Plaintiffs must allege resulting prejudice to state any claim. *See Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("Absent any prejudice, [plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment."); *Herrera*, 205 Cal. App. 4th at 1507-1508 ("Even assuming plaintiffs can allege specific facts showing that [the] assignment[s] of the DOT … were void, … plaintiffs must also show plaintiffs were prejudiced").

Here, Plaintiffs have not and cannot contest that payments were due on the loan, nor do they claim that more than one entity has concurrently attempted to collect mortgage payments. Plaintiffs have alleged no facts that would otherwise suggest they have suffered prejudice. Thus, even if the assignments of the Deed of Trust or transfers of the Note were somehow defective as claimed and Plaintiffs could complain about the defects, the only damaged party would be "the [assignor], which

… suffered the unauthorized loss of a [valuable] promissory note." *See Herrera*, 205 Cal. App. 4th at 1508; *see also Jenkins*, 216 Cal. App. 4th at 515 ("'As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note.'") (quoting *Herrera*, 205 Cal. App. 4th at 1507); *Ghuman v. Wells Fargo Bank, N.A.*, No. 12-00902, 2012 WL 2263276, *3 n.2 (E.D. Cal. June 15, 2012) (applying *Herrera* and finding that plaintiffs were not prejudiced from allegedly invalid deed of trust assignment).

For these reasons, Plaintiffs' claims based on allegedly defective and void assignments of the Deed of Trust or transfers of the Note fail as a matter of law.

## IV.   **CONCLUSION**

For the foregoing reasons, each of Plaintiffs' causes of action fails.  Defendants respectfully request that the Court grant the Motion to Dismiss in its entirety without leave to amend, and grant such further relief as the Court deems just and proper.

Dated:  September 25, 2015

Respectfully submitted,

LOCKE LORD LLP

By:_____*/s/ Aileen Ocon*_____
   Conrad V. Sison
   Aileen D. Ocon
Attorneys for Defendants SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING CORPORATION

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935-AG-AS

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Aileen Ocon, an attorney, do hereby certify that on September 25, 2015, I caused a copy of the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

I further certify that a copy was served via U.S. Mail on September 25, 2015 on the following:

Marshall S. Sanders                                   *Plaintiffs, Pro Se*
Lydia O. Sanders
1621 Kensing Lane
Santa Ana, California  92705-3074

Dated: September 25, 2015          By:          */s/ Aileen Ocon*
                                                    Aileen Ocon

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FAC
*Marshall S. Sanders, et al. v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00935-AG-AS