Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Aileen Ocon (SBN: 240417)
aileen.ocon@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Telephone:  213-485-1500
Facsimile:  213-485-1200

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARSHALL S. SANDERS and LYDIA O. SANDERS AS TRUSTEE OF THE MARSHALL AND LYDIA SANDERS TRUST DATED APRIL 20, 1990,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20<br><br>　　　　　　Defendants. | CASE NO. 8:15-cv-00935-AG-AS<br><br>*Hon. Andrew J. Guilford*<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:　　　November 9, 2015<br>Time:　　　10:00 a.m.<br>Place:　　　Courtroom 10D<br><br>FAC Filed:  September 8, 2015<br>Complaint Filed:  June 11, 2015 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing, Inc. ("SPS" and collectively, "Defendants") hereby submit this Reply to address Plaintiffs Marshall S. Sanders and Lydia O. Sanders as Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990's Opposition to Defendants' Motion to Dismiss ("Opposition") Plaintiffs' First Amended Complaint, and respectfully shows the Court as follows:

## I. PLAINTIFFS' OPPOSITION WAS FILED LATE

As an initial matter, Defendants vigorously object to the late filing of Plaintiffs' Opposition. On September 25, 2015, Defendants filed with this Court its Motion to Dismiss Plaintiffs' First Amended Complaint, which was properly noticed for hearing on October 26, 2015. (Dkt. # 41.) On September 30, 2015, Plaintiffs filed with the Court a Request/Application For Continued Hearing On Motion To Dismiss. (Dkt. # 43), which the Court granted on October 7, 2015, continuing the hearing on Defendants' Motion to Dismiss to November 9, 2015. (Dkt. # 44.) Therefore, pursuant to Local Rule 7-9, Plaintiffs' Opposition was due twenty-one days before the new hearing date, which was October 19, 2015. *See* C.D. Cal. L-R 7-9. Defendants' Reply in support of their Motion to Dismiss ("Reply") was in turn due October 26, 2015. *See* C.D. Cal. L-R 7-10. Rather than timely file an opposition by the October 19 deadline, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss on October 29, 2015 –ten days late and three days after Defendants' Reply was due. This untimely response by Plaintiffs has prejudiced Defendants, who did not file a reply by their October 26 deadline due to Plaintiffs' failure to file any opposition.

Accordingly, pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting… of the motion." *See* C.D. Cal. L-R 7-12. Therefore, Defendants

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

respectfully that the Court not consider Plaintiffs' Opposition and grant Defendants' Motion to Dismiss in its entirety without leave to amend.

## II. PLAINTIFFS' TILA CLAIM IS TIME BARRED

In their Opposition, Plaintiffs make the argument that their TILA claim survives the statute of limitations bar because "Plaintiffs' claims of recoupment are not statutorily barred because they are asserted defensively in response to a non-judicial foreclosure proceeding initiated by Movants." (Opposition at p. 8.) However, Plaintiffs' argument simply has no merit. Plaintiffs' exact argument was addressed by the federal district court in *Amaro v. Option One Mortgage Corp. et al*, No. EDCV 08-1498-VAP (AJWx), 2009 WL 103302 (C.D. Cal. Jan. 14, 2009). Similarly to the Plaintiffs in this instant case, the plaintiff in *Amaro* argued that the doctrine of recoupment allowed her to assert a TILA claim, "despite bringing it beyond the statute of limitations period." *Amaro*, 2009 WL 103302, at *2. The district court held that the Plaintiff's contention lacked merit. According to the district court, "[a] party may bring a claim for recoupment after TILA's one-year statute of limitations period has expired, but ***only as a defense in an action to collect a debt***. 15 U.S.C. § 1640(a). Here, Plaintiff's affirmative use of the claim is improper and exceeds the scope of the TILA exception, permitting recoupment as a defensive claim only." *Id*. at *3 (emphasis added) (citing *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 415-16 (1998)). Therefore, the district court in *Amaro* granted the defendants' motion to dismiss the plaintiff's TILA claim without leave to amend. *Id.*

Several federal district courts in California have held that non-judicial foreclosures are not actions as contemplated by TILA. *See Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (dismissing TILA claim with prejudice); *see also Harris v. Wells Fargo Home Mortgage*, No. CV10-09496 ODW CWX, 2011 WL 1134216, at *3 (C.D. Cal. Mar. 23, 2011) (holding that "insofar as Plaintiff asserts recoupment in response to Defendant's non-judicial foreclosure, her claim is not properly deemed a 'defense' to an 'action' for purposes

3

of avoiding the applicable statute of limitations"). Therefore, Plaintiffs' attempt to circumvent the limitations period by characterizing their TILA claim as a recoupment fails lacks all merit. (Opposition at p. 8-9.) Accordingly, Plaintiffs' time-barred TILA claim should be dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, and those set forth in the Motion to Dismiss, Defendants respectfully request that the Court grant their Motion to Dismiss without leave to amend, and grant such further relief as the Court deems just and proper.[1]

Dated: November 2, 2015

Respectfully submitted,

LOCKE LORD LLP

By: /s/ Aileen Ocon
Conrad V. Sison
Aileen D. Ocon
Attorneys for Defendants SELECT PORTFOLIO SERVICING, INC., WELLS FARGO BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 and NATIONAL DEFAULT SERVICING CORPORATION

---

[1] Plaintiffs' Opposition requests that this Court not dismiss this action or render a decision based upon certain pending cases. Defendants do not believe that this action warrants any stay in light of the arguments presented in their Motion to Dismiss and this Reply.

# CERTIFICATE OF SERVICE

I, Aileen Ocon, an attorney, do hereby certify that on November 2, 2015, I caused a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

I further certify that a copy was served via U.S. Mail on November 2, 2015 on the following:

| | |
|---|---|
| Marshall S. Sanders<br>Lydia O. Sanders<br>1621 Kensing Lane<br>Santa Ana, California  92705-3074 | *Plaintiffs, Pro Se* |

Dated: November 2, 2015          By:  */s/ Aileen Ocon*
                                          Aileen Ocon

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071