

FILED
2015 NOV -5 AM 10: 44
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:_____

1  Marshall Samuel Sanders, *Pro Se*
   Lydia Ong Sanders, *Pro Se*
2  1621 Kensing Lane
   Santa Ana, CA 92705-3074
3  Telephone: (714) 665-8012
   Facsimile: (714) 665-8012
4  E-mail: marshallssander@yahoo.com

5  Marshall S. Sanders and Lydia O. Sanders, Trustee(s), or any Successor Trustee(s) of the Marshall
6  and Lydia Sanders Trust Dated April 20, 1990, appearing as Trustees, *Pro Se*

7  UNITED STATES DISTRICT COURT FOR THE
8  CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION-SANTA ANA

| | |
|---|---|
| Marshall S. Sanders and Lydia O. Sanders, Trustee(s) of the Marshall and Lydia Sanders Trust Dated April 20, 1990,<br><br>Plaintiffs,<br><br>vs.<br><br>Bank of America, N.A.; Wells Fargo Bank, N.A., as trustee, on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1; National Default Servicing Corporation; Select Portfolio Servicing, Inc.; and Does 1-20,<br><br>Defendants. | Case No.: 8:15-cv-00935-AG-AS<br><br>REPLY TO DEFENDANTS' FURTHER REPLY IN SUPPORT OF THEIR MOTION TO DISMISS; AND REASONS WHY THIS COURT SHOULD FOLLOW THE TRUTH-IN-LENDING ACT ("TILA") STATUTORY FRAMEWORK AND THE SUPREME COURT OF THE UNITED STATES' JESINOSKI DECISION HOLDING WHETHER ***DISPUTED*** OR ***UNDISPUTED*** RESCISSION IS EFFECTIVE UPON MAILING, BY OPERATION OF LAW, AND IF ANYONE WANTS TO CHALLENGE THE RESCISSION THEY MUST DO SO WITHIN 20 DAYS VIA A LAWSUIT TO VACATE THE RESCISSION; NOT BY ANY OTHER MEANS, SINCE THE RESCISSION IS EFFECTIVE UPON MAILING BY OPERATION OF LAW |

Plaintiffs respectfully urge this Court to follow, and to rule accordingly, based upon the statutory framework of the Truth-in-Lending Act ("TILA"), as promulgated by Congress, as set forth in Regulation Z by the Federal Reserve Board ("FRB"), as advanced and adhered to by the Consumer

Court the issue is not "when" but "whether" TILA's statutory framework is followed, viz-a-viz *procedure*, not substance. The issue has never been about being time-barred, the issue is whether the exercise of the right of rescission was statutorily met with the required return of the promissory note marked "canceled," the deed of trust reconveyed, and all monies paid or charged (including any Tier 1 or 2 yield spread premiums rolled into the transactional costs, fees, charges, kickbacks or enhancements paid third parties, *as here*) returned to the party charged, here, Plaintiffs. Now, we know, because Defendant Bank of America, by letter, denied Plaintiffs rescission in 2010 claiming Plaintiffs were time-barred (not a novel or a new argument by Bank of America), when the only recourse *post*-exercise of Plaintiffs' TILA rescission on February 17, 2010, was for Bank of America to sue Plaintiffs to <u>vacate</u> the rescission. That would have been the time for Bank of America to scream TIME-BARRED!!! This Bank of America failed to do. Now Bank of America wants to come into court, this Court, and argue that this Court must hold that Plaintiffs' exercise of their TILA right of rescission is time-barred. Well, the time for Bank of America or the other Defendants to argue "time-barred," was back in 2010, within 20 days of Plaintiffs' exercise of their TILA right of rescission. So, again, it is not Plaintiffs who are time-barred, *but Defendants*.

Thus the note and deed of trust are void instruments, and have been void since 2010, and everything Defendants have done or sought to do against Plaintiffs is moot for lack of standing, Constitutional standing, prudential standing, and jurisdictional standing. Defendants have no business being in court and Plaintiffs shouldn't have to be. None of this is what Congress had in mind or what TILA stands for. Though admittedly the remedy here is harsh, *that* is what Congress intended to in order to cause the financial services industry, Defendants here included, to police themselves. But since Congress knew that such was unlikely, power in the form of TILA rescission was provided under the statute to unilaterally cancel the instruments intended by "banks" to victimize consumers.

Financial Protection Bureau ("CFPB"), and as recently upheld by the Supreme Court of the United States in the *Jesinoski* decision. Plaintiffs also urge this Court to conclude that it is not Plaintiffs who are time-barred but Defendants. Under the statutory sequence of events enumerated in TILA, a party who opposes rescission, as Defendant Bank of America did by way of a **_letter_**, can only oppose rescission by way of a *lawsuit* to vacate the rescission, nothing less! Since Plaintiffs' exercise of the right of rescission under TILA occurred on February 17, 2010, Defendants became time-barred to file suit to vacate the rescission that was already effective by operation of law on February 17, 2010, twenty days later. Arguably, Plaintiffs' February 7, 2010 letter to Defendants effected TILA rescission. Furthermore, Plaintiffs have proof by way of the Bank of New York wire transfer receipt that money allegedly meant to fund the transaction at issue, never showed up on the closing table at all until long after the date of anticipated closing because Defendants, Escrow, Title, and mortgage broker(s) were having a cow over Mrs. Sanders having signed the promissory note when the Defendants and parties just mentioned vehemently refused to close anything until Mrs. Sanders was entirely removed one way or the other from the transaction, specifically, from the promissory note. So the Defendants and other parties stalled and stalled, delayed and delayed the "closing" until well past the beginning of the year in 2007; and it is for this reason, that without discovery, no one can predict when the transaction culminated, or even if ever it did culminate, such that, TILA's rescission framework may well have been satisfied in terms of the three (3) year extended right of rescission, and possibly (subject to proof) the three-day right of rescission, meaning that the Sanders' may have, and it is reasonably believed according to new and not heretofore available hard-drive information prior to, contemporaneous with, and post-document signing, that indeed they did in fact exercise their TILA right of rescission within three (3) years, and also, within three (3) days, once again, subject to proof and subject to discovery. But does that even matter? According to the United States Supreme

- 2 -
REPLY TO DEFENDANTS' FURTHER REPLY

If anything said here offends the Court, our apologies in advance. If the Court is inclined to rule in favor of Defendants, and against Plaintiffs, for whatever reason(s), then if it please the Court may Plaintiffs be granted ample opportunity to research further the subject matter, conduct further investigation, begin the discovery process, begin the depositions phase, and otherwise bring before the Court a rock-solid (on facts), cognizable and cogent Complaint in proper form not subject to dismissal before a full-trial and proper briefing of any issue(s) the Court may still be concerned about, such that Plaintiffs, and Defendants, will both have a "fair trial."

DATED: November 5, 2015

_____
Marshall S. Sanders, Trustee
*In Pro Per*

_____
Lydia O. Sanders, Trustee
*In Pro Per*

## CERTIFICATE OF SERVICE

BY PERSONAL DELIVERY OR ELECTRONIC MAIL OR U.S. MAIL (PRECISE METHOD INDICATED NEXT TO JUDGE OR PARTY OR COUNSEL)

I, the undersigned, state that I am a citizen of the United States, a resident of the County of Orange, State of California, and that I am over the age of eighteen (18) years and not a party to the within cause; and that my residence address is 1621 Kensing Lane, Santa Ana, California 92705-3074.

I am readily familiar with the mailing practice in my neighborhood for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of daily affairs, correspondence is deposited with the United States Postal Service the same day it is submitted for mailing. On November 5, 2015, I served a true copy of:

**REPLY TO DEFENDANTS' FURTHER REPLY IN SUPPORT OF THEIR MOTION TO DISMISS; AND REASONS WHY THIS COURT SHOULD FOLLOW THE TRUTH-IN-LENDING ACT ("TILA") STATUTORY FRAMEWORK AND THE SUPREME COURT OF THE UNITED STATES' JESINOSKI DECISION HOLDING WHETHER *DISPUTED* OR *UNDISPUTED* RESCISSION IS EFFECTIVE UPON MAILING, BY OPERATION OF LAW, AND IF ANYONE WANTS TO CHALLENGE THE RESCISSION THEY MUST DO SO WITHIN 20 DAYS VIA A LAWSUIT TO VACATE THE RESCISSION; NOT BY ANY OTHER MEANS, SINCE THE RESCISSION IS EFFECTIVE UPON MAILING BY OPERATION OF LAW**

upon:

Hon. Andrew J. Guilford, 411 W. Fourth St., Courtroom 10D, Santa Ana, CA 92701 (through the Clerk's office)
Locke Lord, 300 S. Grand Avenue, Suite 2600, Los Angeles, CA 90071-3194:
csison@lockelord.com; sdelrahim@lockelord.com; aileen.ocon@lockelord.com
Adam Frederick Summerfield, McGuire Woods LLP, 1800 Century Park East, Suite 900, Los Angeles, CA asummerfield@mcguirewoods.com

[XX] By Electronic Mail – serving the enclosed via e-mail transmission to each of the parties with an email address.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Santa Ana, California on November 5, 2015

_____
Starr Sanders