UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0935 AG (ASx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS et al. v. BANK OF AMERICA, N.A. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:     [IN CHAMBERS] ORDER RE MOTIONS TO DISMISS**

Our First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. "[F]iling a complaint in court is a form of petitioning activity . . . ." *McDonald v. Smith*, 472 U.S. 479, 484 (1985). Indeed, it's one of the most common and powerful forms of petitioning we have.

But with this right comes responsibility. After compelling defendants to appear in federal court, plaintiffs must prosecute, not procrastinate. Courts cannot let them do otherwise. *See* Fed. R. Civ. P. 1. (directing courts "to secure the just, speedy, and inexpensive determination of every action and proceeding").

Plaintiffs Marshall S. Sanders and Lydia O. Sanders ("Plaintiffs") sued Defendants Select Portfolio Servicing; National Default Servicing Corporation; Wells Fargo, N.A. (collectively, "Wells Fargo"); and Bank of America, N.A. ("BofA"). (*See* First Amended Complaint ("FAC"), Dkt. No. 24.) Wells Fargo and BofA each filed a Motion to Dismiss the FAC (collectively, "Motions to Dismiss") along with supporting Requests for Judicial Notice (collectively, "RJNs"). (Dkt. Nos. 39, 40 (BofA), 41, 42 (Wells Fargo).)

To best serve the interests of justice, the Court ORDERS Plaintiffs to appear on November 9, 2015, at 10:00 a.m. to show good cause why this case should not be dismissed without leave to amend and for Plaintiffs' failure to prosecute, appear, follow court orders, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0935 AG (ASx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS et al. v. BANK OF AMERICA, N.A. et al. | | |

follow the Local Rules. Defendants may also argue these issues at that time.

## PRELIMINARY MATTERS

Defendants Wells Fargo and BofA each filed an RJN in support of their respective Motions to Dismiss. (Dkt. Nos. 40 (BofA), 42 (Wells Fargo).) The Court declines to rule on the RJNs because doing so is unnecessary to resolving the Motions to Dismiss.

## DISCUSSION

### 1. Pro Se Litigation

At the outset, the Court recognizes that Plaintiffs are representing themselves in court without a lawyer. People who do this are called pro se litigants. Pro se litigants often face special challenges. But "[a]lthough we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

For at least the second time, the Court strongly encourages Plaintiffs to get help from the Federal Pro Se Clinic in this building. (*See* Dkt. No. 32.) The Public Law Center runs a Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get free information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, California. More information about the clinic may be found by visiting http://court.cacd.uscourts.gov/cacd/ProSe.nsf and selecting "Pro Se Clinic - Santa Ana."

### 2. Plaintiffs' Untimely Opposition and Unauthorized Sur-Reply to the Motions to Dismiss

On September 24 and 25, 2015, respectively, BofA and Wells Fargo filed Motions to Dismiss the FAC. (Dkt. Nos. 39 (BofA), 41 (Wells Fargo).) Both Motions were set for hearing on October 26, 2015. Under Local Rule 7-9, Plaintiffs' opposition or notice of non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0935 AG (ASx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS et al. v. BANK OF AMERICA, N.A. et al. | | |

opposition—a mandatory filing—was due on October 5, 2015. On September 30, Plaintiffs filed a request to continue the hearing date. (Dkt. No. 43.) The Court granted the request and continued the hearing to November 9, 2015. (Dkt. No. 45.) Using the new hearing date, Plaintiffs' opposition was due on October 19, 2015. BofA's and Wells Fargo's reply briefs—permissive, not mandatory filings—were due on October 26. On October 28, when Plaintiffs still hadn't filed the required document, BofA filed a notice of non-receipt of opposition. (Dkt. No. 46.)

Finally, on October 29—almost a month after Plaintiffs' original deadline to file and about a week and a half after Plaintiffs' extended deadline—Plaintiffs filed a 127-page document entitled "Reply Motion to Strike Defendants' Motions to Dismiss: Standing; Plaintiffs' Opposition to Wells Fargo Bank, Bank of America, et al., Motions to Dismiss Plaintiffs' First Amended Complaint and Plaintiffs' Memorandum of Points and Authorities." (*See* Dkt. No. 47.) The Court construes this as an opposition to the Motions to Dismiss. Plaintiffs' delay left Wells Fargo and BofA five business days to respond to this filing before the hearing. Wells Fargo filed a reply brief on November 2, 2015. (Dkt. No. 48.) Further underscoring the unfairness of Plaintiffs' prosecution, Plaintiffs manually filed an unauthorized sur-reply today. *See* L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.") Defendants will have little notice of this filing before Monday's hearing.

Plaintiffs' failure to timely file their opposition to the pending Motions to Dismiss is by itself sufficient to grant those Motions. *See* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."). The Court need go no further in its analysis. But doing so reveals more reasons to grant the Motions to Dismiss without leave to amend.

**3. Plaintiffs' Failures to Prosecute, Appear, Follow Court Orders, and Follow the Local Rules**

The history of this case shows that this isn't the first time Plaintiffs have failed to diligently move forward with their case. And this isn't the first time Plaintiffs' procedural problems have unfairly caused Defendants to expend time, money, and ink fighting a sometimes-there,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0935 AG (ASx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS et al. v. BANK OF AMERICA, N.A. et al. | | |

sometimes-not lawsuit. This isn't the only prejudice Defendants suffer—during this delay, Plaintiffs presumably remain in possession of the property at issue in this case.

The existence of this lawsuit may be the best example of Plaintiffs' costly inefficiencies. Plaintiffs got a lawyer and in June of this year sued Defendants Wells Fargo and BofA. (Dkt. No. 1.) By Plaintiffs' own admission, this lawsuit largely rehashes an older lawsuit Plaintiffs filed last year that was removed to federal court and then remanded. (*See* Dkt. Nos. 10 at 3–4, 11 at 2 (discussing *Marshall S. Sanders et al. v. Bank of Am., N.A. et al.*, SACV 14-1903 AG (ANx)).)

Plaintiffs have also twice sought emergency relief without having grounds to do so. When Plaintiffs filed their original complaint in this action, they filed an ex parte application for a temporary restraining order cancelling and enjoining a trustee's sale of a house they owned. (Dkt. No. 2.) The Court denied the application. (Dkt. No. 10.) Plaintiffs' attorney later withdrew from the case and Plaintiffs proceeded pro se. (Dkt. No. 19–23) When Plaintiffs filed their FAC, they filed another ex parte application for a temporary restraining order, again seeking to enjoin a trustee's sale of their house. (Dkt. No. 26.) The supporting documentation was largely identical to the documentation Plaintiffs submitted in support of their first ex parte. On September 15, 2015, the Court denied this second application. (Dkt. No. 32.) Cognizant of the many challenges facing pro se litigants, the Court provided information about and encouraged Plaintiffs to seek help from the Federal Pro Se Clinic located in this courthouse. (*Id.* at 2.) Nothing suggests that Plaintiffs did.

Plaintiffs followed up by failing to show up to a Court-ordered September 21, 2015, scheduling conference. The Court and attorneys representing Wells Fargo and BofA discussed how best to move forward in a lawsuit none of them had filed. All parties had notice of the hearing for nearly two months, since July 24, 2015.

In sum, Plaintiffs have done just enough to keep this case standing over the past few months, without meaningfully moving it forward. Plaintiffs' repeated procedural errors have again and again caused both the Court and opposing counsel to needlessly expend resources to clarify a chaos of Plaintiffs' own creation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0935 AG (ASx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS et al. v. BANK OF AMERICA, N.A. et al. | | |

**4. Plaintiffs' Failure to State a Claim**

Even setting aside the pile of procedural problems, many aspects of Plaintiffs' filings are troubling. As an initial matter, it appears Plaintiffs filed the FAC in violation of Federal Rule of Civil Procedure 15. A plaintiff has a right to amend its complaint as a matter of course, but only within 21 days of serving the complaint or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff can amend only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Plaintiffs filed their FAC outside of the period during which they could do so, without the leave of this Court or opposing counsel's written consent.

The content of the FAC, construed liberally, also causes concern. For example, in the FAC Plaintiffs asked the Court to "forcibly remove" their attorney from the case, despite the fact that their attorney had already withdrawn about two weeks earlier and is not a named defendant in the lawsuit. (FAC at 11.) There's also a section entitled "Request Judicial Notice and Seek Relief From Stay or Defend Against Restraining Orders." (*Id.* at 22.) This raises many unanswered questions. What do Plaintiffs want the Court to take judicial notice of? Why is such notice appropriate in the context of a complaint? What stay is this referring to? What restraining orders are relevant to this matter? What do Plaintiffs want the Court to do with those restraining orders? These are just a couple of examples of the FAC's flaws.

What's not in the FAC is even more troubling. The FAC is missing many basic elements of a complaint. Federal Rule of Civil Procedure 8 states that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' 25-page FAC—with 1876 pages of attachments—provides lots of things, but not "a short and plain statement." While Plaintiffs allege general wrongdoing, there is no clear assertion of any particular legal claim. Rule 8 also requires a complaint to contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Again, it's not clear what relief Plaintiffs specifically seek. Such pleadings do not give Defendants fair notice of what they're accused of or allow them to meaningfully respond. And such pleadings do not allow the Court to fulfill its duty "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-0935 AG (ASx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | MARSHALL SANDERS et al. v. BANK OF AMERICA, N.A. et al. | | |

### 5. Dismissal

Dismissal is appropriate for Plaintiffs' failure to state a claim. In the interest of justice, the Court is inclined to dismiss this case without allowing Plaintiffs leave to file a second amended complaint. Further, dismissal appears appropriate for Plaintiffs' failure to prosecute, failure to appear, failure to follow court orders, and failure to follow the Local Rules. The Court ORDERS Plaintiffs to appear on November 9, 2015, at 10:00 a.m. to show why this case should still be allowed to go forward. Defendants may present any arguments they have at that time as well. If Plaintiffs do not appear, the Court will dismiss the case without leave to amend and for the other reasons discussed in this Order.

### DISPOSITION

The Court ORDERS Plaintiffs to appear on November 9, 2015, at 10:00 a.m. to show good cause why this case should not be dismissed without leave to amend and for Plaintiffs' failure to prosecute, failure to appear, failure to follow court orders, and failure to follow the Local Rules.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |