Marshall Samuel Sanders, *Pro Se*
Lydia Ong Sanders, *Pro Se*
1621 Kensing Lane
Santa Ana, CA 92705-3074
Telephone: (714) 665-8012
Facsimile: (714) 665-8012
E-mail: marshallssander@yahoo.com

FILED
2015 NOV -6 PM 3: 22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY____

Marshall S. Sanders and Lydia O. Sanders, Trustee(s), or any Successor Trustee(s) of the Marshall and Lydia Sanders Trust Dated April 20, 1990, appearing as Trustees, *Pro Se*

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION-SANTA ANA

| | |
|---|---|
| Marshall S. Sanders and Lydia O. Sanders, Trustee(s) of the Marshall and Lydia Sanders Trust Dated April 20, 1990, <br><br>Plaintiffs, <br><br>vs. <br><br>Bank of America, N.A.; Wells Fargo Bank, N.A., as trustee, on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1; National Default Servicing Corporation; Select Portfolio Servicing, Inc.; and Does 1-20, <br><br>Defendants. | Case No.: 8:15-cv-00935-AG-AS <br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS** <br><br>Hearing date: December 7, 2015 <br>Time: 10:00 A.M. <br>Courtroom: 10D <br>Judge presiding: Hon. Andrew J. Guilford United States District Court, Orange County |

    1. Plaintiffs respectfully submit the instant Motion to Strike those portions of Defendants' Motions to Dismiss dealing with the effectiveness of Plaintiffs' rescission. The Supreme Court has already decided that. ***Jesinoski v. Countrywide Home Loans, Inc.***, 574 U.S. ___ (2015).

- 1 -
Motion to Strike

2. The record is devoid of any evidence that the parties attacking Plaintiffs here, the Defendants, are or ever were actual creditors.

3. Defendants lack standing to attack the rescission because their standing was only as good as them holding the note and mortgage, which are now void.

4. Plaintiffs reasonably believe that Defendants are using deception and distraction, a magician's act — getting the court to assume they are lenders or creditors when in fact nothing in the record supports that.

5. Defendants argued in multiple bankruptcy filings of both Plaintiffs, and in State court, and in an Adversary Proceeding, that none of Plaintiffs' foreclosure defenses were good because Defendants were "holders," not "creditors" (see Defendants' Motions to Dismiss denying that they are "creditors," and therefore, the Sanders' are out-of-luck because they sent their notice of rescission to the wrong party(ies)).

6. Post-rescission (on and after February 17, 2010), Defendants are "holders" of void instruments.

7. Defendants have been "holders" of void instruments since February 17, 2010 (see Plaintiffs' February 17, 2010 notice of rescission, attached here as Exhibit A and previously submitted to the Court as proof of rescission).

8. If anyone were going to be contesting the rescission they would have had to do the following:

(A) They must have been an injured party with standing—i.e., loss of finance charges on the loan along with fees etc. that they loaned or paid for (consideration). Such a party cannot rely on void instruments to establish standing.

(B) They must file an action within 20 days of receipt of the rescission.

(C) The action would need to allege that the borrower rescinded the loan improperly.

(D) The prayer for relief would be to enter an order vacating the rescission because of whatever reason they think is wrong.

9. A court cannot sidestep this issue and allow foreclosure to proceed (or set-up the homeowner to be foreclosed) without ever granting relief that was sought by the "holder" who is presumed as creditor. They do so without ever entering an order vacating the rescission, which means that the rescission is still standing and the note and mortgage are still void. This is just another "pretender" scenario. Either the courts are fooled or bluffed, deceived or allowing themselves to be deceived, or intentionally and knowingly participants in the ruse, aiding and abetting foreclosure and eviction under color of law, cloaked in judicial garb while "working" for the foreclosers.

10. Banks and courts are pretending that the rescission is not effective even though it clearly is effective by operation of law on the day of mailing, here, February 17, 2010, because the highest court in the land has accepted that with finality and unanimously.

11. Defendants are creatively attempting to avoid basic pleading requirements and using **motion practice** (and appeals) as a vehicle for sidestepping the basic requirements of getting relief in court. This is a perversion of Constitutional *procedural* Due Process and is being played out in the extreme in this Court. Hence Defendants' Motions to Dismiss should be struck with prejudice as raising issues that are **untimely** and on issues in which the **jurisdiction** of this Court has not been invoked.

12. Plaintiffs' Motion to Strike is based on **jurisdiction**, which can be raised *at any time*.

13. Defendants' Motion to Dismiss should be struck because it is a disguised effort to obtain relief without ever having filed a lawsuit alleging a short plain statement upon which relief could be granted.

14. By filing the instant Motion to Strike Plaintiffs' pray that the Court will redirect its focus to the *fact* of Plaintiffs' rescission, and not put form over substance, regardless of how "wrong" Plaintiffs' past sins against procedures may have been, after all, equity must be flexible if equity is to be done, not used as a sword to chop the head(s) off Pro Se litigants not Pro Se by choice but Pro Se because banks have preempted the field and "bought up" all of the attorneys that might have been available to represent Pro Se litigants, such as Plaintiffs here.

15. California, a state where the homeowner sues somebody to stop them from attempting to enforce the note and mortgage, where as here rescission is effective by operation of law yet no one, including the courts, cares, but the Supreme Court of the United States, standing and jurisdiction trump.

16. Plaintiffs argue that the Court lacks jurisdiction and Defendants lack standing, for all of the reasons enumerated above.

17. This "case" that does not belong in court, for Defendants have no standing, Plaintiffs under the Truth-in-Lending Act need not sue to effect rescission (*Jesinoski*) since the rescission was effective by operation of law, and the Court lacks jurisdiction since the instruments underlying the action are void by operation of law.

18. It is *not* Plaintiffs that are eating up judicial resources and unnecessarily causing the Court to have to hear this matter, *but Defendants*. Defendants have turned the Court into its tool to effect "law" contrary to the Supreme Court of the United States. This is a "game" to Defendants and a home to Plaintiffs.

19. It is *not* Plaintiffs who are gaming the system, *but Defendants*. Defendants do what they do, foreclose, evict, and destroy lives, communities and nations for a "living," and profit off it, but Plaintiffs seek to make a living, strengthen their community and their nation through actual physical

and mental labor that produces something other than toxic mortgage-engendered waste by-products, i.e., derivatives that suck the life and blood out of homes, families, communities and nations.

20. Legal procedure is stymied in this case, not because of Plaintiffs, but because of Defendants in fighting a fact, rescission, which was effective by operation of law on February 17, 2010. So, it is **_not_** Plaintiffs who are "fooling," dragging their feet, or in any way "stalling" or improperly using judicial resources, *but Defendants*. TILA does not require Plaintiffs to sue anyone. The fact that Plaintiffs are now in court is not because they wanted to, but because Defendants ignored the fact of rescission, foreclosed, and now, presumably, will evict, yet could not do so without the aid of the Court, which "aid" Defendants are not lawfully entitled to, and which aid, "if" it is handed to Defendants, constitutes abuse of judicial process in that the Court is a mere tool to aid and abet an illegal foreclosure on void instruments, as the *Shelley v. Kraemer* court was used by the Defendants there to enforce keep Blacks out of Chicago homes.

21. This "case" is not about substance but about **procedure perverted**, not because of Plaintiffs, but because Defendants are using this Court as its "private" tool to enforce a wrongful foreclosure and likely eviction where the "law" as in Shelley was only law until the U.S. Supreme Court halted what was a blatant "weapon" bludgeoning the rights of Negroes to any housing by court-enforcement of private, racially restrictive covenants. Similarly here, the U.S. Supreme Court has spoken on rescission loud and clear, but some courts have their ears impacted with wax, involuntarily or intentionally, yet the result is that, under color of law, as in *Shelley*, the Court is a mere tool of "private" banks, Defendants here, using its color of law, in violation of 42 U.S.C. § 1983, trampling the Truth-in-Lending Act as applied, and as promulgated, on its face, both a facially valid and valid as applied statute Congress intended to benefit the Sanders', and not benefit the

Court(s), and certainly not be used as a tool of the financial services industry to destroy lives, communities, and nations, not just the United States, but other nations as well, all under color of law.

22. This is legal procedure—not substantive arguments about why the banks (Defendants here) are horrible. California cases on standing and jurisdiction are replete with decisions well-known to the Court, not so well-known to Plaintiffs, but well-known by Defendants but which cases Defendants conveniently "forgot" to include in their Motions to Dismiss, which Motions to Dismiss have, apparently, based on the Court's "advance" Order even prior to argument set in the future, seemingly already decided based upon procedure (which as said here, is jurisdictionally invalid and gravely flawed, as this Court lacks jurisdiction to hear rescission since it was effective more than five (5) years ago and according to the U.S. Supreme Court, effective by operation of law. In other words, the rescission has the equivalent force and effect of a court having jurisdictional standing, which this Court lacks.

23. This Court might take the position that, "Mr. Sanders, Plaintiff, *you* sued them (Defendants), so how can the Court *not* have jurisdiction to hear arguments?" The answer is that if I sue you throwing a ball through my window, you can't "answer" or file a "motion to dismiss" on the basis that I ran over your bicycle. You must file a counterclaim. Defendants didn't do that. They did not file a counterclaim here. So there is no jurisdiction for this Court to hear what is in essence a "Motion" instead of affirmative pleading of facts, standing and prayer for relief. Plaintiffs see no way that they are not right on this in view of the Supreme Court's *Jesinoski* decision. Any other interpretation would mean that the Sanders' February 17, 2010 exercise of their Truth-in-Lending Act ("TILA") right of rescission was *not* effective **until a judge rules on it**—directly *opposite* to the law of the land (*Jesinoski*).

24. Plaintiffs, as this court pointed out, [was forced] to sue Defendants and resort to court for a Temporary Restraining Order ("TRO"), twice, and also, a Preliminary Injunction, neither of which acts Plaintiffs were required to do under TILA. But, Plaintiffs were forced to because Defendants were bent on foreclosing, and did foreclose. This Court, and other Courts, turned a deaf ear, TILA rescission notwithstanding.

25. Plaintiffs basis for suing included rescission, amongst other causes of action, one being, standing to challenge a failed securitization, which challenge is now pending before the California Supreme Court in *Yvanova*, *Keshtgar*, *Mendoza* and *Boyce*, and Sanders may just as well be there in spirit if not in person. Oral argument is set for December 2, 2015. This fact alone should give this Court pause, and this Court is urged to reserve ruling in this case pending the California Supreme Courts decision shortly, which decision does affect the 2009 late Assignment into the securitization pool claimed by Defendants, which Assignment (2009) has previously been provided to the court, by both sides. This fact, the 2009 "late" Assignment, even without TILA rescission, is fatal to Defendants' schemes to have this Court toss this case on procedure rather than substance, and well this Court can decide on procedure, not substance, justice and equity would be "tossed" too! This is not a case about procedure or substance, but about wild abuse of homeowners culminating in millions and millions of illegal foreclosures and evictions and the devastating effects those things are having on an entire nation and indeed the whole world.

26. Plaintiffs did not sue Defendants to make the rescission effective—hence Plaintiffs ***did not*** invoke the jurisdiction of the Court on that point. In fact, Plaintiffs' point is that Defendants are **NOT** the right parties to do anything and they have no standing and had no standing ab initio except as to the issue of why they were acting like creditors when they were not, and they admitted so in their Motion to Dismiss.

27. The fact that Plaintiffs sued Defendants for one thing doesn't mean they can "Defend" a case that was never filed and never needs to be filed—a lawsuit to make the rescission **effective**.

28. Defendants' Motions to Dismiss do not ask for the rescission to be **vacated**. Hence this Court's **jurisdiction** has **NOT** been invoked on that issue—neither side is pleading for relief that the rescission is either effective (Plaintiffs) or vacated (Defendants).

29. THAT is why this Court has not and can not enter an order vacating the rescission. And THAT means that the rescission is still effective and time has run out on the ability of anyone to file an action to vacate the rescission.

30. Thus DEFENDANTS are attempting to do a little sidestep—since they obviously don't have the ability to plead and prove that they are the creditors or that they are the representative of creditor X—they instead are trying the "everyone knows that…" defense so that they are not required to plead or prove facts that would show the *date of consummation*, adequacy of disclosures, etc.

31. The only way this Court or any court could have entered an order vacating the rescission would be by pleading facts that include the rescission is complete but wrongful.

32. The only way ANYONE could bring that claim for relief (vacating the rescission) is if they had standing—according to THEIR pleading and their proof. Defendants didn't do that here. Defendants are seeking to walk around the TILA rescission procedures despite the clear language of the statute and a unanimous Supreme Court decision.

33. Plaintiffs sued Defendants because Defendants were claiming to be holders of instruments entitling them to foreclose. Now that point is moot because the rescission was effective upon mailing (here, February 17, 2010) and the instruments they claim to "hold" (as "holders") are void anyway.

34. Thus it is improper for Defendants here (banks, servicers, trustees, etc.) to file anything in court "contesting" the effectiveness of the rescission or assuming that the rescission was wrongful

without filing a complaint alleging facts that establish standing, injury and the wrongful nature of the rescission. Defendants' arguments—that the rescission was wrongful or that it was somehow not effective because of no tender, no lawsuit, or time barred, are themselves ***time-barred***.

35. Hence Defendants' entire position is ***procedurally*** incorrect and should be struck. If Defendants want the relief of vacating the rescission, then they must bring a lawsuit to do that—just as the statute says (TILA). Since Defendants ***blew*** the statute (the time in which to bring a lawsuit to vacate Plaintiffs' rescission), not even the creditor can bring suit anymore and couldn't anyway because they were at no time the actual creditors or "injured parties" by the allegedly wrongful rescission. This Court has NOT had its jurisdiction invoked by Plaintiffs or Defendants as to whether the rescission was effective or should be vacated.

For all the above reasons, this court is urged to grant Plaintiffs' Motion to Strike Defendants' Motions to Dismiss.

DATED: November 6, 2015

                                          Marshall S. Sanders, Trustee
                                          *In Pro Per*

                                          Lydia O. Sanders, Trustee
                                          *In Pro Per*

## CERTIFICATE OF SERVICE

BY PERSONAL DELIVERY OR ELECTRONIC MAIL OR U.S. MAIL (PRECISE METHOD INDICATED NEXT TO JUDGE OR PARTY OR COUNSEL)

I, the undersigned, state that I am a citizen of the United States, a resident of the County of Orange, State of California, and that I am over the age of eighteen (18) years and not a party to the within cause; and that my residence address is 1621 Kensing Lane, Santa Ana, California 92705-3074.

I am readily familiar with the mailing practice in my neighborhood for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of daily affairs, correspondence is deposited with the United States Postal Service the same day it is submitted for mailing. On November 6, 2015, I served a true copy of:

## MOTION TO STRIKE

upon:

Hon. Andrew J. Guilford, 411 W. Fourth St., Courtroom 10D, Santa Ana, CA 92701 (through the Clerk's office)
Locke Lord, 300 S. Grand Avenue, Suite 2600, Los Angeles, CA 90071-3194: csison@lockelord.com; sdelrahim@lockelord.com; aileen.ocon@lockelord.com
Adam Frederick Summerfield, McGuire Woods LLP, 1800 Century Park East, Suite 900, Los Angeles, CA asummerfield@mcguirewoods.com

[XX] By Electronic Mail – serving the enclosed via e-mail transmission to each of the parties with an email address.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Santa Ana, California on November 6, 2015

_____
Starr Sanders